Todd M. Schneider (SBN 158253)
Jason H. Kim (SBN 220279)
Matthew S. Weiler (SBN 236052)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Email: tschneider@schneiderwallace.com
Email: jkim@schneiderwallace.com
Email: mweiler@schneiderwallace.com

Ryan J. Clarkson (SBN 257074)
Bahar Sodaify (SBN 289730)
Yana Hart (SBN 306499)
Christina N. Mirzaie (SBN 333274)
CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Telephone: (213) 788-4050
Email: rclarkson@clarksonlawfirm.com
Email: bsodaify@clarksonlawfirm.com
Email: yhart@clarksonlawfirm.com
Email: cmirzaie@clarksonlawfirm.com

*Counsel for Plaintiffs and the Proposed Class*

Kyle W. Roche (*pro hac vice*)
Richard Cipolla (*pro hac vice*)
Jolie Huang (*pro hac vice*)
**ROCHE FREEDMAN LLP**
99 Park Avenue, 19th Floor
New York, NY 10016
Telephone: (646) 970-7509
Email: kyle@rcfllp.com
Email: rcipolla@rcfllp.com
Email: jhuang@rcfllp.com

Velvel Freedman (*pro hac vice*)
Constantine P. Economides (*pro hac vice*)
**ROCHE FREEDMAN LLP**
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 971-5943
Email: vel@rcflp.com
Email: ceconomides@rcfllp.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAEEM SEIRAFI, EDARD BATON, ANTHONY COMILLA, BRETT DEENEY, AND ABRAHAM VILINGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEDGER SAS, SHOPIFY (USA) INC., and SHOPIFY INC.,<br><br>Defendants. | Case No. 3:21-cv-02470-EMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**<br><br>Judge: Hon. Edward M. Chen<br><br>Complaint filed: April 6, 2021<br>Trial Date: None |

## I.  INTRODUCTION

Plaintiffs oppose Defendants Ledger SAS, Shopify (USA) Inc., and Shopify Inc.'s (collectively "Defendants") Administrative Motion for Relief from Case Management Schedule. ECF No. 44. Contrary to the title of Defendants' motion, they are not seeking administrative relief under L.R. 7-11.[1] Rather, in substance they seek an indefinite stay of this entire case – both scheduling and discovery – until their unfiled motions to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) and 12(b)(2) are decided. They have fallen far short of the demanding standard required to justify a stay pending a motion to dismiss. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("A party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied" and this showing is not satisfied by arguing "in conclusory fashion that their motions to dismiss – some of which are yet to be filed – will succeed").

Defendants' failure to meet this standard is especially glaring because Defendants' motion is premature and speculative: there are no pending motions to dismiss and no pending discovery requests. There is no good cause to indefinitely delay the Rule 26(f) meeting, initial disclosures, case management conference, and discovery. Therefore, Defendants' motion should be denied.

## II.  PROCEDURAL HISTORY

Plaintiffs filed their initial Complaint on April 6, 2021. ECF No. 1. The Court then entered its Case Management Order on April 30, 2021, setting among other deadlines August 12, 2021 for the parties to file their Fed. R. Civ. Proc.26(f) report and August 19, 2021 for the initial case management conference. ECF No. 21. On June 1, 2021, the Court approved the parties' stipulation, setting June 9, 2021 as the deadline for Plaintiffs to file an amended complaint, July 26, 2021 for Defendants to respond, and briefing on Defendants' motions to dismiss to be completed by October 7, 2021. ECF No. 23. Plaintiffs filed their Amended Complaint on June 9, 2021. ECF No. 33.

---

[1] Local Rule 7-11 applies only to "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." Defendants are essentially seeking a stay of discovery, which is governed by Fed. R. Civ. Proc. 26(c) and, as set forth below, such motions are "generally disfavored." *Owens v. Donahue*, No. 10-cv-01886-WJM-KMT, 2011 U.S. Dist. LEXIS 56033, *3 (D. Colo. May 23, 2011).

## III.   ARGUMENT

### A.   Defendants Have Not Satisfied the Demanding Standard for a Stay

As this Court has stated "[t]here is no automatic stay of discovery pending a motion to dismiss." *Ehret v. Uber Techs., Inc.*, No. C-14-0113 EMC, 2014 U.S. Dist. LEXIS 103128, *1 (N.D. Cal. July 28, 2014) (denying stay of discovery pending a motion to dismiss). Motions to dismiss are routine and "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Gray*, 133 F.R.D. at 40. While Defendants argue that a successful motion to dismiss would result in no discovery or limited discovery, the same could be said about any case in which a motion to dismiss is filed. *See Espinelli v. Toyota Motor Sales, U.S.A., Inc.*, 2019 U.S. Dist. LEXIS 117567, *3 (E.D. Cal. July 15, 2019) ("courts have generally rejected parties' requests for a stay of discovery while a dispositive motion is pending.")

A stay pending a dispositive motion is only appropriate where a two-part test is satisfied. "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). "Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Id.* Defendants have not come close to satisfying either of these two prongs.

First, Defendants have not yet filed any motions to dismiss and offer only speculation as to whether and to what extent their planned motions to dismiss will dispose of the entire case as to some or all of them. The fact that no motions to dismiss, much less oppositions to such motions, have been yet filed is sufficient reason to deny Defendants' motion. *Singh v. Google, Inc.*, No. 16-cv-03734-BILF, 2016 U.S. Dist. U.S. Dist. LEXIS 153689, *5 (N.D. Cal. Nov. 4, 2016) (denying stay pending motion to dismiss because "Plaintiff has not yet responded to the motion to dismiss and thus, the Court cannot, by a 'preliminary peak,' assess the merits of the motion"). In the *Ehret* case, this Court followed this same procedure and "briefly reviewed" the briefs before denying a stay. Obviously, the Court cannot do so here. In the absence of even a "preliminary peak" at

Defendants' motions, the court is left to pure speculation, which is plainly insufficient to justify a stay. *See Gray*, 133 F.R.D. at 40 ( "[i]dle speculation does not satisfy Rule 26(c)'s good cause requirement").

Second, again because Defendants have not filed their motions, it is impossible to determine whether their motions can be decided absent additional discovery. As discussed further below, Plaintiffs have alleged a *prima facie* basis for personal jurisdiction over each of the three defendants. But even if the Court were to have any doubt about personal jurisdiction, Plaintiffs would be entitled to discovery on this issue. *See, e.g., Lenovo (United States) Inc. v. IPCom GmbH & Co., KG,* No. 19-cv-01389-EJD (VKD), 2020 U.S. Dist. LEXIS 26267, *10-13 (N.D. Cal. Feb. 14, 2020). Defendants' motion seeks to prohibit such discovery even before Defendants have provided any specifics about their challenge to personal jurisdiction and before Plaintiffs have had an opportunity to respond. This is wildly premature.

Defendants have not even attempted to satisfy the demanding standard for a stay. All they offer are conclusory generalities that "could apply to any reasonably large civil litigation." *Gray*, 133 F.R.D. at 40. For this reason alone, Defendants' motion should be denied.

## B.  Defendants' Anticipated Challenge to Personal Jurisdiction is Insufficient Justification for a Stay

The fact that Defendants intend to challenge personal jurisdiction is not justification for a stay. Courts have denied stays even where defendants challenge the jurisdiction of the court under the same standards set forth above. For example, the court denied a stay of discovery in *Power Integrations, Inc. v. Chan-Woong Park*, No. 16-cv-02366-BLF, 2016 U.S. Dist. LEXIS 166912, *5 (N.D. Cal. Dec. 2, 2016) where the defendant challenged both personal and subject matter jurisdiction. The court after a "preliminary peak" denied the motion because the "issues of subject matter and personal jurisdiction are the subjects of reasonable dispute"." *Id.* As set forth above, because Defendants' motions have not been filed, this Court cannot make even a preliminary assessment of the merits of those motions and there is no basis for a stay. *See also Canter & Assoc., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 U.S. Dist. LEXIS 108532, *3-4, n. 2 (N.D. Cal. Jan. 22, 2008) (ordering defendant to meet and confer on protective order even though it challenged

1   subject matter jurisdiction and noting that "it is unlikely that the Court would have accepted an

2   argument that initial disclosures could be delayed until federal jurisdiction is established").

3          Indeed, it is highly unlikely that any of Defendants' personal jurisdiction challenges will be

4   successful. In their Amended Complaint, Plaintiffs have alleged a *prima facie* case for personal

5   jurisdiction against all three defendants. The data breach that led to Ledger and Shopify disclosing

6   Plaintiffs' and Class Members' personal information occurred in California. Am. Compl. ¶¶ 80-81.

7   Moreover, "Defendants' center of business activities – their essential operations that allowed them

8   to conduct business in the states are in California (San Francisco). Thus, Ledger and Shopify's

9   breach of their duties to Plaintiffs and the Class(es) emanated from California." *Id.*. ¶¶ 27-30 &

10  164. Finally, Defendants knew that Ledger's products were being sold in California because, as

11  part of the process of purchasing Ledger's products, plaintiffs (including one who resides in

12  California) provided physical addresses. *Id.*, ¶ 16. *See Tan v. Quick Box, LLC*, No. 3:20-cv-01082-

13  H-DEB, 2020 U.S. Dist. LEXIS 230427, *33 (S.D. Cal. Dec. 8, 2020) (personal jurisdiction under

14  a "purposeful direction" test is shown when a defendant "knew its shipments were going to

15  California consumers by virtue of the California shipping addresses"). In short, Defendants

16  "purposefully directed" their conduct towards this forum so as to satisfy the minimum contacts test.

17  *See In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices & Prods. Liab. Litig*., 295 F.

18  Supp. 3d 927, 1029 (N.D. Cal. 2018) (emissions cheating scheme was "purposefully directed at the

19  United States so as to constitute minimum contacts.")

20         In any event, Defendants have not even attempted to show that their personal jurisdiction

21  challenges will be meritorious, will be able to be decided without discovery, or will be dispositive

22  (*i.e.* that no potential amendment could establish personal jurisdiction). Thus, their motion should

23  be denied.

24         **C.     Defendants Have Established No Prejudice and a Stay Will Prejudice Plaintiffs**

25         Because no discovery requests are pending, Defendants have failed to demonstrate any

26  specific prejudice or burden from allowing this case to proceed as scheduled. *See Singh,* 2016 U.S.

27  Dist. LEXIS 153689, at *5 (denying stay pending motion to dismiss where "Google fails to identify

28  any discovery burdens, and offers no particular or specific facts to support its assertion that a stay

would be necessary to spare the parties or the Court from the 'burden' of discovery"). All that is known right now is that, under the current case schedule, Defendants will have to participate in a Rule 26(f) meeting, serve their initial disclosures, and attend a case management conference. This does not establish any substantial prejudice or burden. When Plaintiffs make specific discovery requests to Defendants, Defendants can object and/or seek a protective order. *See Gray*, 133 F.R.D. at 40 (while motion to dismiss was pending, "defendants may only seek to attack the discovery requests by means of objections, if appropriate, as provided in the Federal Rules.")

Plaintiffs, on the other hand, will be substantially prejudiced by a several-months stay while Defendants' motions are pending. The schedule agreed to by the parties provides that briefing will not be completed for three months. The motions will then need to be set for hearing and the Court may take several weeks or months to decide the motions. Cumulatively, this could cause a delay of several months in beginning discovery. At a minimum, the parties and the Court could use the time while Defendants' motions are pending to: (1) complete the pre-requisites to discovery, such as conducting the Rule 26(f) meeting and serving initial disclosures; (2) set the case schedule; (3) address preliminary matters such as protective orders and ESI protocols; and (4) send litigation hold requests to third parties disclosed in the initial disclosures. If Defendants' motion for a stay is granted, all these preliminary matters would need to await this Court's decision on the motions to dismiss, thus unnecessarily delaying the disposition of this case, and inevitably destroying relevant evidence that maybe in possession of third parties.

Especially at this stage of the case, where no discovery is pending, Defendants have not shown any prejudice or burden from proceeding with the current case schedule that would outweigh the prejudice to Plaintiffs from delay. Thus, Defendants' motion should be denied.

## IV.   CONCLUSION

For the foregoing reasons, Defendants Ledger SAS, Shopify (USA) Inc., and Shopify Inc.'s (collectively "Defendants") Administrative Motion for Relief from Case Management Schedule should be denied.

July 6, 2021

Respectfully submitted,

*/s/ Jason H. Kim*
Todd M. Schneider
Jason H. Kim
Matthew S. Weiler
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com

Ryan J. Clarkson (SBN 257074)
Bahar Sodaify (SBN 289730)
Yana Hart (SBN 306499)
Christina N. Mirzaie (SBN 333274)
CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Telephone: (213) 788-4050
rclarkson@clarksonlawfirm.com
bsodaify@clarksonlawfirm.com
yhart@clarksonlawfirm.com
cmirzaie@clarksonlawfirm.com

Kyle W. Roche
Richard Cipolla
Jolie Huang
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
Telephone: (646) 970-7509
kyle@rcfllp.com
rcipolla@rcfllp.com
jhuang@rcfllp.com

Velvel Freedman
Constantine P. Economides
ROCHE FREEDMAN LLP
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 971-5943
vel@rcflp.com
ceconomides@rcfllp.com

*Counsel for Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I hereby certify that I electronically filed the foregoing document(s) with the Clerk

3

of the Court for the United States District Court, Northern District of CA, by using the

4

Court's CM/ECF system on July 6, 2021.

5

I certify that all participants in the case are registered CM/ECF users and that service

6

will be accomplished by the Court's CM/ECF system.

7

**FILER'S ATTESTATION**

8

Pursuant to Local Rule 5-1(i)(3) of the Northern District of California, regarding

9

signatures, I, Matthew S. Weiler, attest that concurrence in the filing of this document has

10

been obtained.

11

Executed in Moraga, California on July 6, 2021.

12

13

*/s/ Matthew S. Weiler*

14

Matthew S. Weiler

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPP'N TO DEFS.' ADMIN. MOTION

Case No. 21-cv-02470-EMC