DOUGLAS H. MEAL (admitted *pro hac vice*)
dmeal@orrick.com
SETH HARRINGTON (admitted *pro hac vice*)
sharrington@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street
Suite 2000
Boston, MA  02116-3740
Telephone:	+1 617 880 1800
Facsimile:	+1 617 880 1801

MICHELLE VISSER (CA BAR NO. 277509)
mvisser@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:	+1 415 773 5518
Facsimile:	+1 415 773 5759

Attorneys for Defendants
Shopify (USA) Inc. and Shopify Inc.

(*Additional counsel listed on signature page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Naeem Seirafi, Edward Baton, Anthony Comilla, Brett Deeney, and Abraham Vilinger, Individually and on Behalf of All Other Similarly Situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>Ledger SAS, Shopify (USA) Inc., and Shopify Inc.,<br><br>            Defendants. | Case No. 3:21-CV-02470<br><br>**DEFENDANTS LEDGER SAS, SHOPIFY (USA) INC., AND SHOPIFY INC.'S ADMINISTRATIVE MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE PURSUANT TO LOCAL RULES 6-3 AND 16-2(d) AND [PROPOSED] ORDER**<br><br>Judge:     Hon. Edward M. Chen<br><br>Complaint filed: April 6, 2021<br>Trial date: none |

Pursuant to Local Civil Rules 6-3, 7-11, and 16-2(d), Defendants Ledger SAS ("Ledger"), Shopify (USA) Inc. ("Shopify USA"), and Shopify Inc. respectfully request that the Court modify its Case Management Conference Order in Reassigned Case (the "CMC Order") (ECF No. 21) by continuing the Initial Case Management Conference ("CMC") and related deadlines until after briefing and hearing on Defendants' forthcoming motions to dismiss Plaintiffs' First Amended Class Action Complaint ("FAC") (ECF No. 33).

Maintaining the current schedule for the CMC will substantially harm Defendants as it will require foreign corporations that contend this Court does not have personal jurisdiction over them to partake in United States discovery procedures pursuant to Federal Rule of Civil Procedure 26 before their motions to dismiss for lack of personal jurisdiction are decided. Moreover, requiring the parties prior to that time to meet and confer to develop a case schedule and discovery plan and prepare the associated Rule 26(f) Report is an exercise in futility, as it is currently unknown whether, and if so which of, the parties and claims will still be in the case once the motions to dismiss are decided and the case schedule and discovery plan becomes operative. Thus, modifying the CMC Order would also be the most efficient use of the parties' and the Court's resources.

**I.   BACKGROUND**

Plaintiffs filed this action on April 6, 2021 (ECF No. 1). After the case was assigned to this Court, the Court entered the CMC Order on April 30, 2021 (ECF No. 21), which set the following deadlines:

- July 29, 2021: Parties to meet and confer under Rule 26(f) and file an ADR Certification;
- August 12, 2021: Parties to file a Rule 26(f) Report; and
- August 19, 2021: Initial Case Management Conference.

On June 1, 2021, the Court entered an order granting the parties' stipulation (ECF No. 23), setting the following deadlines for the filing of Plaintiffs' amended Complaint and Defendants' responsive pleading:

- June 9, 2021: Plaintiffs' amended Complaint due;
- July 26, 2021: Defendants' responsive pleading due;
- September 9, 2021: Plaintiffs' opposition(s) to any motion(s) to dismiss due; and
- October 7, 2021: Defendants' reply brief(s) in support of any motion(s) to dismiss due.

On June 9, 2021, Plaintiffs filed the FAC (ECF No. 33). Defendants intend to move to dismiss Plaintiffs' FAC on July 26, 2021, and to notice their motions for hearing on Thursday, October 21, 2021, or any later date convenient for the Court, in accordance with the joint stipulation (ECF No. 22). (Harrington Decl. ¶¶ 2-3; Patel Decl. ¶ 2.) In their motions to dismiss, Defendants intend to challenge the Court's personal jurisdiction over each Defendant in addition to the FAC's failure to state a claim. (Harrington Decl. ¶ 4, Patel Decl. ¶ 2.)

On May 18, 2021, Ledger's counsel relayed to Plaintiffs' counsel that Defendants would like to jointly request rescheduling the initial Case Management Conference ("CMC"). (Harrington Decl. ¶ 7, Ex. A; Patel Decl. ¶ 3.) On May 21, Plaintiffs' counsel agreed to make this joint request. *Id.* As per that agreement, Defendants drafted a joint stipulation to continue the CMC until after the Court has ruled on Defendants' forthcoming motions to dismiss and to reschedule the other deadlines in the CMC Order accordingly. *Id.* Defendants submitted this draft stipulation to Plaintiffs' counsel on June 16. (Harrington Decl. ¶ 8, Ex. B; Patel Decl. ¶ 4.) On June 17, Plaintiffs' counsel conveyed that Plaintiffs had changed their position and now believed that the CMC and corresponding deadlines should remain in place as currently scheduled. *Id.* In advance of filing the instant administrative motion, Defendants' counsel notified Plaintiffs' counsel that Defendants intended to so move but were open to meeting and conferring if Plaintiffs were willing to consider stipulating to rescheduling the CMC to a date after hearing on the motions to dismiss. (Harrington Decl. ¶ 10, Ex. B; Patel Decl. ¶ 4). Plaintiffs' counsel responded that Plaintiffs' position has not changed and agreed that "a meet and confer is not necessary and that [Defendants have] met any pre-filing obligations in that regard." *Id.*

## II. LEGAL ARGUMENT

Defendants submit that the CMC and related deadlines set in the CMC Order should be reset for good cause shown. As currently set, the CMC is scheduled to be held in the middle of motion to dismiss briefing — after Defendants' motions have been filed and three weeks before Plaintiffs' opposition briefs are due. Holding the CMC before the Court can rule on the motions to dismiss would require the parties to engage in discovery efforts pursuant to Federal Rule of Civil Procedure 26(a)(1)(C) that will ultimately be wasted if the Court grants the motions. (Harrington Decl. ¶ 5; Patel Decl. ¶ 5.) Indeed, even if the Court dismisses some of the Defendants or some of Plaintiffs' claims, any discovery efforts undertaken in the meantime as to any dismissed Defendant(s) or claim(s) would turn out to have been unnecessary.

Moreover, at the present time, when the parties and claims that will in fact proceed are unknown, it is impossible as a practical matter for the parties to meet and confer regarding "the possibilities for promptly settling or resolving the case" and "develop a proposed discovery plan", as required by Federal Rule of Civil Procedure 26(f)(2). (Harrington Decl. ¶ 6; Patel Decl. ¶ 5.) For the parties nonetheless to engage in a Rule 26(f) conference before the Court has ruled on the motions to dismiss would thus be an exercise in futility, whereas delaying that conference and the CMC until such time as the parties and the Court understand the scope of the remaining claims against the remaining Defendant(s), if any, would make both the Rule 26(f) conference and the CMC far more efficient and productive. (Harrington Decl. ¶ 6; Patel Decl. ¶¶ 5-6.)

More importantly, the Court should also reschedule the CMC and its related dates because each Defendant intends to argue that the court lacks personal jurisdiction over it. (Harrington Decl. ¶ 4; Patel Decl. ¶ 6.) The current CMC-related schedule would require Defendants—all of which are non-US based corporations, (Plaintiffs' First Amended Class Action Complaint ¶¶ 21, 23-24 (ECF No. 33))—to engage in discovery under U.S. civil procedure rules without this Court's first determining that it has personal jurisdiction over them as to the claims made against them. Such an outcome would substantially harm Defendants. (Harrington Decl. ¶ 7; Patel Decl. ¶ 6.)

Additionally, Plaintiffs have not presented Defendants with any well-founded justification

1  for proceeding with the current schedule set in the CMC Order.  In fact, Plaintiffs' counsel
2  initially agreed to seek a continuance of the CMC at least until briefing on the motions to dismiss
3  had concluded (e.g., after October 7, 2021).  (*See* Harrington Decl., Ex. A.)  But when Defendants
4  circulated a stipulation memorializing this agreement, Plaintiffs' counsel reversed course.  In
5  seeking to justify their change of heart, Plaintiffs' counsel asserted that claims included in the
6  FAC "originated in February 2021, and we don't see a need for delay." (Harrington Decl., Ex. B.)
7  The February 2021 claims referenced by Plaintiffs' counsel, however, were not in this action at
8  that time, but rather in a separate action in the Central District of California brought by only one
9  of the five named plaintiffs in this action (Naeem Seirafi) against only one of the defendants in
10 this action (Ledger).  *See Seirafi v. Ledger Tech., Inc., et al.*, Case No. 2:2021-cv-01692 (C.D.
11 Cal. Feb. 23, 2021).  Mr. Seirafi was not a named plaintiff before this Court until the FAC was
12 filed (*compare* Class Action Complaint (ECF No. 1) *to* FAC (ECF No. 33)), and neither Shopify
13 Defendant was named in Mr. Seirafi's Central District of California action.  Moreover, the
14 Central District of California action and the February 2021 claims asserted therein were
15 *voluntarily dismissed* by Mr. Seirafi on May 19, 2021.  *See* Notice of Voluntary Dismissal,
16 *Seirafi*, Case No. 2:2021-cv-01692, (ECF No. 22).  The February 2021 claims asserted in Central
17 District of California action are thus utterly irrelevant to what the case schedule should be in *this*
18 action.  Nor have Plaintiffs identified why continuing the CMC and related deadlines would
19 prejudice them.  In fact, as noted above, extending these deadlines will conserve Plaintiffs'
20 resources in the event that the Court dismisses some or all of the Defendants or Plaintiffs' claims.

21 **III.   CONCLUSION**

22      Based on the foregoing, Defendants respectfully request the following modification to the
23 CMC Order:

24      ï   The parties' deadline to meet and confer under Rule 26(f) and file an ADR
25 Certification shall be extended from July 29, 2021, to November 10, 2021 (which is 20 days after
26 the October 21, 2021 date on which Defendants' motions to dismiss will be noticed for hearing)
27 or to such later date that will provide the Court sufficient time to rule on Defendants' motions to
28

1 | dismiss prior to the Rule 26(f) conference;

2 | ï  The parties' deadline to file a Rule 26(f) Report shall be extended from August 12, 2021, to fourteen days after the revised deadline the Court sets for the parties to meet and confer under Rule 26(f) and file an ADR certification;

ï  The Initial Case Management Conference shall be continued from August 19, 2021, to seven days after the revised deadline the Court sets for the parties to file a Rule 26(f) Report.

Dated: July 1, 2021

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Seth Harrington*
Douglas H. Meal
Seth Harrington
Michelle Visser

***Attorneys for Defendants
Shopify (USA) Inc. and Shopify Inc.***

MORRISON & FOERSTER LLP

By: */s/ Purvi G. Patel*
Purvi G. Patel
ppatel@mofo.com
Kelsey Harrison
kharrison@mofo.com
Jovanna Bubar
jbubar@mofo.com
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017
Tel. 213-892-5200
Fax. 213-892-5454

Mark David McPherson
mmcpherson@mofo.com
425 Market Street
San Francisco, CA 91405
Tel. 415-268-7000
Fax. 415-268-7522

*Attorneys for Specially Appearing Defendant Ledger SAS*

**[PROPOSED] ORDER**

The Court, having considered Defendants Ledger SAS, Shopify (USA) Inc., and Shopify Inc.'s Administrative Motion For Relief From Case Management Schedule Pursuant to Local Rules 6-3, 7-11, and 16-2(d); the Declarations of Seth C. Harrington and Purvi G. Patel in support thereof, and records on file in this action, hereby orders as follows:

Defendants' Motion is GRANTED.

For good cause shown, the Case Management Conference Order in Reassigned Case (ECF No. 21) is modified as follows:

- The parties' deadline to meet and confer under Rule 26(f) and file an ADR Certification shall be extended from July 29, 2021, to November 10, 2021 (which is 20 days after the October 21, 2021 date on which Defendants' motions to dismiss will be noticed for hearing) or to such later date that will provide the Court sufficient time to rule on Defendants' motions to dismiss prior to the Rule 26(f) conference;

- The parties' deadline to file a Rule 26(f) Report shall be extended from August 12, 2021, to fourteen days after the revised deadline the Court sets for the parties to meet and confer under Rule 26(f) and file an ADR certification;

- The Initial Case Management Conference shall be continued from August 19, 2021, to seven days after the revised deadline the Court sets for the parties to file a Rule 26(f) Report.

IT IS SO ORDERED.

Dated: July 12, 2021

_____
The Honorable Edward M. Chen
United States District Judge