DOUGLAS H. MEAL (admitted *pro hac vice*)
dmeal@orrick.com
SETH HARRINGTON (admitted *pro hac vice*)
sharrington@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street
Suite 2000
Boston, MA  02116-3740
Telephone:    +1 617 880 1800
Facsimile:    +1 617 880 1801

MICHELLE VISSER (CA BAR NO. 277509)
mvisser@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5518
Facsimile:    +1 415 773 5759

Attorneys for Defendants
Shopify (USA) Inc. and Shopify Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NAEEM SEIRAFI, EDWARD BATON, ANTHONY COMILLA, BRETT DEENEY, and ABRAHAM VILINGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEDGER SAS, SHOPIFY (USA) INC., and SHOPIFY INC.,<br><br>Defendants. | Case No. 21-cv-02470-EMC<br><br>**DEFENDANT SHOPIFY (USA) INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**<br><br>Date:      October 21, 2021<br>Time:      1:30 p.m.<br>Location:  Courtroom 5, 17th Floor<br>              450 Golden Gate Ave.<br>              San Francisco, California<br><br>Judge:     The Honorable Edward Chen |

1

**NOTICE OF MOTION TO DISMISS**

2

**PLEASE TAKE NOTICE** that on October 21, 2021 at 1:30 p.m., or as soon thereafter as

3

the matter may be heard in Courtroom 5 (17th Floor) of the above-entitled court, located at 450

4

Golden Gate Avenue, San Francisco, California 94102, defendant Shopify (USA) Inc. ("Shopify

5

USA") will, and hereby does, move the Court under Federal Rules of Civil Procedure 12(b)(2), 8,

6

and 12(b)(6) for an order dismissing the First Amended Class Action Complaint ("FAC") (ECF No.

7

33) of plaintiffs Naeem Seirafi, Edward Baton, Anthony Comilla, Brett Deeney, and Abraham

8

Villinger (together "Plaintiffs").   This motion is based on this notice, the concurrently filed

9

memorandum of points and authorities and declaration of Sarah Harris-John, and all other facts the

10

court may or should take notice of, all files, records, and proceedings in this case, and any oral

11

argument the Court may entertain.

12

**STATEMENT OF RELIEF SOUGHT (CIVIL L.R. 7-2(B)(3)).**  Shopify USA seeks an

13

Order pursuant to Federal Rule of Civil Procedure 12(b)(2) dismissing the FAC for lack of personal

14

jurisdiction or, in the alternative, pursuant to Federal Rule of Civil Procedure 8(a)(2) for failure to

15

provide adequate notice of the claims against Shopify USA or, in the further alternative, pursuant

16

to Federal Rule of Civil Procedure 12(b)(6) dismissing the FAC for failure to state a claim upon

17

which relief can be granted.

18

19

Dated: July 26, 2021                                  ORRICK, HERRINGTON & SUTCLIFFE LLP

20

21

By: */s/ Douglas H. Meal*

22

DOUGLAS H. MEAL
SETH C. HARRINGTON

23

MICHELLE VISSER
Attorneys for Defendants

24

Shopify (USA), Inc. and Shopify Inc.

25

26

27

28

i

# TABLE OF CONTENTS

**Page**

I.      STATEMENT OF ISSUES TO BE DECIDED (CIVIL L.R. 7-4(A)(3)) ........................ 2

II.     SUMMARY OF RELEVANT FACTS ................................................ 2

III.    LEGAL STANDARD ............................................................ 3

IV.     ARGUMENT .................................................................. 4

    A.      This Court Lacks Jurisdiction over Shopify USA ................................ 4

        1.      *This Court lacks general jurisdiction over Shopify USA.* ................... 5

        2.      *This Court also lacks specific jurisdiction over Shopify USA.* .................. 8

    B.      The FAC Violates Rule 8 Because It Fails to Distinguish Between Shopify USA and Shopify Inc. in Describing Defendants' Supposedly Unlawful Conduct. ................................................................ 10

    C.      The Complaint Fails to State a Claim Against Shopify USA. ...................... 11

        1.      *Plaintiffs fail to state a claim for negligence or negligence per se.* .......... 12

            a.      Shopify USA owed plaintiffs no duty in negligence to protect them from harm imposed by criminal actors. .................. 12

            b.      Plaintiffs fails to plead a breach of any duty in common-law negligence that Shopify USA may have owed them. ................... 13

            c.      Plaintiffs fail to plead proximate cause connecting any action by Shopify USA to their alleged injuries. ...................... 13

            d.      Plaintiffs fail to plead any actionable injury caused by any alleged violation of an applicable standard of care. ................... 13

        2.      *Plaintiffs fail to state a claim for deceit by concealment against Shopify USA.* ........................................................... 13

        3.      *Plaintiffs' claim for a declaratory judgment and injunctive relief cannot survive as to Shopify USA.* .......................................... 14

V.      CONCLUSION ............................................................... 14

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adams v. Johnson,*
    355 F.3d 1179 (9th Cir. 2004)................................................................................. 5

*Adobe Sys. Inc. v Blue Source Grp., Inc.,*
    125 F. Supp. 3d 945 (N.D. Cal. 2015) ................................................................... 11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................................ 4, 5

*Austin v. Budget Rental Car, Inc.,*
    2020 WL 8614183 (N.D. Cal. 2020)..................................................................... 12

*Ballard v. Savage,*
    65 F.3d 1495 (9th Cir. 1995)................................................................................... 9

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................................ 5

*BNSF Ry. Co. v. Tyrrell,*
    137 S. Ct. 1549 (2017) ........................................................................................ 5, 7

*Bravo v. Cnty. of San Diego,*
    2014 WL 555195 (N.D. Cal. 2014)........................................................... 4, 11, 12

*Caces-Tiamson v. Equifax,*
    2020 WL 1322889 (N.D. Cal. 2020)..................................................................... 8, 9

*CollegeSource, Inc. v. AcademyOne, Inc.,*
    653 F.3d 1066 (9th Cir. 2011) ................................................................................ 6

*Corales v. Bennett,*
    567 F.3d 554, 572 (9th Cir. 2009) ........................................................................ 13

*Daimler AG v. Bauman,*
    571 U.S. 117 (2014) ................................................................................................ 5

*Dent v. Nat'l Football League,*
    968 F.3d 1126 (9th Cir. 2020)............................................................................... 12

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.,*
    141 S. Ct. 1017 (2021) ............................................................................................ 9

DEFENDANT SHOPIFY (USA) INC.'S
MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED CLASS ACTION COMPLAINT
21-cv-02470-EMC

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*,
    905 F.3d 597 (9th Cir. 2018) ........................................................................................ 8

*Gen-Probe, Inc. v. Amoco Corp.*,
    926 F. Supp. 948 (S.D. Cal. 1996) ............................................................................... 11

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ........................................................................................................ 5

*Lobstein v. Washington Mut. Mortg. Pass-Through Certificates WMALT Series 2007-OC1*,
    2020 WL 3964788 (C.D. Cal. 2020) ............................................................................ 12

*Martinez v. Aero Caribbean*,
    764 F.3d 1062 (9th Cir. 2014) ....................................................................................... 5

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
    647 F.3d 1218 (9th Cir. 2011) ....................................................................................... 5

*Massie v. Gen. Motors Co.*,
    2021 WL 2142728 (E.D. Cal. 2021) .............................................................................. 9

*McHenry v. Renne*,
    84 F.3d 1172 (9th Cir. 1996) ......................................................................................... 4

*Papasan v. Allain*,
    478 U.S. 265 (1986) ...................................................................................................... 5

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006) ....................................................................................... 4

*Pestmaster Franchise Network, Inc. v. Mata*,
    2017 WL 1956927 (N.D. Cal. 2017) .............................................................................. 5

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ....................................................................................... 8

*Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*,
    60 F. Supp. 3d 21 (D.D.C. 2014) .................................................................................. 6

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ......................................................................................... 5

*SKAPA Holdings LLC v. Seitz*,
    2021 WL 672091 (D. Ariz. 2021) ................................................................................ 10

*In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*,
    2020 WL 2214152 (S.D. Cal. 2020) ............................................................................ 13

*Stewart v. Screen Gems-EMI Music, Inc.*,
   81 F. Supp. 3d 938 (N.D. Cal. 2015) ........................................................................... 4

*Walden v. Fiore*,
   571 U.S. 277 (2014) ..................................................................................................... 10

*Wells Fargo & Co. v. Wells Fargo Express Co.*,
   556 F.2d 406 (9th Cir. 1977) ......................................................................................... 6

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
   433 F.3d 1199 (9th Cir. 2006) ....................................................................................... 5

*Young v. Actions Semiconductor Co., Ltd.*,
   386 F. App'x 623 (9th Cir. 2010) ................................................................................... 9

*Young v. Daimler AG*,
   228 Cal. App. 4th 855 (2014) ......................................................................................... 6

**Statutes**

Cal. Civ. Proc. Code § 410.10 ............................................................................................ 5

**Rules**

Fed. R. Civ. P. 8 ............................................................................................ 2, 4, 11, 12

Fed. R. Civ. P. 12(b)(2) ............................................................................................ 1, 2, 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 2, 4

Fed. R. Civ. P. 41(b) ............................................................................................ 12

Plaintiffs' claims arise from an incident in which criminal actors exploited the computer systems of what Plaintiffs' First Amended Complaint ("FAC") labels as "Shopify" – a fictitious entity in which Shopify (USA) Inc. ("Shopify USA") is lumped together with its ultimate parent company and co-defendant, Shopify Inc.  According to the FAC, the criminals who perpetrated this incident stole certain information that Plaintiffs had provided to Defendant Ledger (SAS), which information the criminals then made available on the dark web, purportedly enabling other criminals to use the stolen information to target Plaintiffs and their crypto assets.  "Shopify" is liable for these criminal actions, according to the FAC, because the criminals stole the information in question from the Ledger (SAS) website that Ledger (SAS) had contracted with "Shopify" to host on the "Shopify" platform that "Shopify" makes available to e-commerce merchants such as Ledger (SAS).

Despite Plaintiffs' attempt to treat Shopify USA and Shopify Inc. as a singular actor in their theory of liability, Shopify USA is a wholly separate entity from Shopify Inc. that does not contract with or furnish e-commerce services to Shopify Inc.'s merchants, such as Ledger (SAS), and thus is not responsible for handling customer data, such as that of Plaintiffs.  There is therefore no basis for Shopify USA to be named in this action, which arises out of an alleged data security incident related to Shopify Inc.'s e-commerce platform, Ledger (SAS)'s website on that platform, and Plaintiffs' information stored on that website.  Nonetheless, apparently recognizing that they cannot establish personal jurisdiction over Shopify Inc., a Canadian corporation, Plaintiffs bring their claims against both Shopify Inc. and Shopify USA, despite Shopify USA's having no relationship whatsoever to the Plaintiffs, Ledger (SAS), or the incident giving rise to this dispute.

The FAC should be dismissed as to Shopify USA for three separate reasons.  First, the FAC must be dismissed as to Shopify USA under Rule 12(b)(2) for failure to allege sufficient facts to establish personal jurisdiction over Shopify USA in this forum.  Shopify USA does not have sufficient contacts with California to establish general jurisdiction over it, nor have Plaintiffs plausibly alleged facts to sustain any assertion of specific jurisdiction.

Alternatively, the FAC should be dismissed as to Shopify USA for failure to meet Rule 8's

notice pleading requirement because it impermissibly groups two separate entities, Shopify Inc. and Shopify USA, together into one fictitious "Shopify" entity, with no regard for their legal and functional separateness.  As explained in detail in Shopify Inc.'s Motion to Dismiss Plaintiffs' FAC filed concurrently herewith, Plaintiffs do not (and cannot) sufficiently allege that Shopify USA and Shopify Inc. are alter egos.  There is no basis for the FAC's treatment of the two companies as a single entity, which leaves Shopify USA without notice of which (if any) of the FAC's allegations are specific to Shopify USA as opposed to Shopify Inc.  Because the FAC does not give Shopify USA fair notice of the claims against it as required by Rule 8, the FAC should be dismissed in its entirety as to Shopify USA.

Alternatively, the FAC should be dismissed as to Shopify USA for failure to state a claim under Rule 12(b)(6), as the FAC fails to plausibly allege claims as to Shopify USA for negligence, negligence per se, deceit by concealment, or declaratory judgment and injunctive relief.

## I.      STATEMENT OF ISSUES TO BE DECIDED (CIVIL L.R. 7-4(a)(3))

Shopify USA seeks a Rule 12(b)(2) dismissal of the FAC because this Court lacks either general or specific jurisdiction over Shopify USA.  Shopify USA seeks in the alternative dismissal under Rule 8 for failure to plead facts showing that Shopify USA caused Plaintiffs' alleged harm.  Shopify USA seeks in the further alternative a Rule 12(b)(6) dismissal as Plaintiffs' causes of action for negligence, negligence per se, deceit by concealment, and declaratory judgment and injunctive relief all fail to allege facts sufficient to state a plausible claim for relief against Shopify USA.

## II.     SUMMARY OF RELEVANT FACTS

Shopify USA is a Delaware corporation that provides services and support to various aspects of Shopify Inc.'s business, such as messaging and mobile applications that merchants can use to improve their marketing and customer service, as well as support for shipping-related services.  Declaration of Sarah Harris-John ("Harris-John Decl.") ¶¶ 3, 6.  Shopify USA has never had a business relationship with Defendant Ledger (SAS) ("Ledger").  Harris-John Decl. ¶ 6.

From the time Shopify USA was acquired by a Shopify Inc. subsidiary in 2016, until December 2020, all its executive officers were located in Ontario, Canada.  Harris-John Decl. ¶ 5. On December 22, 2020, an individual located in New York assumed the roles of Chief Executive

1    Officer and Chief Financial Officer previously held by individuals located in Ontario.  *Id.*  For a

2    period of time after 2016 Shopify USA continued to maintain an office at 33 New Montgomery

3    Street, Suite 750, San Francisco, CA.  Harris-John Decl. ¶ 3.  That office was closed in May 2020,

4    however, as a result of the COVID-19 pandemic.  *Id.*

5           According to the FAC, Shopify Inc. announced on September 22, 2020 that it had recently

6    discovered that "two rogue members of [its] support team were engaged in a scheme to obtain

7    customer transactional records of certain merchants" (the "Shopify Incident").  FAC ¶ 79.  These

8    individuals "took advantage of Shopify[ Inc.]'s access to the personal information of Ledger's

9    customers and acquired and exported Ledger's customer transactional records."  FAC ¶ 78.  The

10   Shopify Incident was not the result of a technical vulnerability in Shopify Inc.'s platform but those

11   whose stores were illegitimately accessed may have had customer data exposed.  *See* Shopify Inc.

12   MTD Br. Part II.  The "rogue members of [Shopify Inc.'s] support team" referenced in the FAC

13   were not employees of Shopify Inc., Shopify USA, or any other affiliate of Shopify Inc., but rather

14   were independent contractors of a third-party service provider that contracted with Shopify Inc.'s

15   Irish affiliate, Shopify International Ltd. ("Shopify International").  Harris-John Decl. ¶ 10.

16   Throughout the relevant time period, these independent contractors of Shopify International's

17   independent contractor were not located in the United States but rather were located in the

18   Philippines.  Harris-John Decl. ¶ 11.  Shopify International contracted with the third-party service

19   provider to provide support services to merchants who use Shopify Inc.'s e-commerce services.

20   Harris-John Decl. ¶ 10.  The third-party service provider does not provide services to the customers

21   of Shopify Inc.'s merchants, nor does it provide services for or on behalf of Shopify USA.  Harris-

22   John Decl. ¶ 10.  Moreover, Shopify USA is not responsible for handling customer data.  Harris-

23   John Decl. ¶ 6.

24   **III.    LEGAL STANDARD**

25          If a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of

26   establishing that the court may lawfully exercise personal jurisdiction over that defendant.  *Pebble*

27   *Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  The court is not limited to the pleadings

28   and "may consider extrinsic evidence . . . including affidavits submitted by the parties" in

1   determining whether jurisdiction lies.  *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d

2   938, 951 (N.D. Cal. 2015).

3       Where, on the other hand, a defendant moves to dismiss under Rule 8, the court looks only

4   to the face of the complaint in deciding the motion.  A complaint survives a motion to dismiss under

5   Rule 8 only if, as relevant here, it provides each "defendant[] fair notice of the claims against [it]."

6   *Bravo v. Cnty. of San Diego*, 2014 WL 555195, at *2 (N.D. Cal. 2014).  "[L]umping together

7   multiple defendants in one broad allegation fails to satisfy [this] notice requirement."  *Id.*

8   Importantly, the "propriety of dismissal for failure to comply with Rule 8 does not depend on

9   whether the complaint is wholly without merit."  *Id.* (quoting *McHenry v. Renne*, 84 F.3d 1172,

10  1179 (9th Cir. 1996)).  A Rule 8 dismissal is proper where the complaint fails to give each defendant

11  proper notice, "[e]ven if the factual elements of the cause of action are present."  *Id.*

12      Likewise, a motion to dismiss under Rule 12(b)(6) is resolved solely on the face of the

13  complaint.  To survive a motion under Rule 12(b)(6), "a complaint must contain sufficient factual

14  matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*,

15  556 U.S. 662, 678 (2009).  Facial plausibility requires that there be sufficient factual allegations

16  from which "to draw the reasonable inference that the defendant is liable for the misconduct

17  alleged."  *Id.*  "[L]abels and conclusions, and a formulaic recitation of the elements" of claims will

18  not suffice.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A court must take all of the

19  well-pled factual allegations in the complaint as true but is "not bound to accept as true a legal

20  conclusion couched as a factual allegation."  *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286

21  (1986)).  A complaint offering only "conclusory allegations of law and unwarranted inferences"

22  cannot survive a motion to dismiss.  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

23  **IV.     ARGUMENT**

24      **A.     This Court Lacks Jurisdiction over Shopify USA.**

25      Due process provides that a court may not exercise personal jurisdiction over a defendant,

26  unless it has sufficient "minimum contacts" with the forum state (here California) such that the

27  exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."

28

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).[1]   Personal jurisdiction may be "general or all-purpose jurisdiction" or only "specific or conduct-linked." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).   Here, neither type of personal jurisdiction may be exercised over Shopify USA, so it should be dismissed from this suit.

> 1.   *This Court lacks general jurisdiction over Shopify USA.*

The "paradigm forums" for the exercise of general jurisdiction over a corporation are "the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).   General jurisdiction outside of those forums is available "[o]nly in an exceptional case," *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014), where the defendant's contacts are so "continuous and systematic" as to "'approximate physical presence' in the forum state," *Pestmaster Franchise Network, Inc. v. Mata*, 2017 WL 1956927, at *2 (N.D. Cal. 2017) (Chen, J.) (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223-24 (9th Cir. 2011)).   That standard is "exacting," for good reason: a finding of general jurisdiction "permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011).   Here, there is no basis for asserting general jurisdiction over Shopify USA.

Plaintiffs make no serious allegation that California is one of the "paradigm forums" where general jurisdiction over Shopify USA is proper.   They concede that Shopify USA is not incorporated in California, but in "Delaware." FAC ¶ 24.   And Plaintiffs admit that, when this suit was filed, Shopify USA's operative filing with the California Secretary of State listed not California, but "Ottawa, Canada as its principal place of business." FAC ¶ 24.   Indeed, it is not just that Shopify USA *lists* its principal place of business as being outside of California; all of Shopify USA's executive officers in fact then resided (and now still reside) outside of this State as well. Harris-John Decl. ¶ 5.   When the suit was filed, then, Shopify USA's "nerve center" was not in

---

[1] "Because California's long-arm jurisdictional statute is co-extensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006); *see also* Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.").

California.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ("'[P]rincipal place of business refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'").  Plaintiffs make no allegations suggesting otherwise.

While Plaintiffs allege that Shopify USA used to have its principal place of business in San Francisco, FAC ¶¶ 24, 27,  that circumstance is wholly irrelevant to the inquiry here.  Courts have "uniformly held" that general jurisdiction is to be determined no earlier than the time of filing of the complaint.  *Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 60 F. Supp. 3d 21, 30 (D.D.C. 2014) (collecting cases); *see also Young v. Daimler AG*, 228 Cal. App. 4th 855, 864 (2014) ("Unlike specific jurisdiction, general jurisdiction is determined no earlier than at the time a suit is filed.").[2] And here there can be no dispute that, at the time the complaint (either the initial one or the operative, amended one) was filed, Shopify USA's principal place of business was located outside of California.

To avoid the natural consequence of this indisputable fact, Plaintiffs insinuate that Shopify USA moved its headquarters tactically, to evade general jurisdiction here.  FAC ¶ 24.  Not only are the reasons for any such change irrelevant to whether Shopify USA is subject to general jurisdiction in California, but the insinuation is both false and nonsensical.  *See* FAC ¶ 24.  As Shopify USA has explained—and Plaintiffs make no allegations contesting—Shopify USA's executive officers have been located outside of California since 2016—well before any of the events at issue here. Harris-John Decl. ¶ 5.  To the extent Plaintiffs are referring to the office Shopify USA continued to maintain in San Francisco for a period of time after 2016, that office was closed in May 2020, and its closure had nothing to do with this case but was instead driven by the COVID-19 pandemic. Harris-John Decl. ¶ 3.  Moreover, Shopify USA had nothing to do with the Shopify Incident— indeed, it had no business relationship with Ledger at all, Harris-John Decl. ¶ 6—so it would make

---

[2] Even though some courts have been ambiguous as to whether the relevant time for assessing general jurisdiction is "at the time suit was filed" or at the time the defendant was "served," *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 422 (9th Cir. 1977), such a discrepancy (to the extent it exists) is of no moment, as Shopify (USA)'s principal place of business was not in California at either of those times, Harris-John Decl. ¶¶ 3-5, so under either rule the result is the same.

no sense for Shopify USA to respond to the Shopify Incident by doing something as extreme as relocating its corporate headquarters to a different country.  That is especially so given that, because Shopify USA remains subject to general jurisdiction in Delaware (where it is incorporated), relocating its headquarters would hardly be a get-out-of-jail-free card for Shopify USA; the most it would accomplish is funneling to Delaware U.S.-based lawsuits brought against Shopify USA on the basis of general jurisdiction.

For similar reasons, there can be no sound argument that this is the exceptional case where Shopify USA, despite having neither its principal place of business nor place of incorporation here, is nevertheless "so heavily engaged in activity in [California] as to render it essentially at home." *BNSF*, 137 S. Ct. at 1559.  Once again, general jurisdiction is determined no earlier than the time of filing of the complaint.  Shopify USA's connections with California at that time were (and continue to be) minimal.  Approximately three-quarters of Shopify USA's employees work somewhere other than California, and its executive officers all work elsewhere.  Harris-John Decl. ¶¶ 5, 7.  Moreover, the vast majority of Shopify USA's business activities are conducted outside of, and have no relationship to, California.  Harris-John Decl. ¶ 8.  There is thus nothing "exceptional" about Shopify USA's contacts with California—and so the usual rules continue to apply, meaning that because this is neither Shopify USA's place of incorporation nor its principal place of business, general jurisdictional does not lie here.  *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) (finding no general jurisdiction based on Dutch company's "limited activities in Oregon" compared to "extensive contacts in Europe, where the vast majority of its employees and business activities are located").

Indeed, aside from Plaintiffs' (irrelevant) allegation that Shopify USA used to have its principal place of business here, Plaintiffs make only two allegations about Shopify USA's connections to California: that it (1) "is registered to do business in California," FAC ¶ 27; and (2) "solicit[s] customers and transact[s] business in California, including with Ledger and those who purchased products or services from Ledger," FAC ¶ 31.  Neither, however, distinguishes Shopify USA from any of the thousands of other out-of-state companies that transact business in California every day but are undisputedly not subject to general jurisdiction here.  Indeed, "'doing business'

1    has long been abandoned as the test for general jurisdiction." *Ranza*, 793 F.3d at 1070.   As this

2    Court recently put it: the Supreme Court has squarely "rejected the proposition that there is general

3    jurisdiction over a corporation in every State in which a corporation engages in a substantial,

4    continuous, and systematic course of business." *Caces-Tiamson v. Equifax*, 2020 WL 1322889, at

5    *2 (N.D. Cal. 2020) (Chen, J.).[3]   Especially in light of Shopify USA's "extensive contacts

6    [elsewhere], where the vast majority of its employees and business activities are located," it is

7    impossible to conclude that Shopify USA is "essentially at home" in California.   *Id.*

8        Accordingly, there is no basis for exercising general jurisdiction over Shopify USA.

9            2.   *This Court also lacks specific jurisdiction over Shopify USA.*

10       Specific jurisdiction exists over a defendant only when (among other requirements) the

11   claim before the court "arises out of or relates to the defendant's forum-related activities." *Caces-*

12   *Tiamson*, 2020 WL 1322889, at *3 (citing *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*,

13   905 F.3d 597, 603 (9th Cir. 2018)).   Here, Plaintiffs offer two theories for the exercise of specific

14   jurisdiction.   First, they say that this Court "has personal jurisdiction over … Shopify (USA)

15   because [it] solicit[s] customers and transact[s] business in California."   FAC ¶ 31.   Second, they

16   contend that personal jurisdiction lies over Shopify USA because "substantial events leading up to

17   the breach at issue have occurred in California."   FAC ¶ 26.   But the first theory fails because

18   Plaintiffs have not alleged (much less established) that any of their claims arise out of any business

19   Shopify USA transacts in California.   And the second fails because it is both contradicted by the

20   allegations in the FAC and, as demonstrated by Shopify USA's declarations supporting this motion,

21   demonstrably inaccurate.

22       As to Plaintiffs' first theory, Plaintiffs offer no allegations showing that their claims *arise*

23   *out of or relate to* the customers Shopify USA allegedly solicits, or the business it allegedly

24   transacts, in California.   Whether a plaintiff "satisfies the second requirement for specific

25   jurisdiction" turns on whether his or her claim would not have arisen "but-for" the defendant's

26

27   _____
     [3] Additionally, as explained below, Plaintiffs are simply wrong when they say that Shopify USA

28   transacted business "with Ledger and those who purchased products or service from Ledger," FAC
     ¶ 31.

contacts with the forum state. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).[4]  The key inquiry is whether the alleged harm would still have occurred even if the defendant had not engaged in its forum-related activities. *Young v. Actions Semiconductor Co., Ltd.*, 386 F. App'x 623, 627 (9th Cir. 2010) (finding no specific jurisdiction where alleged harm arose from transaction that would have occurred "even if [defendant] never marketed or sold its securities in" forum state); *Caces-Tiamson*, 2020 WL 1322889, at *4 (no specific jurisdiction in California where plaintiff "ha[d] not shown that data breach or the failure to prevent the data breach [was] tied to" operation of two branch offices in California by Georgia-based defendant).  Here, Plaintiffs do not even allege what business Shopify USA supposedly transacts in California, other than the statement that the counterparties to those transactions were "Ledger and those who purchased products or services from Ledger."  FAC ¶ 31.  But that is simply incorrect.  "Shopify (USA) Inc. has never had a business relationship with Ledger."  Harris-John Decl. ¶ 6.  As to the remaining business connections that Shopify USA supposedly had with California, Plaintiffs offer nothing at all—much less allegations sufficient to show that the claims at issue in this lawsuit would not have arisen but for those contacts.  Because Plaintiffs do not describe *any* business contacts that Shopify USA actually had with California, they have not shown that their claims arise out of or relate to those contacts.

Plaintiffs' second theory fares no better.  While Plaintiffs do not specify what they mean by "substantial events leading up to the breach at issue have occurred in California," FAC ¶ 26, they appear to be referring to their allegation that the "rogue employees" responsible for the Shopify Incident "were most probably employed by [Shopify USA's] California office," FAC ¶ 80.  But every part of that statement is incorrect.  For one thing, the "rogue members of [Shopify Inc.'s] support team" referenced in paragraphs 79 and 80 of the FAC were not employees of Shopify USA

---

[4] Although the Supreme Court recently suggested that where the defendant's connection with a forum is purely physical, the requisite connection between the claims and the forum-state contacts may be satisfied by something less than a "strict causal relationship," that opinion stated expressly that it "d[id] not … consider internet transactions, which may raise doctrinal questions of their own." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026, 1028 n.4 (2021).  Unsurprisingly, courts have recognized that *Ford* thus "did not bear on the 'doctrinal questions' associated with personal jurisdiction in the online context." *Massie v. Gen. Motors Co.*, 2021 WL 2142728, at *6 (E.D. Cal. 2021).  And so *Ford* did not, and could not have, changed the law for cases like this involving websites and data breaches. *See id.*

but rather were independent contractors of a third-party service provider to Shopify Inc.'s Irish affiliate, Shopify International.  Harris-John Decl. ¶ 10.  For another, throughout the relevant period those independent contractors were located not in California, but rather in the Philippines.  Harris-John Decl. ¶ 11.  Accordingly, far from showing that their claims would not have arisen but for Shopify USA's contacts with California, the record shows that Plaintiffs' claims would not have arisen but for actions in the Philippines of independent contractors of an independent contractor that contracted with a Shopify Inc. affiliate based in Ireland.[5]  And even if Plaintiffs could allege some event connected to the Shopify Incident that occurred in California, that event would *still* not subject Shopify USA to specific jurisdiction because, as summarized above, there could be no connection between any such event and Shopify USA (which has never had a business relationship with Ledger, is not responsible for handling customer data, and has no relationship whatsoever with the rogue actors alleged in the FAC) that would allow this Court to exercise jurisdiction over Shopify USA in connection with this action.

Because Plaintiffs have failed to show that their claims would not have arisen but for Shopify USA's contacts with California, there is no basis for exercising specific jurisdiction over Shopify USA.

**B.     The FAC Violates Rule 8 Because It Fails to Distinguish Between Shopify USA and Shopify Inc. in Describing Defendants' Supposedly Unlawful Conduct.**

Alternatively, Plaintiffs' claims against Shopify USA should be dismissed because the FAC fails to provide it with sufficient notice as to the claims against it.  Rule 8 requires a plaintiff to "identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole."  *Adobe Sys. Inc. v Blue Source Grp., Inc.*,

---

[5] Plaintiffs also mention that "a California man" was indicted "for his role in causing the data breach," namely by "pa[ying] an employee of a Shopify vendor to provide him with Shopify's merchant data."  FAC ¶ 81.  But when assessing specific jurisdiction, "the analysis must be [restricted to] the defendant's 'own contacts' with the forum."  *SKAPA Holdings LLC v. Seitz*, 2021 WL 672091, at *5 (D. Ariz. 2021) (quoting *Walden v. Fiore*, 571 U.S. 277, 289 (2014)).  Regardless, whether some criminal having no relationship with Shopify USA happened to live in California when he supposedly paid an employee (in actuality, an independent contractor, Harris-John Decl. ¶ 10) of an independent contractor of an affiliate of Shopify Inc. to steal data from Ledger (SAS) is entirely irrelevant to whether *Shopify USA* engaged in any California-based conduct without which the Shopify Incident would not have occurred.

125 F. Supp. 3d 945, 964 (N.D. Cal. 2015).  Plaintiffs, however, fail to recognize that Shopify Inc. and Shopify USA are distinct legal entities.  Instead, Plaintiffs simply lump the two companies together with a single defined term of "Shopify," FAC at 2, which term they then use to describe various "Shopify" actions or omissions without specifying which of the two entities they are referring to.  FAC ¶¶ 1, 2, 8, 9, 12, 24, 74-81, 83-84, 94, 137, 145, 156, 157, 160-162, 164, 167, 169-177, 179-181, 183, 186-192, 240-241, 243-245, 247.  In so doing, Plaintiffs "fail[] to allege which defendants engaged in what activity and when."  *Bravo v. Cnty. of San Diego*, 2014 WL 555195, at *2 (N.D. Cal. 2014).  As a result, neither Shopify USA nor Shopify Inc. can determine what actions or omissions Plaintiffs mean to attribute to it, as opposed to its affiliated entity, leaving each entity without a clear understanding of which allegations it must disprove in this action, and thus depriving each entity of fair notice of and the ability to defend against Plaintiffs' charges.  *See Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) ("[L]umping together of multiple defendants in one broad allegation fails to satisfy notice requirement of Rule 8(a)(2)."); *Austin v. Budget Rental Car, Inc.*, 2020 WL 8614183, at *2 (N.D. Cal. 2020) ("When defendants are separate corporate entities[] and perform separate roles," pleading as to defendants generally "is insufficient to state a claim for relief.").

It is no answer for Plaintiffs to assert that Shopify USA and Shopify Inc. are alter egos and that, as such, conduct of one entity is *ipso facto* conduct of the other entity.  As explained in detail in Shopify Inc.'s Motion to Dismiss Plaintiffs' FAC filed concurrently herewith ("Shopify Inc.'s MTD Brief" or "Shopify Inc. Br."), Plaintiffs have not sufficiently alleged that Shopify USA and Shopify Inc. are alter egos, and the record shows they are not.  Shopify Inc. Br. Part IV.A.3.  Accordingly, the FAC should be dismissed as to Shopify USA pursuant to Rule 8.  *See Bravo*, 2014 WL 555195, at *2 ("A complaint that fails to comply with Rule 8 may be dismissed pursuant to Federal Rule of Civil Procedure 41(b)."); *Austin*, 2020 WL 8614183, at *2 (dismissing complaint for this reason).

**C.    The Complaint Fails to State a Claim Against Shopify USA.**

Alternatively, this action should be dismissed as to Shopify USA for its failure to state a claim against Shopify USA for (1) negligence; (2) negligence per se; (3) deceit by concealment; or

1    (4) declaratory judgment and injunctive relief.

2                    1.        *Plaintiffs fail to state a claim for negligence or negligence per se.*

3        Under California law,[6] a plaintiff asserting a negligence claim must establish that: "(1) the

4    defendant had a duty, or an obligation to conform to a certain standard of conduct for the protection

5    of others against unreasonable risks, (2) the defendant breached that duty, (3) that breach

6    proximately caused the plaintiff's injuries, and (4) damages." *In re Solara Med. Supplies, LLC*

7    *Customer Data Sec. Breach Litig.*, 2020 WL 2214152, at *3 (S.D. Cal. 2020) (citing *Corales v.*

8    *Bennett*, 567 F.3d 554, 572 (9th Cir. 2009)).  The FAC contains no allegation of any duty owed by

9    Shopify USA or action taken by Shopify USA, as opposed to duties allegedly owed and actions

10   allegedly taken by its ultimate parent, Shopify Inc., and includes no specific facts regarding Shopify

11   USA that could support any finding of liability.  Plaintiffs have failed to identify any legal duty

12   applicable to Shopify USA, any applicable standard of care or how Shopify USA failed to meet

13   that standard of care, or any cognizable injury allegedly caused by Shopify USA's failure to meet

14   such a standard of care, and they have insufficiently alleged proximate cause connecting any

15   alleged Shopify USA conduct to the harms complained of in the FAC.  Plaintiffs' negligence claim

16   against Shopify USA must therefore be dismissed, as must their negligence per se claim.[7]

17                    a.        <u>Shopify USA owed plaintiffs no duty in negligence to protect them
                                from harm imposed by criminal actors.</u>

18
19       As shown in Shopify Inc.'s MTD Brief, Shopify Inc. owed Plaintiffs no duty in common-

20   law negligence to protect them against the criminal third-party attacks that allegedly injured them.

21   ---
     [6] For purposes of this portion of its present motion, Shopify USA will accept as true Plaintiffs'
     assertion that California law governs their common-law claims against Shopify USA, *see* FAC

22   ¶¶ 155-167, but does so reserving its right to challenge the application of California to these claims
     in the event they are not dismissed for failure to state a claim.

23   [7] Plaintiffs' negligence per se claim falls on its face because, under California law, negligence per
     se is not a separate cause of action from negligence.  *Lobstein v. Washington Mut. Mortg. Pass-*

24   *Through Certificates WMALT Series 2007-OC1*, 2020 WL 3964788, at *5 (C.D. Cal. 2020).
     Rather, California law "codifies the doctrine of negligence per se" as an "evidentiary presumption"

25   that a party failed to exercise due care if the conditions of that doctrine are met.  *Id.*  Said otherwise,
     "[n]egligence per se is not an independent cause of action"; it is simply one way a plaintiff may try

26   to carry his or her burden of establishing certain elements of an ordinary negligence claim.  *Id.*
     Accordingly, Plaintiffs' attempt to bring a separate negligence per se claim fails.  In any event,

27   even if negligence per se could be pled as a standalone claim, Plaintiffs' negligence per se claim
     would fail for the same reasons as their negligence claim fails.  *See Dent v. Nat'l Football League*,

28   968 F.3d 1126, 1130 (9th Cir. 2020) (affirming dismissal of negligence per se claim because
     plaintiff failed to adequately plead ordinary negligence).

*See* Shopify Inc. MTD Br. Part IV.C.1.a.  For the same reasons set forth there, Shopify USA owed Plaintiffs no duty in common-law negligence to protect them against the criminal third-party attacks that allegedly injured them.

b.    <u>Plaintiffs fails to plead a breach of any duty in common-law negligence that Shopify USA may have owed them.</u>

Because, as explained in detail in Shopify Inc.'s MTD Brief, Plaintiffs have failed to plead any breach by Shopify Inc. of any duty it may have owed Plaintiffs in common-law negligence, *see* Shopify Inc. MTD Br. Part IV.C.1.b, Plaintiffs have likewise failed to plead any breach by Shopify USA of any such duty it may have owed to Plaintiffs.

c.    <u>Plaintiffs fail to plead proximate cause connecting any action by Shopify USA to their alleged injuries.</u>

Because, as explained in detail in Shopify Inc.'s MTD Brief, Plaintiffs have failed to plead facts sufficient to establish that any of their alleged injuries was proximately caused by any conduct attributable to Shopify Inc., *see* Shopify Inc. MTD Br. Part IV.C.1.c, Plaintiffs have likewise failed to plead such proximate causation as to Shopify USA.

d.    <u>Plaintiffs fail to plead any actionable injury caused by any alleged violation of an applicable standard of care.</u>

Because, as explained in detail in Shopify Inc.'s MTD Brief, Plaintiffs have failed to plead any injury actionable in common-law negligence as to Shopify Inc., *see* Shopify Inc. MTD Br. Part IV.C.1.d, Plaintiffs have likewise failed to plead any such injury as to Shopify USA.

2.    *Plaintiffs fail to state a claim for deceit by concealment against Shopify USA.*

Because, as explained in detail in Shopify Inc.'s MTD Brief, Plaintiffs have failed to plead an actionable claim for deceit by concealment against Shopify Inc., *see* Shopify Inc. MTD Br. Part IV.C.2, Plaintiffs have likewise failed to plead any such claim against Shopify USA.

3.    *Plaintiffs' claim for a declaratory judgment and injunctive relief cannot survive as to Shopify USA.*

As explained in detail in Shopify Inc.'s MTD Brief, because neither declaratory judgment nor injunctive relief gives rise to an independent cause of action, Plaintiffs' attempt to independently state a claim for that relief fails.  *See* Shopify Inc. MTD Br. Part IV.C.3.

**V.    CONCLUSION**

Shopify USA respectfully requests that the Court dismiss the FAC's claims against Shopify USA in their entirety.


Dated: July 26, 2021                           Respectfully Submitted,


                                                    */s/ Douglas H. Meal*
                                               Douglas H. Meal (*admitted pro hac vice*)
                                               MA Bar No. 340971
                                               ORRICK, HERRINGTON & SUTCLIFFE LLP
                                               222 Berkeley St., Suite 2000
                                               Boston, MA 02116
                                               dmeal@orrick.com

                                               Seth C. Harrington (*admitted pro hac vice*)
                                               ORRICK, HERRINGTON & SUTCLIFFE LLP
                                               222 Berkeley St., Suite 2000
                                               Boston, MA 02116
                                               sharrington@orrick.com

                                               Michelle Visser
                                               SBN 277509
                                               ORRICK, HERRINGTON & SUTCLIFFE LLP
                                               405 Howard Street
                                               San Francisco, CA 94105
                                               mvisser@orrick.com

                                               Attorneys for Defendants
                                               Shopify (USA) Inc., and Shopify Inc.