DOUGLAS H. MEAL (admitted *pro hac vice*)
dmeal@orrick.com
SETH HARRINGTON (admitted *pro hac vice*)
sharrington@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street
Suite 2000
Boston, MA  02116-3740
Telephone:      +1 617 880 1800
Facsimile:      +1 617 880 1801

MICHELLE VISSER (CA BAR NO. 277509)
mvisser@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:      +1 415 773 5518
Facsimile:      +1 415 773 5759

Attorneys for Defendants
Shopify (USA) Inc. and Shopify Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NAEEM SEIRAFI, EDWARD BATON, ANTHONY COMILLA, BRETT DEENEY, and ABRAHAM VILINGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEDGER SAS, SHOPIFY (USA) INC., and SHOPIFY INC.,<br><br>Defendants. | Case No. 21-cv-02470-EMC<br><br>**DEFENDANT SHOPIFY (USA) INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**<br><br>Date:       October 21, 2021<br>Time:       1:30 p.m.<br>Location:  Courtroom 5, 17th Floor<br>                450 Golden Gate Ave.<br>                San Francisco, California<br><br>Judge:      The Honorable Edward Chen |

# TABLE OF CONTENTS

**Page**

I.   ARGUMENT ............................................................................................................ 1

    A.   This Court Lacks Jurisdiction Over Shopify USA.............................................. 1

        1.   *This Court lacks general jurisdiction over Shopify USA.* ......................... 1

            a.   General jurisdiction is assessed, at the earliest, when a lawsuit is filed. ................................................................. 1

            b.   In any event, Shopify USA's principal place of business has been outside of California since long before this suit arose............ 4

        2.   *This Court also lacks specific jurisdiction over Shopify USA.*................... 7

        3.   *There is no need for jurisdictional discovery.*............................................ 8

    B.   The FAC Violates Rule 8 Because It Fails to Distinguish Between Shopify USA and Shopify Inc. in Describing Defendants' Supposedly Unlawful Conduct. ........................................................................................................ 9

    C.   The Complaint Fails to State a Claim Against Shopify USA. ............................. 10

        1.   *Plaintiffs fail to state a claim for negligence or negligence per se.*.......... 10

            a.   Shopify USA owed plaintiffs no duty in negligence to protect them from harm imposed by criminal actors. .................. 11

            b.   Plaintiffs fails to plead a breach of any duty that Shopify USA may have owed them........................................................ 11

            c.   Plaintiffs fail to plead proximate cause connecting any action by Shopify USA to their alleged injuries. ........................ 11

            d.   Plaintiffs fail to plead any actionable injury caused by any alleged violation of an applicable standard of care...................... 11

        2.   *Plaintiffs fail to state a claim for deceit by concealment against Shopify USA.* ................................................................................... 12

        3.   *Plaintiffs' claim for a declaratory judgment and injunctive relief cannot survive as to Shopify USA.* ........................................................... 12

II.   CONCLUSION............................................................................................................ 12

1

2

# TABLE OF AUTHORITIES

3

**Page(s)**

4

**Cases**

5

*Burnham v. Superior Ct. of California, Cty. of Marin*,
   495 U.S. 604 (1990) ......................................................................................................... 3

*California Union Ins. Co. v. Am. Diversified Sav. Bank*,
   948 F.2d 556 (9th Cir. 1991) ........................................................................................... 7

*Chavero v. Loc. 241, Div. of the Amalgamated Transit Union*,
   787 F.2d 1154 (7th Cir. 1986) ......................................................................................... 7

*Clark v. Meijer, Inc.*,
   376 F. Supp. 2d 1077 (D.N.M. 2004) .............................................................................. 2

*Delphix Corp. v. Embarcadero Techs., Inc.*,
   749 F. App'x 502 ............................................................................................................. 3

*Gates Learjet Corp. v. Jensen*,
   743 F.2d 1325 (9th Cir. 1984) ...................................................................................... 3, 4

*Gau v. Hillstone Rest. Grp., Inc.*,
   2021 WL 754536 (N.D. Cal. 2021) .................................................................................. 6

*Google Inc. v. Rockstar Consortium U.S. LP*,
   2014 WL 1571807 (N.D. Cal. 2014) ................................................................................ 4

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ................................................................................................... 4, 5, 7

*J. McIntyre Mach., Ltd. v. Nicastro*,
   564 U.S. 873 (2011) ......................................................................................................... 2

*King v. Bumble Trading, Inc.*,
   2020 WL 663741 (N.D. Cal. 2020) ............................................................................... 4, 5

*Lane v. Cap. Acquisitions & Mgmt. Co.*,
   2006 WL 4590705 (S.D. Fla. 2006) ............................................................................... 10

*Lang v. Morris*,
   823 F. Supp. 2d 966 (N.D. Cal. 2011) ............................................................................. 9

*Lesnik v. Eisenmann SE*,
   2018 WL 4700342 (N.D. Cal. 2018) .............................................................................. 10

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT SHOPIFY (USA) INC.'S
REPLY BRIEF ISO MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT
21-cv-02470-EMC

*Lopez v. Shopify, Inc.*,
    2017 WL 2229868, at *2 (S.D.N.Y. 2017) ............................................................. 1, 6

*Pestmaster Franchise Network, Inc. v. Mata*,
    2017 WL 1956927 (N.D. Cal. 2017) ...................................................................... 3

*Pokemon Co. Int'l, Inc. v. Shopify, Inc.*,
    2017 WL 697520 (N.D. Cal. 2017) ........................................................................ 6

*Ramirez v. Ghilotti Bros. Inc.*,
    941 F. Supp. 2d 1197 (N.D. Cal. 2013) ................................................................ 10

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ............................................................................... 8

*Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*,
    60 F. Supp. 3d 21 (D.D.C. 2014) .......................................................................... 2

*Slack Techs., Inc. v. Phoji, Inc.*,
    2020 WL 4701174 (N.D. Cal. 2020) ................................................................... 8, 9

*Smith v. United States Dep't of Agric.*,
    2016 WL 4179786 (N.D. Cal. 2016) ..................................................................... 8

*Steel v. United States*,
    813 F.2d 1545, 1549 (9th Cir. 1987) ..................................................................... 3

*Wego Chem. & Min. Corp. v. Magnablend Inc.*,
    945 F. Supp. 2d 377 (E.D.N.Y. 2013) ................................................................... 2

*Wolfe v. Strankman*,
    392 F.3d 358 (9th Cir. 2004) ................................................................................ 8

*Young v. Daimler AG*,
    228 Cal. App. 4th 855 (2014) ............................................................................... 2

**Rules**

Fed. R. Civ. P. 8 ........................................................................................................ 1, 10

Fed. R. Civ. P. 12(b)(2) .................................................................................................. 1

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1

DEFENDANT SHOPIFY (USA) INC.'S
REPLY BIEF ISO MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT
21-cv-02470-EMC

1    **I.**    **ARGUMENT**

2         **A.**    **This Court Lacks Jurisdiction Over Shopify USA.**

3                   1.    *This Court lacks general jurisdiction over Shopify USA.*

4         Plaintiffs offer only a single argument as to why they think this Court has general

5    jurisdiction over Shopify USA: that Shopify USA's principal place of business "was until very

6    recently" in San Francisco.  Plaintiffs' Opposition ("Opp.") 11; *see also* FAC ¶ 24 (alleging only

7    that Shopify USA's principal place of business was in California "until a week before [Shopify

8    Inc.] announced the data breach," i.e., in September 2020).  But that single contention suffers from

9    two distinct legal errors.  First, it is irrelevant whether Shopify USA *used to* have its principal place

10   of business in California; what matters for assessing general jurisdiction is whether Shopify USA's

11   principal place of business was in California at the time this suit was filed and served.  Second,

12   Plaintiffs' assertion that Shopify USA's principal place of business "was until very recently" in San

13   Francisco ignores both the governing legal test, under which a company's principal place of

14   business is the location from where its officers direct its business, and the undisputed fact that

15   Shopify USA's officers have directed its business from outside of California since 2016.

16                        a.    General jurisdiction is assessed, at the earliest, when a lawsuit is
                                filed.

17

18        General jurisdiction is to be assessed no earlier than the time of filing of the complaint.

19   Shopify USA MTD 6 & n.2.  Indeed, Shopify USA cited multiple cases—each of which in turn

20   collected multiple other cases—to support that proposition.  *See, e.g., Sabre Int'l Sec. v. Torres*

21   *Advanced Enter. Sols., LLC*, 60 F. Supp. 3d 21, 30 (D.D.C. 2014) ("It is uniformly held, however,

22   that jurisdiction is to be determined by examining the conduct of the defendants as of the time of

23   service of the complaint."); *Young v. Daimler AG*, 228 Cal. App. 4th 855, 864 (2014) ("Unlike

24   specific jurisdiction, general jurisdiction is determined no earlier than at the time a suit is filed.").

25   While Plaintiffs attempt to distinguish those decisions on their facts, the rules those cases lay

26   down—as shown in the clear and categorical quotes in the parentheticals above—are not so limited.

27

28

DEFENDANT SHOPIFY (USA) INC.'S
REPLY BRIEF ISO MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT
21-cv-02470-EMC

1   In any event, plenty of other cases set forth the same rule. *See, e.g.*, *J. McIntyre Mach., Ltd. v.*

2   *Nicastro*, 564 U.S. 873, 880 (2011) (plurality op.) (explaining that general jurisdiction is created

3   by "[p]resence within a State at the time suit commences through service of process"); *Wego Chem.*

4   *& Min. Corp. v. Magnablend Inc.*, 945 F. Supp. 2d 377, 386 (E.D.N.Y. 2013) ("[I]t is well-settled

5   that the Court does not look to whether the defendant had minimum contacts with the state at the

6   time of the act complained of; rather, the Court looks to whether it could assert personal jurisdiction

7   over the defendant at the time jurisdiction is sought to be asserted."); *Clark v. Meijer, Inc.*, 376 F.

8   Supp. 2d 1077, 1085 (D.N.M. 2004) ("[J]urisdiction is to be determined by examining the conduct

9   of the defendants at the time of service of the complaint.").

10      Plaintiffs nonetheless assert that the law is otherwise, citing two cases.   Opp. 12.

11   Unsurprisingly, given the wealth of caselaw cited above, neither decision sustains Plaintiffs'

12   assertion.

13      Plaintiffs primarily rely on an unpublished opinion that drew a vigorous dissent and that by

14   its own express terms "is not precedent." *Delphix Corp. v. Embarcadero Techs., Inc.*, 749 F. App'x

15   502, 504 n.** (9th Cir. 2018).  Moreover, *Steel v. United States*—the precedential opinion that

16   *Delphix* cites for the proposition that "[c]ourts must examine the defendant's contacts with the

17   forum at the time of the events underlying the dispute"— makes explicit that its holding is about

18   "specific jurisdiction." 813 F.2d 1545, 1549 (9th Cir. 1987), *cited by Delphix*, 749 F. App'x at 506;

19   *see also Delphix*, 749 F. App'x 508 (Rawlinson, J., dissenting).   That makes sense.   When

20   jurisdiction is created by a defendant's conduct, courts must of course look to that conduct, even if

21   it occurred before the lawsuit is filed (as it almost always does).  Or, as *Steel* put it: "[w]hen a court

22   is exercising specific jurisdiction over a defendant, arising out of or related to the defendant's

23   contacts with the forum, the fair warning that due process requires arises not at the time of the suit,

24   but when the events that gave rise to the suit occurred." *Id.*

25      The same logic does not apply to general jurisdiction.  General jurisdiction arises not from

26   the defendant's conduct giving rise to the claims at issue, but rather by virtue of a State's "power

27

28

DEFENDANT SHOPIFY (USA) INC.'S
REPLY BIEF ISO MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT
21-cv-02470-EMC

1     to hale before its courts any individual who could be found within its borders" and "properly

2     serve[d]" while there.  *Burnham v. Superior Ct. of California, Cty. of Marin*, 495 U.S. 604, 610-11

3     (1990) (plurality op.); *see also Pestmaster Franchise Network, Inc. v. Mata*, 2017 WL 1956927, at

4     *2 (N.D. Cal. 2017) (Chen, J.) (explaining that general jurisdiction is exercised over non-physical

5     entities like corporations when they "approximate physical presence" in the forum).  The requisite

6     due process notice thus comes not from any suit-specific conduct, but rather from the defendant's

7     physical presence (or approximation thereof) in the State at the time it is served (or, at the earliest,

8     at the time the lawsuit is filed).  Accordingly, general jurisdiction cannot be based on a defendant's

9     presence in the State *before* it is served (or before the suit is filed).  This is not controversial.  An

10    Ottawa resident who is served with a lawsuit *while* she is visiting San Francisco is subject to general

11    jurisdiction in California, even if she is present only fleetingly, *see Burnham*, 495 U.S. at 607-08;

12    but an Ottawa resident who is served with a lawsuit *after* she has returned to Canada is not.

13         Plaintiffs' second case offered is even further afield.  *See Gates Learjet Corp. v. Jensen*,

14    743 F.2d 1325, 1329-31 (9th Cir. 1984).  Contrary to Plaintiffs' insinuations, *Gates* did not find

15    general jurisdiction based on a defendant's pre-filing contacts with a state—indeed, it did not find

16    general jurisdiction at all.  *Id.* at 1331.  Nor did it even hold that a court may look to a defendant's

17    pre-filing contacts with a state when assessing general jurisdiction.  To the contrary, all *Gates* did

18    was walk through how each of the alleged contacts raised by Plaintiffs was insufficient to establish

19    general jurisdiction.  *Id.* at 1330-31.

20         Plaintiffs are thus simply wrong to say that general jurisdiction may be exercised over a

21    defendant in California because it *used to* have a principal place of business within the state, prior

22    to filing or service of the lawsuit.  Rather, general jurisdiction requires physical presence (or its

23    approximate) at the time the lawsuit is served (or commenced).  Because Plaintiffs do not—and

24    indeed, cannot—claim that Shopify USA had its principal place of business in San Francisco at the

25    time this case was filed or served, *see* FAC ¶ 24 (alleging only that Shopify USA's principal place

26    of business was in San Francisco until September 2020), this Court lacks general jurisdiction over

27

28

DEFENDANT SHOPIFY (USA) INC.'S
REPLY BIEF ISO MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT
21-cv-02470-EMC

1    Shopify USA.

2              b.     <u>In any event, Shopify USA's principal place of business has been</u>
     <u>outside of California since long before this suit arose.</u>

3

4           Even if it were proper to look back to the location of Shopify USA's principal place of

5    business at the time of the contacts underlying Plaintiffs' claims (which Plaintiffs state was in May

6    2019), general jurisdiction would still be improper, because under the governing legal test—which

7    Plaintiffs ignore—Shopify USA's principal place of business has been outside of California since

8    2016.

9           A corporation's "principal place of business" is "the place where the corporation's high

10   level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*,

11   559 U.S. 77, 80-81 (2010); *see also* Shopify USA MTD 5-6.[1]  Accordingly, the operative question

12   is: from where did Shopify USA's officers direct, control, and coordinate Shopify USA's activities?

13   On that, the facts (uncontroverted by any submission or allegation by Plaintiffs) are clear:  From

14   2016 to the present, Shopify USA's officers have been living and performing their duties outside

15   of California.  Specifically, "[f]rom the time [Shopify USA] was acquired in 2016, until December

16   22, 2020, Shopify (USA) Inc.'s officers have been located in Ontario."  Harris-John Decl. ¶ 5.  And

17   since December 22, 2020, they have been in New York.  *Id.*

18          In response, Plaintiffs ignore the *Hertz* rule and offer, instead, a litany of irrelevant facts.

19   See Opp. 11-13.  But none of those facts in any way indicates that Shopify USA's officers directed

20   the business from California in May 2019—or, indeed, at any time since 2016.  Accordingly, none

21   of them has any bearing on the principal-place-of-business analysis.

22          For starters, Plaintiffs' invocation of various "registrations with government authorities,"

23   Opp. 11, runs directly into *Hertz* itself, which "reject[ed] suggestions" that "the mere filing of a

24

25   ---
     [1] "Although Hertz defined 'principal place of business' in the context of citizenship for diversity
     jurisdiction, courts have used the *Hertz* formulation … for personal jurisdiction purposes as well."
26   *King v. Bumble Trading, Inc.*, 2020 WL 663741, at *2 (N.D. Cal. 2020) (citing *Google Inc. v.
     Rockstar Consortium U.S. LP*, 2014 WL 1571807, at *1 n.1 (N.D. Cal. 2014).

27

28                                  DEFENDANT SHOPIFY (USA) INC.'S
                                    REPLY BIEF ISO MOTION TO DISMISS
                                    PLAINTIFFS' FIRST AMENDED CLASS
               - 4 -                      ACTION COMPLAINT
                                      21-cv-02470-EMC

form"—even a form "like the Securities and Exchange Commission's Form 10-K, listing a corporation's 'principal executive offices'"—would "be sufficient proof to establish a corporation's 'nerve center,'" and hence its principal place of business. *Hertz*, 559 U.S. at 97; *see also King v. Bumble Trading, Inc.*, 2020 WL 663741, at *2 (N.D. Cal. 2020) (finding that defendant corporation's principal place of business was in Texas, where its "CEO[] lives and works," notwithstanding "documents filed with the California Secretary of State" stating that its "principal executive office is in San Francisco"). After all, "principal place of business" is a term susceptible to multiple definitions, with "different Circuits (and sometimes different courts within a single Circuit)" defining it in different ways even just in the context of personal jurisdiction, until the Supreme Court clarified the rule for that particular context in 2010. *Hertz*, 559 U.S. at 91-92 (noting that descriptions of the various definitions spanned "73 pages" of Wright & Miller). Corporations thus can and do use that term (or similar ones) on regulatory filings to mean something other than the location from where their officers direct their business (e.g., the location where "the bulk of the company's business activities visible to the public" are concentrated, *see id.* at 96).

Litigation filings—especially ones that do not state where a company's officers are—are for essentially the same reasons likewise irrelevant in the face of evidence establishing the location of a company's officers. *See Gau v. Hillstone Rest. Grp., Inc.*, 2021 WL 754536, at *5-*6 (N.D. Cal. 2021) (finding that defendant corporation's principal place of business was in Arizona, notwithstanding prior litigation filing stating that it was in California, because its "officers and executives regularly and consistently meet, direct, oversee and control key corporate functions" there). This rule makes eminent sense, as a prior litigation filing may simply be "incorrect[]," or the result of a "miscommunication." *Id.* The listing of a principal place of business in a prior litigation filing thus cannot overcome clear evidence regarding from where a company's officers and executives directed its business—even where the prior filing gave the defendant corporation a litigation advantage that it otherwise would not have been entitled to. *Gau*, 2021 WL 754536, at *5-*6 (refusing to treat prior filing listing a California principal place of business as binding, even

1    when that prior misrepresentation was used to secure diversity jurisdiction which would not have

2    been available had the filing been accurate).[2]

3         The other facts pointed to by Plaintiffs hardly merit discussion.  For instance, while

4    Plaintiffs assert that "a few years ago, all but one of Shopify (USA) Inc.'s employees were based

5    in its office in San Francisco, California," Opp. at 13, they nowhere explain how this fact might

6    bear upon the principal-place-of-business analysis.  To the contrary, they seem to admit that the

7    location of Shopify USA's employees is "meaningless."  *Id.*  Further, while Plaintiffs also assert in

8    their Opposition (but not their FAC) that Shopify USA's decision to close its San Francisco office

9    "was nothing but a temporary relocation caused by the epidemic," Opp. 13, here again they never

10   explain why that would be relevant, even if it were true.[3]

11        This is thus not a case where the Court is confronted with conflicting evidence that it must

12   weigh to discern the facts relevant to jurisdiction.  Shopify USA has produced a sworn statement

13   that its executives have directed its business from outside California since 2016.  Harris-John Decl.

14   ¶ 5.  Plaintiffs do not contest that basic fact.[4]  Rather, their entire argument here hinges on their

---

[2] This case is thus even easier than *Gau*, as the previous litigation filings cited by Plaintiffs here provided Shopify USA with no litigation advantage.  *See Lopez v. Shopify, Inc.*, 2017 WL 2229868, at *2 (S.D.N.Y. 2017) (finding no general jurisdiction in New York, which would have still been true if Shopify USA had correctly listed its principal place of business as Canada instead of California), *report and recommendation adopted*, 2018 WL 481891 (S.D.N.Y. 2018)); *Pokemon Co. Int'l, Inc. v. Shopify, Inc.*, 2017 WL 697520, at *5 (N.D. Cal. 2017) (finding no jurisdiction over Shopify Inc. in California, which would have still been true if Shopify USA had correctly listed its principal place of business as Canada instead of California).

[3] In any event, the record is clear that (contra Opp. 13) Shopify USA has "permanently closed its San Francisco Office."  Harris-John Decl. ¶ 3.  And Plaintiffs' citation to a Canadian tech periodical for the vague proposition that Shopify Inc. is "committed to retaining a physical presence" in San Francisco through Shopify USA, Opp. 13, gets it nowhere.  Plaintiffs cite no case—because none exists—that general jurisdiction exists over a company in a state simply because (a periodical reports that) its parent would like it to maintain "a physical presence" there.

[4] In a footnote, Plaintiffs halfheartedly attempt to manufacture a contradiction between this Shopify USA statement and a prior Shopify Inc. representation that in 2017 "only a single employee [of Shopify USA] was based outside of California."  Opp. 13, n.7.  But as Plaintiffs admit, the two statements are in conflict only if all of Shopify USA's "'executive officers' [were also] employees of Shopify (USA)."  *Id.*  That crucial assumption is not only baseless (Plaintiffs offer no support for it), but contrary to the well-established legal understanding that a company's principal officers and directors "are traditionally not" considered to be its "employee[s]."  *Chavero v. Loc. 241, Div. of the Amalgamated Transit Union*, 787 F.2d 1154, 1157 (7th Cir. 1986); *see also California Union*

DEFENDANT SHOPIFY (USA) INC.'S
REPLY BIEF ISO MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT
21-cv-02470-EMC

assertion that "it is immaterial that Shopify USA's executive officers have been located outside of California since 2016." Opp. 13. The Supreme Court, however, has said otherwise. *See Hertz*, 559 U.S. at 80-81. Accordingly, even if general jurisdiction were determined at the time of the events underlying Plaintiffs' claims (which they say began "as early as May 2019," Opp. 12), the undisputed facts make clear that, as a matter of law, Shopify USA's principal place of business was not in California at that time—and hence that this Court would still lack general jurisdiction over Shopify USA.

2. *This Court also lacks specific jurisdiction over Shopify USA.*

Plaintiffs do not make any serious argument that this Court has specific jurisdiction over Shopify USA. Instead, they gesture at—but do not appear to actually advance—an argument that Shopify USA should be subject to specific jurisdiction because it is an alter ego of Shopify Inc., over which specific jurisdiction is allegedly proper. Specifically, Plaintiffs contend that "Shopify USA is subject to specific jurisdiction for the same reasons as Shopify Inc." because "Shopify USA and Shopify Inc. make no distinction between themselves in the public eye, using the same logos, trademarks, and websites, making it impossible at this juncture to know the extent of involvement in this data breach by each entity." Opp. 14, n.8. But two affiliated companies' use of the same logos, trademarks, and websites is not a basis for imputing one of the affiliate's jurisdictional contacts to the other affiliate. Plaintiffs do not dispute the legal rule that jurisdictional contacts may be imputed from one company to an affiliated company only where the plaintiff "make[s] out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015); *see also* Shopify Inc. MTD 11-12. And Plaintiffs have not even attempted to establish the second requirement and have failed to show the first. *See* Shopify Inc. MTD § IV.A.3; *see also* Opp. 14,

*Ins. Co. v. Am. Diversified Sav. Bank*, 948 F.2d 556, 566 (9th Cir. 1991) (holding that a company's "principal officers and directors" were not "employees" for insurance purposes).

DEFENDANT SHOPIFY (USA) INC.'S
REPLY BIEF ISO MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT
21-cv-02470-EMC

1    n.8 (including no response to this point).  In any event, even if Shopify Inc.'s jurisdictional contacts

2    could be imputed to Shopify USA, specific jurisdiction is not proper over it either.  Shopify Inc.

3    MTD § IV.A.2; Shopify Inc. Reply § I.A.2.  For both reasons, then, Plaintiffs cannot use Shopify

4    Inc. to obtain specific jurisdiction over Shopify USA.

5                    3.       *There is no need for jurisdictional discovery.*

6         Plaintiffs ask that if this Court finds "that there is no general jurisdiction over Shopify

7    (USA)," it nevertheless should allow them to conduct "jurisdictional discovery."  Opp. 24-25.  But

8    jurisdictional discovery is unwarranted where "it is clear that further discovery would not

9    demonstrate facts sufficient to constitute a basis for jurisdiction."  *Slack Techs., Inc. v. Phoji, Inc.*,

10   2020 WL 4701174, at *7 (N.D. Cal. 2020) (Chen, J.).  Jurisdictional discovery is classically futile

11   where the complaint is facially deficient—that is, where the "allegations contained in a complaint

12   are insufficient on their face to invoke federal jurisdiction," *Wolfe v. Strankman*, 392 F.3d 358, 362

13   (9th Cir. 2004).  *See Smith v. United States Dep't of Agric.*, 2016 WL 4179786, at *5 (N.D. Cal.

14   2016) (explaining that "jurisdictional discovery" is disallowed where the defendant makes a "facial

15   jurisdictional challenge").  In such a case, it is "immaterial" whether the allegations in the complaint

16   are true or false—because jurisdiction is lacking either way—and so jurisdictional discovery

17   accomplishes nothing.  *Smith*, 2016 WL 4179786, at *5.

18        Here, there are no facts material to general jurisdiction over Shopify USA that are in dispute.

19   Rather, Plaintiffs' attempt to assert general jurisdiction over Shopify USA (which is based solely

20   on Shopify USA's principal place of business) fails as a matter of law, for two separate reasons.

21   *First*, it is undisputed that Shopify USA's principal place of business was not in California at the

22   time this lawsuit was served or filed.  FAC ¶ 24 (alleging that Shopify USA's "principal place of

23   business was in San Francisco" "[u]p until a week before it announced the data breach" in

24   September 2020); *see also* FAC ¶¶ 27, 79.  As a matter of law, that means that Shopify USA's

25   principal place of business does not provide a basis for general jurisdiction in California.  *See supra*

26   § I.A.1.a.   *Second*, it is undisputed that Shopify USA's officers have directed the company's

27

28
                                                          DEFENDANT SHOPIFY (USA) INC.'S
                                                          REPLY BIEF ISO MOTION TO DISMISS
                                                          PLAINTIFFS' FIRST AMENDED CLASS
                        - 8 -                             ACTION COMPLAINT
                                                          21-cv-02470-EMC

1    business from outside California since 2016.  *See* Opp. 13 (acknowledging, without disagreement,

2    that "Shopify USA's executive officers have been located outside of California since 2016").  As

3    a matter of law, that means Shopify USA's principal place of business has been outside of

4    California since 2016—and hence does not provide a basis for general jurisdiction in California,

5    even if general jurisdiction were assessed at the time of the events underlying Plaintiffs' claims

6    (which, here, Plaintiffs say was "as early as May 2019," Opp. 12).

7         In fact, Plaintiffs' own discovery requests make clear that none of the information they seek

8    would change any of that basic analysis.  Specifically, none of the six discovery topics Plaintiffs

9    enumerate comes anywhere close to asking from where Shopify USA's officers directed the

10   business—which is the only factual question relevant to general jurisdiction over Shopify USA.[5]

11   So the requested discovery could not possibly help Plaintiffs "demonstrate facts sufficient to

12   constitute a basis for [general] jurisdiction" over Shopify USA here.  *Slack*, 2020 WL 4701174, at

13   *7.

14        Accordingly, Plaintiffs' complaint should be dismissed as to Shopify USA for lack of

15   personal jurisdiction, and their request for jurisdictional discovery as to Shopify USA should be

16   denied.

17        **B.    The FAC Violates Rule 8 Because It Fails to Distinguish Between Shopify
               USA and Shopify Inc. in Describing Defendants' Supposedly Unlawful
18             Conduct.**

19

20        Alternatively, the FAC must be dismissed as to Shopify USA because, by combining

---

21   [5] To the extent Plaintiffs' discovery topics relate to Shopify USA at all, they seem to be intended
     to revive Plaintiffs' now-abandoned theory that Shopify USA is subject to *specific* jurisdiction.
22   *Compare* Economides Decl. ¶ 6 (seeking to learn "[w]hich employees" of "which entity"
     performed various tasks related to events described in the FAC), *with* Opp. 11-14 (making no
23   independent argument that Shopify USA is subject to specific jurisdiction).  But that is not how
     jurisdictional discovery works.   A plaintiff may obtain jurisdictional discovery only by
24   "demonstrat[ing] how further discovery would allow it to contradict the defendant's affidavits" in
     a legally relevant way.  *Slack*, 2020 WL 4701174, at *7.  Here, Plaintiffs have not even addressed
25   specific jurisdiction as to Shopify USA—much less provided specific "detail to the Court as to
     what discovery would establish" that is contrary to defendants' sworn statements in a way that
26   demonstrates that all the requirements of specific jurisdiction are met as to Shopify USA.  *See Lang
     v. Morris*, 823 F. Supp. 2d 966, 979 (N.D. Cal. 2011) (Chen, J.).

27

28

1 Shopify Inc. and Shopify USA into a fictitious single entity that it defines as "Shopify," it fails to

2 provide either Shopify Inc. or Shopify USA with sufficient notice of the claims against it, as

3 required by Rule 8.  *See* Shopify USA's MTD § IV.B.  Plaintiffs "ha[ve] not responded at all" to

4 this Rule 8 argument—mentioning Rule 8 not even a single time in their Opposition—and so they

5 have "conced[ed] the issue."  *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 & n.7

6 (N.D. Cal. 2013).  Indeed, Plaintiffs' refusal to even engage with this question indicates that

7 dismissal "with prejudice" is appropriate, "because Plaintiffs' silence indicates they have

8 abandoned" any defense on this front.  *Lesnik v. Eisenmann SE*, 2018 WL 4700342, at *6 (N.D.

9 Cal. 2018).[6]

10     **C.**    **The Complaint Fails to State a Claim Against Shopify USA.**

11     Plaintiffs have not responded to Shopify USA's argument that the FAC contains no

12 allegations specific to duties owed by Shopify USA or actions taken by Shopify USA, as opposed

13 to duties allegedly owed and actions allegedly taken by its ultimate parent, Shopify Inc., and

14 includes no specific facts regarding Shopify USA that could support any finding of liability.  *See*

15 Shopify USA MTD §§ IV.C.1, IV.C.2; *see also id.* § IV.B.  For this reason alone, Plaintiffs'

16 negligence, negligence per se, and deceit by concealment claims must be dismissed as to Shopify

17 USA.  Moreover, those claims fail even apart from this defect, as shown below.

18     1.    *Plaintiffs fail to state a claim for negligence or negligence per se.*

19

20 [6] In a couple of scattered footnotes addressing unrelated points (namely, specific jurisdiction and jurisdictional discovery), Plaintiffs gesture at two excuses for their failure to distinguish between Shopify USA and Shopify Inc.  Neither is supported by any authority, nor does either justify Plaintiffs' failure as a matter of logic.  First, Plaintiffs suggest that because Shopify USA and Shopify Inc. use "the same logos, trademarks, and websites" it is "impossible at this juncture to know the extent of involvement" by each.  Opp. 14, n.8.  But affiliates routinely share logos, trademarks, and websites, and yet it is well-established that Rule 8's requirements apply with full force—and indeed, are "particularly pertinent"—to a complaint that "fails to differentiate" between "a parent corporation and its subsidiary."  *Lane v. Cap. Acquisitions & Mgmt. Co.*, 2006 WL 4590705, at *5 (S.D. Fla. 2006), *aff'd sub nom. Lane v. XYZ Venture Partners, LLC.*, 322 F. App'x 675 (11th Cir. 2009).  Second, Plaintiffs suggest that their FAC need not differentiate between Shopify Inc. and Shopify USA, because one Shopify USA employee lists his employer on his LinkedIn profile as "Shopify," without further specifying which specific entity he means.  But LinkedIn profiles, unlike the FAC, are not governed by the strictures of Rule 8, much less precedent for its application.

DEFENDANT SHOPIFY (USA) INC.'S
REPLY BIEF ISO MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT
21-cv-02470-EMC

Even if the FAC's negligence and negligence per se claims had made the same allegations as to Shopify USA that it makes as to Shopify Inc., those claims still must be dismissed as to Shopify USA, because as discussed below, the FAC fails to state negligence and negligence per se claims against Shopify Inc.

a.   <u>Shopify USA owed plaintiffs no duty in negligence to protect them from harm imposed by criminal actors.</u>

As shown in Shopify Inc.'s reply brief, Plaintiffs have failed to establish any duty in common-law negligence that Shopify Inc. purportedly owed Plaintiffs.  *See* Shopify Inc. Reply § I.C.1.a.  For the same reasons set forth there, Plaintiffs have failed to establish any duty in common-law negligence that Shopify USA purportedly owed Plaintiffs.

b.   <u>Plaintiffs fails to plead a breach of any duty in common-law negligence that Shopify USA may have owed them.</u>

Because, as explained in detail in Shopify Inc.'s reply brief, Plaintiffs have failed to plead any breach by Shopify Inc. of any duty it may have owed Plaintiffs in common-law negligence, *see* Shopify Inc. Reply § I.C.1.b, Plaintiffs have likewise failed to plead any breach by Shopify USA of any such duty it may have owed to Plaintiffs.

c.   <u>Plaintiffs fail to plead proximate cause connecting any action by Shopify USA to their alleged injuries.</u>

Because, as explained in detail in Shopify Inc.'s reply brief, Plaintiffs have failed to plead facts sufficient to establish that any of their alleged injuries was proximately caused by any conduct attributable to Shopify Inc., *see* Shopify Inc. Reply § I.C.1.c, Plaintiffs have likewise failed to plead such proximate causation as to Shopify USA.

d.   <u>Plaintiffs fail to plead any actionable injury caused by any alleged violation of an applicable standard of care.</u>

Because, as explained in detail in Shopify Inc.'s reply brief, Plaintiffs have failed to plead any injury actionable in common-law negligence as to Shopify Inc., *see* Shopify Inc. Reply § I.C.1.d, Plaintiffs have likewise failed to plead any such injury as to Shopify USA.

DEFENDANT SHOPIFY (USA) INC.'S
REPLY BIEF ISO MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT
21-cv-02470-EMC

1          2.    *Plaintiffs fail to state a claim for deceit by concealment against Shopify*
                 *USA.*

2

3          Because, as explained in detail in Shopify Inc.'s reply brief, Plaintiffs have failed to plead

4   an actionable claim for deceit by concealment against Shopify Inc., *see* Shopify Inc. Reply

5   § I.C.2, Plaintiffs have likewise failed to plead any such claim against Shopify USA.

6          3.    *Plaintiffs' claim for a declaratory judgment and injunctive relief cannot*
                 *survive as to Shopify USA.*

7

8          As explained in detail in Shopify Inc.'s reply brief, because requests for relief in the form

9   of a declaratory judgment and/or an injunction do not in and of themselves give rise to an

10  independent cause of action, *see* Shopify Inc. Reply § I.C.3, Plaintiffs' attempt to independently

11  state a claim for such relief fails as to Shopify USA just as it fails as to Shopify Inc.

12  **II.     CONCLUSION**

13         Shopify USA respectfully requests that the Court dismiss the FAC's claims against

14  Shopify USA in their entirety.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

1    Dated: October 7, 2021                          Respectfully Submitted,

2

3                                                       */s/ Douglas H. Meal*

4                                                     Douglas H. Meal (*admitted pro hac vice*)
                                                      MA Bar No. 340971

5                                                     ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                      222 Berkeley St., Suite 2000

6                                                     Boston, MA 02116
                                                      dmeal@orrick.com

7                                                     Seth C. Harrington (*admitted pro hac vice*)

8                                                     ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                      222 Berkeley St., Suite 2000

9                                                     Boston, MA 02116
                                                      sharrington@orrick.com

10                                                    Michelle Visser
                                                      SBN 277509

11                                                    ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                      405 Howard Street

12                                                    San Francisco, CA 94105
                                                      mvisser@orrick.com

13

14                                                    Attorneys for Defendants
                                                      Shopify (USA) Inc., and Shopify Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27                                                              DEFENDANT SHOPIFY (USA) INC.'S
                                                           REPLY BIEF ISO MOTION TO DISMISS
28                                                         PLAINTIFFS' FIRST AMENDED CLASS
                                          - 13 -                      ACTION COMPLAINT
                                                                         21-cv-02470-EMC