Todd M. Schneider (SBN 158253)
Jason H. Kim (SBN 220279)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Email: tschneider@schneiderwallace.com
Email: jkim@schneiderwallace.com

Ryan J. Clarkson (SBN 257074)
Bahar Sodaify (SBN 289730)
Yana Hart (SBN 306499)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: (213) 788-4050
Email: rclarkson@clarksonlawfirm.com
Email: bsodaify@clarksonlawfirm.com
Email: yhart@clarksonlawfirm.com

Richard Cipolla (*pro hac vice*)
**FREEDMAN NORMAND**
**FRIEDLAND LLP**
99 Park Avenue, Suite 1910
New York, NY 10016
Telephone: (646) 970-7509
Email: rcipolla@fnf.law

Constantine P. Economides (*pro hac vice*)
**FREEDMAN NORMAND**
**FRIEDLAND LLP**
1 SE 3rd Ave., Suite 1240
Miami, FL 33131
Telephone: (305) 971-5943
Email: ceconomides@fnf.law

*Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAEEM SEIRAFI, EDWARD BATON, ANTHONY COMILLA, BRETT DEENEY, and ABRAHAM VILINGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEDGER SAS, SHOPIFY (USA) INC., and SHOPIFY INC.,<br><br>Defendants. | Case No. 3:21-cv-02470-EMC<br><br>**JOINT STATUS REPORT**<br><br>Judge: Hon. Edward M. Chen<br><br>Complaint filed: April 6, 2021<br>Trial Date: None |

## I. INTRODUCTION

Plaintiffs and Defendants Ledger SAS, Shopify (USA) Inc., and Shopify Inc.'s submit this Joint Status Report following the Ninth Circuit's opinion affirming in part and reversing and remanding in part this Court's November 9, 2021 order (ECF No. 53).

## II. PROCEDURAL HISTORY

Plaintiffs filed their initial Complaint on April 6, 2021, ECF No. 1, and Amended Complaint on June 9, 2021, ECF No. 33. On July 12, 2021, the Court entered an order extending the deadline for the parties to meet and confer under Rule 26(f) and for the initial case management conference due to the expected filings of Defendants' motions to dismiss for lack of personal jurisdiction. (ECF No. 50.) Defendants separately moved to dismiss on several grounds, including this Court's lack of personal jurisdiction and for failure to state a claim. (ECF Nos. 55, 57, and 58.) The Court granted Defendants' motions as to personal jurisdiction and did not rule as to failure to state a claim. (ECF No. 77.) Plaintiffs appealed. (ECF No. 82.)

On December 1, 2022, the Ninth Circuit entered a memorandum opinion affirming in part and reversing and remanding in part this Court's order. The Ninth Circuit held that: (1) the Court had specific personal jurisdiction over Ledger; (2) the forum selection clauses in various agreements between Ledger and Plaintiffs were unenforceable with respect to Plaintiffs who are California resident plaintiffs bringing class action claims under California consumer law; and (3) Plaintiffs may only conduct "jurisdictional discovery with respect to the DPO's role and responsibilities and his relationship to Shopify Inc." *Baton v. Ledger SAS ("Baton II")*, 2022 WL 17352192 (9th Cir. Dec. 1, 2022).

## III. PLAINTIFFS' POSITION

**Jurisdictional Discovery** Plaintiffs request that the Court set the deadline for the Rule 26(f) conference and set the initial case management conference at the Court's earliest convenience.

On April 5, 2023, Plaintiffs propounded requests for production of documents on Shopify (USA) Inc. and Shopify Inc. (collectively the "Shopify Defendants"). Although the Court has not yet set a deadline for the Rule 26(f) conference, Plaintiffs believe that the Ninth Circuit's opinion makes it clear that the jurisdictional discovery is allowed. The Shopify Defendants' written responses are

due May 5, 2023. Plaintiffs believe that the propounded discovery is reasonably narrowed to address jurisdictional issues. The parties will promptly meet and confer as to the Shopify Defendants' responses. Assuming that Plaintiffs obtain complete production (including production of documents concerning potentially disputed topics) from Shopify Defendants by the end of May, Plaintiffs intend to conduct depositions of the Shopify Defendants and complete the depositions by June 23, 2023.

The Ninth Circuit's opinion contemplates a further amended complaint based on the allowed jurisdictional discovery. If the parties comply with the discovery schedule set forth above, Plaintiffs will file their amended complaint on or before July 14, 2023.

## IV.   SHOPIFY DEFENDANTS' POSITION

### A.   Initial Case Management Conference

Shopify Defendants respectfully request that the Court schedule the Rule 26(f) conference and the initial case management conference to take place after jurisdictional discovery is complete and motions to dismiss are decided.  As detailed herein, the parties expect limited jurisdictional discovery consistent with the Ninth Circuit's ruling, the filing of an amended complaint, and subsequent motion practice to extend into October.  Thus, Shopify Defendants request that the Rule 26(f) conference and the initial case management conference be scheduled to take place thereafter.

On November 9, 2021, this Court granted Shopify Defendants' respective motions to dismiss for lack of personal jurisdiction and dismissed the claims against the Shopify Defendants with prejudice. *Baton v. Ledger SAS ("Baton I")*, 2021 WL 5226315, at *6-7, 14 (N.D. Cal. Nov. 9, 2021). On December 1, 2022, the Ninth Circuit affirmed in part, reversed in part, and remanded for further proceedings. *Baton II*, 2022 WL 17352192, at *3.  It held that this Court "correctly ruled that the present record does not support personal jurisdiction" and "permissibly denied as speculative discovery" into all but "the DPO's role and responsibilities and his relationship to Shopify Inc." *Id.* at *2.  Because the Ninth Circuit affirmed this Court's ruling that it lacks personal jurisdiction over Shopify Defendants on the present record, the Shopify Defendants should not be compelled to participate in these proceedings beyond the limited jurisdictional discovery that the Ninth Circuit allowed.  Accordingly, the Rule 26(f) conference and initial case management conference should await substantial completion of jurisdictional discovery and the Court's decision on the forthcoming

motions to dismiss. Proceeding in this manner will best serve the interests of fairness and judicial economy while avoiding any undue prejudice to Plaintiffs or Shopify Defendants.

### B. Jurisdictional Discovery

This Court held that the jurisdictional discovery sought by Plaintiffs was either purely speculative or was already established by dispositive evidence. *Baton I*, 2021 WL 5226315, at *14. The Ninth Circuit largely affirmed this Court's ruling, and only permitted discovery as to "the DPO's role and responsibilities and his relationship to Shopify Inc." *Baton II*, 2022 WL 17352192, at *2. In doing so, the Ninth Circuit held that this Court "permissibly denied as speculative discovery on other matters," *id.*, affirming this Court's rejection of jurisdictional discovery into the other categories of information presented by Plaintiffs in their opposition to Shopify Defendants' motions to dismiss, including information about employees involved in working with or overseeing the work of TaskUs; information about the employees that reported to Roy Sunstrum, who allegedly signed the "Shopify" contract with TaskUs; information about the employees who oversaw "Shopify's" data security practices; information about the employees involved in investigating the alleged data breach; and information about the employees involved in "Shopify's" response and notification process. *See Baton I*, 2021 WL 5226315, at *14.

On April 5, 2023, Plaintiffs served over 70 requests for production on Shopify Defendants, many of which are cumulative, overbroad, or disproportionate to the needs of jurisdictional discovery. Other requests seek documents and information that this Court and the Ninth Circuit have already held are unduly speculative. Consistent with the Ninth Circuit's mandate, jurisdictional discovery is properly limited only to reasonable, proportionate, and noncumulative discovery into the DPO's role and responsibilities and his relationship to Shopify Inc. during the relevant timeframe.

### C. Ledger's Motion to Dismiss

Shopify Defendants take no position as to Ledger's motion to dismiss.

## V. DEFENDANT LEDGER'S POSITION

### A. Initial Case Management Conference

Ledger agrees with the Shopify Defendants that deadlines for a Rule 26(f) report and case management conference should be deferred until after the pleadings are settled and the scope of the

case, if any remains, is determined both as to the parties and the claims.  Like the Shopify Defendants, Ledger intends to file a renewed motion to dismiss (see Section V(C)) focused on the limited claims that are not subject to Ledger's forum selection clauses.  *Baton II*, 2022 WL 17352192, at *2.

### B. Jurisdictional Discovery

Ledger takes no position as to jurisdictional discovery Plaintiffs may seek from the Shopify Defendants.

### C. Motion to Dismiss

The Court granted Ledger's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and, as a result, did not reach Ledger's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Baton I*, 2021 WL 5226315, at *7-12, 14 (N.D. Cal. Nov. 9, 2021).  Ledger plans to move to dismiss the remaining claims against it in response to Plaintiffs' forthcoming amended complaint and proposes to brief its motion on the same schedule as the Shopify Defendants' anticipated motions to dismiss.  (See Section VI.)

## VI. PARTIES' PROPOSED SCHEDULE

The parties' respective proposed schedules are below:

| Deadline | Plaintiffs' Position | Shopify Defendants' Position | Ledger's Position |
| --- | --- | --- | --- |
| Shopify Defendants Respond to Discovery Requests Served on April 5, 2023 | May 5, 2023 | May 5, 2023 | N/A |
| Plaintiffs and Shopify Defendants to Meet and Confer | Promptly | Promptly | N/A |
| Shopify Defendants Substantially Complete Production of Documents as to Which the Parties Agree Fall Within the Proper Scope of Discovery | May 31, 2023 | May 31, 2023 | N/A |
| Jurisdictional Discovery Closes, Subject to Deponent Availability | June 23, 2023 | July 21, 2023 | N/A |
| Plaintiffs File Amended Complaint | July 14, 2023 | August 11, 2023 | N/A |

| Deadline | Plaintiffs' Position | Shopify Defendants' Position | Ledger's Position |
|---|---|---|---|
| Shopify Defendants and Ledger File Their Renewed Motions to Dismiss on Any Grounds Permitted Under the FRCP | July 28, 2023 | September 8, 2023 | September 8, 2023 |
| Plaintiffs File Opposition to Renewed Motions to Dismiss | August 11, 2023 | September 29, 2023 | September 29, 2023 |
| Shopify Defendants and Ledger File Their Replies in Support of Renewed Motions to Dismiss | August 18, 2023 | October 20, 2023 | October 20, 2023 |

### VII. STIPULATION TO ACCEPT ELECTRONIC SERVICE

Pursuant to Federal Rule of Civil Procedure 5, the parties hereby consent and agree to accept service by email to the email addresses listed on CM/ECF of all counsel of record.

April 27, 2023                                     Respectfully submitted,

/s/ Jason H. Kim
Todd M. Schneider
Jason H. Kim
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
tschneider@schneiderwallace.com
jkim@schneiderwallace.com

Ryan J. Clarkson (SBN 257074)
Bahar Sodaify (SBN 289730)
Yana Hart (SBN 306499)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: (213) 788-4050
Email: rclarkson@clarksonlawfirm.com
Email: bsodaify@clarksonlawfirm.com
Email: yhart@clarksonlawfirm.com

Richard Cipolla (*pro hac vice*)
**FREEDMAN NORMAND F RIEDLAND LLP**
99 Park Avenue, Suite 1910
New York, NY 10016

JOINT STATUS REPORT
6

|   |   |   |
|---|---|---|
| 1 |  | Telephone: (646) 970-7509 |
| 2 |  | Email: rcipolla@fnf.law |
| 3 |  | Constantine P. Economides (*pro hac vice*) |
|   |  | **FREEDMAN NORMAND** |
| 4 |  | **FRIEDLAND LLP** |
|   |  | 1 SE 3rd Ave., Suite 1240 |
| 5 |  | Miami, FL 33131 |
|   |  | Telephone: (305) 971-5943 |
| 6 |  | Email: ceconomides@fnf.law |
| 7 |  | *Counsel for Plaintiffs* |
| 8 | Dated: April 27, 2023 |  |
|   |  | **HUESTON HENNIGAN LLP** |
| 9 |  |  |
| 10 |  | By:   */s/ Moez M. Kaba* |
|   |  |       Moez M. Kaba |
| 11 |  |       mkaba@hueston.com |
|   |  |       Allison L. Libeu |
| 12 |  |       alibeu@hueston.com |
|   |  |       Sourabh Mishra |
| 13 |  |       smishra@hueston.com |
|   |  |       523 West 6th Street, Suite 400 |
| 14 |  |       Los Angeles, CA 90014 |
|   |  |       Telephone:   (213) 788-4340 |
| 15 |  |       Facsimile:   (888) 775-0898 |
| 16 |  |  |
|   |  | *Attorneys for Defendants Shopify Inc. and Shopify (USA) Inc.* |
| 17 |  |  |
| 18 | Dated: April 27, 2023 | **MORRISON & FOERSTER LLP** |
| 19 |  |  |
|   |  | By:   */s/ Purvi G. Patel* |
| 20 |  |       Purvi G. Patel |
|   |  |       PPatel@mofo.com |
| 21 |  |       Emma Burgoon |
|   |  |       EBurgoon@mofo.com |
| 22 |  |       707 Wilshire Boulevard, Suite 6000 |
|   |  |       Los Angeles, CA 90017 |
| 23 |  |       Telephone:   213.892.5200 |
|   |  |       Facsimile:   213.892.5454 |
| 24 |  |  |
|   |  |       Mark David McPherson (CA SBN 307951) |
| 25 |  |       MMcPherson@mofo.com |
|   |  |       250 W. 55th Street |
| 26 |  |       New York, NY 10019 |
|   |  |       Telephone:   212.468.8000 |
| 27 |  |       Facsimile:   212.468.7900 |
| 28 |  |  |
|   |  | *Attorneys for Defendant Ledger SAS* |