1  PURVI G. PATEL (CA SBN 270702)
   PPatel@mofo.com
2  MATTHEW J. WYATT (CA SBN 343074)
   MWyatt@mofo.com
3  CHRISTOPHER R. ADLER (CA SBN 346588)
   CAdler@mofo.com
4  EMMA BURGOON (CA SBN 348097)
   EBurgoon@mofo.com
5  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard, Suite 6000
6  Los Angeles, California  90017-3543
   Telephone:     213.892.5200
7  Facsimile:     213.892.5454

8  Attorneys for Defendant LEDGER SAS

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13  NAEEM SEIRAFI, EDWARD BATON,          Case No. 3:21-cv-02470-EMC
    ANTHONY COMILLA, BRETT DEENEY,
14  and ABRAHAM VILINGER, individually and  **DEFENDANT LEDGER SAS' ANSWER**
    on behalf of all others similarly situated,  **TO PLAINTIFF NAEEM SEIRAFI'S**
15                                         **FOURTH AMENDED CLASS ACTION**
                        Plaintiffs,        **COMPLAINT**
16
                        v.                 Judge:  Hon. Edward M. Chen
17
    LEDGER SAS.
18                                         Complaint filed:  April 6, 2021
                        Defendant.         4AC filed:  March 7, 2025
19                                         Trial date:  None

20

21

22

23

24

25

26

27

28

Defendant Ledger SAS answers Plaintiff Naeem Seirafi's ("Plaintiff") Fourth Amended Class Action Complaint ("4AC"). The Ninth Circuit affirmed the dismissal of all claims brought against Ledger other than the California consumer law claims brought by Plaintiff. (November 8, 2021 Order, ECF No. 77); *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). As such, no response is required to the claims brought by Edward Baton, Anthony Comilla, Brett Deeney, and Abraham Vilinger against Ledger. Ledger answers the 4AC as if it were filed solely by Plaintiff.

Any and all allegations not specifically admitted herein are denied. To the extent the 4AC asserts conclusions of law, those conclusions require no response. To the extent any response is required to headings or unnumbered paragraphs in the 4AC, Ledger denies the factual allegations, if any, contained in such headings or unnumbered paragraphs.

With respect to the preamble, Ledger admits that Plaintiff purports to bring this action individually and on behalf of a putative class and to seek the relief requested in the 4AC. Ledger denies that class treatment or the relief requested is appropriate or warranted. Ledger further admits that Plaintiff purports to conform the 4AC to the Court's February 6, 2025 Order (ECF No. 167), but denies Plaintiff has fully done so. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's knowledge and beliefs and the investigation allegedly conducted by Plaintiff's counsel, and on that basis denies those allegations.

## I. **INTRODUCTION**

To the extent that Plaintiff purports to summarize, interpret, or quote from an advertisement, the advertisement speaks for itself and Ledger denies any characterization of the advertisement that is inconsistent with its content.

1. Responding to Paragraph 1 of the 4AC, Ledger admits that in 2020 two men hired by TaskUs, Inc. ("TaskUs") (a subcontractor engaged by Shopify International Limited to provide customer support services to users of Shopify Inc.'s e-commerce services) stole the names, email addresses, mailing addresses, telephone numbers, and/or product(s) ordered of certain Ledger customers from Shopify Inc.'s database (the "TaskUs Incident"). Ledger further admits that

Plaintiff seeks relief for "class-wide damages," but denies that class treatment or the relief that Plaintiff seeks is appropriate or warranted. Ledger states that insofar as the allegations state conclusions of law, no response is required. Except as otherwise admitted or stated, Ledger denies the allegations in Paragraph 1.

2. Responding to Paragraph 2 of the 4AC, Ledger admits that it has advertised the security of its Ledger Nano S and Ledger Nano X hardware wallets, which store private keys that enable the transfer of cryptocurrency assets. Ledger further admits that certain cryptocurrency transactions, such as in Bitcoin, are typically not reversible. To the extent Plaintiff purports to summarize, interpret, or quote from a website or advertisement, the website and advertisement speak for themselves and Ledger denies any characterization of the website and advertisement that is inconsistent with their content. Except as otherwise admitted, Ledger denies the allegations in Paragraph 2.

3. Responding to Paragraph 3 of the 4AC, Ledger admits that it has advertised the security of its Ledger Nano S and Ledger Nano X wallets. To the extent Plaintiff purports to summarize, interpret, or quote from Ledger's website or advertisements, the website and advertisements speak for themselves and Ledger denies any characterization of the website and advertisements that is inconsistent with their content. Except as otherwise admitted, Ledger denies the allegations in Paragraph 3.

4. Responding to Paragraph 4 of the 4AC, Ledger admits that crypto-asset transactions are publicly visible on the underlying blockchain, and that there is no personally identifying information in the blockchain. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding hackers' limitations or abilities and on that basis denies those allegations. Except as otherwise admitted, Ledger denies the allegations in Paragraph 4.

5. Responding to Paragraph 5 of the 4AC, Ledger states that its Ledger Nano S or Nano X wallets are and have been secure. Ledger admits that it is aware of the risks of phishing exercises targeting owners of crypto-assets. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged wealth of its customers and on

that basis denies those allegations.  Except as otherwise admitted or stated, Ledger denies the remaining allegations in Paragraph 5.

6.     Responding to Paragraph 6 of the 4AC, Ledger admits that it has advertised the security of its Ledger Nano S and Ledger Nano X hardware wallets.  To the extent Plaintiff purports to summarize, interpret, quote from, or depict Ledger's website or advertisements, the website and advertisements speak for themselves and Ledger denies any characterization of the website and advertisements that is inconsistent with their content.  Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding consumer experiences or expectations, and on that basis denies those allegations.  Except as otherwise admitted, Ledger denies the remaining allegations in Paragraph 6.

7.     Responding to Paragraph 7 of the 4AC, Ledger admits that it has advertised the security of its Ledger Nano S and Ledger Nano X hardware wallets on the Internet.  Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding consumer exposure to its advertisements and on that basis denies those allegations. Except as otherwise admitted, Ledger denies the remaining allegations in Paragraph 7.

8.     Responding to Paragraph 8 of the 4AC, Ledger admits that it has advertised the security of its Ledger Nano S and Ledger Nano X hardware wallets on the Internet.  Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's and other consumers' knowledge and decisions and on that basis denies those allegations.  Except as otherwise admitted, Ledger denies the remaining allegations in Paragraph 8.

9.     Responding to Paragraph 9 of the 4AC, Ledger admits that it contracted with Shopify Inc. to use its ecommerce platform for sales of Ledger Nano S and Ledger Nano X hardware wallets and that Shopify International Limited contracted with TaskUs to provide certain services in connection to Ledger's ecommerce platform.  Ledger also admits that Ledger Live is a web-based application that allows Ledger customers to manage their cryptocurrency assets, but denies that any Shopify entity or TaskUs has had any involvement with Ledger Live or access to any information collected via Ledger Live.  Ledger further admits that Ledger offers

customers email assistance and, when available, live chat assistance. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and on that basis denies those allegations.

10. Responding to Paragraph 10 of the 4AC, Ledger admits that Shopify International Limited contracted with TaskUs to provide certain services in connection to Ledger's ecommerce platform. Ledger further admits that the names, email addresses, mailing addresses, telephone numbers, and/or product(s) ordered of certain Ledger customers may have been implicated in the TaskUs Incident, but denies that any Shopify entity or TaskUs has had any involvement with Ledger Live or access to any information collected via Ledger Live. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and on that basis denies those allegations.

11. Responding to Paragraph 11 of the 4AC, Ledger admits that in April 2020 two men hired by TaskUs stole the names, email addresses, mailing addresses, telephone numbers, and/or product(s) ordered of certain Ledger customers from Shopify Inc.'s database. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and on that basis denies those allegations.

12. Responding to Paragraph 12 of the 4AC, to the extent Plaintiff purports to summarize, interpret, or quote from a website or announcement, the website and announcement speak for themselves and Ledger denies any characterization of the website and announcement that is inconsistent with their content. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and on that basis denies those allegations.

13. Responding to Paragraph 13 of the 4AC, Ledger states that to the extent Plaintiff purports to summarize, interpret, or quote from a criminal indictment, the indictment speaks for itself and Ledger denies any characterization of the indictment that is inconsistent with its content.

14. Responding to Paragraph 14 of the 4AC, Ledger admits that in 2020 two men hired by TaskUs stole the names, email addresses, mailing addresses, telephone numbers, and/or

product(s) ordered of certain Ledger customers from Shopify Inc.'s database. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and on that basis denies those allegations.

15.     Responding to Paragraph 15 of the 4AC, Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Shopify and on that basis denies those allegations. Ledger denies the remaining allegations in Paragraph 15.

16.     Responding to Paragraph 16 of the 4AC, Ledger admits that in April 2020 two men hired by TaskUs stole the names, email addresses, mailing addresses, telephone numbers, and/or product(s) ordered of certain Ledger customers from Shopify Inc.'s database. Ledger states that Shopify informed it of the TaskUs Incident on December 23, 2020, and that Ledger became aware of certain Ledger customer information being publicly disclosed. To the extent that Plaintiff purports to summarize, interpret, or quote from a website, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations related to threats lodged or attempts made by unidentified hackers, as well as allegations related to Shopify and TaskUs, and on that basis denies those allegations. Except as otherwise admitted or stated, Ledger denies the remaining allegations in Paragraph 16.

17.     Responding to Paragraph 17 of the 4AC, the Court dismissed all allegations related to any data security incident other than the TaskUs Incident. (ECF No. 167 at 4:26-4:28.) As such, to the extent Paragraph 17 refers to any incident other than the TaskUs Incident, no response is required to those allegations. To the extent Plaintiff purports to summarize, interpret, or quote from a website or any disclosures or communications by Ledger, the website, disclosures, or communications speak for themselves and Ledger denies any characterization of the website, disclosures, or communications that is inconsistent with their content. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to TaskUs and Shopify, and on that basis denies those allegations. Except as otherwise admitted, Ledger denies the remaining allegations in Paragraph 17.

18.     Responding to Paragraph 18 of the 4AC, Ledger further states that the Court dismissed all allegations related to any data security incident other than the TaskUs Incident. (ECF No. 167 at 4:26-4:28.)  As such, to the extent Paragraph 18 refers to any incident other than the TaskUs Incident, no response is required to those allegations.  Ledger states that Shopify informed it of the TaskUs Incident on December 23, 2020.  To the extent Plaintiff purports to summarize, interpret, or quote from a website or announcement, the website and announcement speak for themselves and Ledger denies any characterization of the website and announcement that is inconsistent with their content.  Except as otherwise admitted or stated, Ledger denies the remaining allegations in Paragraph 18.

19.     Responding to Paragraph 19 of the 4AC, Ledger states that insofar as the allegations in Paragraph 19 state conclusions of law, no response is required.  Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to hackers' knowledge of customer information or customers' awareness of the TaskUs Incident and on that basis, denies them.  Ledger further states that the Court dismissed all allegations related to any data security incident other than the TaskUs Incident.  (ECF No. 167 at 4:26-4:28.)  As such, to the extent Paragraph 19 refers to any incident other than the TaskUs Incident, no response is required to those allegations.  Ledger states that Shopify informed it of the TaskUs Incident on December 23, 2020.  Except as otherwise stated, Ledger denies the remaining allegations in Paragraph 19.

20.     Responding to Paragraph 20 of the 4AC, Ledger states that to the extent Plaintiff purports to summarize, interpret, or quote from a website, web-based chat feature, social media, email, or other communication, the website, web-based chat feature, social media, email, or other communication speak for themselves and Ledger denies any characterization of the website, web-based chat feature, social media, email, or other communication that is inconsistent with their content.  Except as otherwise stated, Ledger denies the remaining allegations in Paragraph 20.

21.     Responding to Paragraph 21 of the 4AC, Ledger states that insofar as the allegations in Paragraph 21 state conclusions of law, no response is required.  Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to

consumers' mindsets and on that basis denies those allegations. Except as otherwise stated, Ledger denies the remaining allegations in Paragraph 21.

22. Responding to Paragraph 22 of the 4AC, Ledger admits that Plaintiff purports to bring this action individually and on behalf of a putative class and to seek the relief requested in the 4AC. Ledger denies that class treatment or the relief requested is appropriate or warranted, including from April 1, 2020 to the present.

## II. **PARTIES**

23. Responding to Paragraph 23 of the 4AC, admits that it advertises the security of its Ledger Nano S and Ledger Nano X hardware wallets. Ledger further admits that Seirafi purchased a Ledger Nano X hardware wallet for $119 (excluding taxes and shipping charges) from https://shop.ledger.com/, and provided his first and last name, email address, telephone number, and physical mailing address. Ledger states that to the extent the allegations in Paragraph 23 state conclusions of law, no response is required. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's exposure to and reliance on Ledger's advertisements or Plaintiff's expectations or mindset and on that basis denies those allegations. Except as otherwise admitted or stated, Ledger denies the remaining allegations in Paragraph 23.

24. Responding to Paragraph 24 of the 4AC, Baton's claims against Ledger have been dismissed. (November 8, 2021 Order, ECF No. 77); *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). As such, no response is required to Baton's allegations.

25. Responding to Paragraph 25 of the 4AC, Comilla's claims against Ledger have been dismissed. (November 8, 2021 Order, ECF No. 77); *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). As such, no response is required to Comilla's allegations.

26. Responding to Paragraph 26 of the 4AC, Deeney's claims against Ledger have been dismissed. (November 8, 2021 Order, ECF No. 77); *Baton v. Ledger SAS*, No. 21-17036,

2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). As such, no response is required to Deeney's allegations.

27. Responding to Paragraph 27 of the 4AC, Vilinger's claims against Ledger have been dismissed. (November 8, 2021 Order, ECF No. 77); *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). As such, no response is required to Vilinger's allegations.

28. Responding to Paragraph 28 of the 4AC, Ledger admits that it is a French simplified joint-stock company with offices at 1 Rue du Mail, 75002 Paris, France. Ledger also admits that it designed, created, sold, and distributed Ledger Nano S and Ledger Nano X hardware wallets on the Internet, including to consumers located in California. Ledger further admits that the hardware wallets are used to secure private keys that give access to crypto assets. Ledger further admits that customers who purchased the hardware wallets from Ledger provided their names, email addresses, delivery and billing addresses, and phone numbers to Ledger. Ledger states that insofar as the allegations in Paragraph 28 state conclusions of law, no response is required. Except as otherwise admitted or stated, Ledger denies the remaining allegations in Paragraph 28.

III. **JURISDICTION AND VENUE**

29. Responding to Paragraph 29 of the 4AC, Ledger admits that Plaintiff purports to bring this action as a putative class action, but denies that class treatment is appropriate or warranted. To the extent that Plaintiff purports to summarize, interpret, or quote from the contents of the statute cited, the statute speaks for itself and Ledger denies any characterization of the statute that is inconsistent with its content. Ledger states that insofar as the allegations in Paragraph 29 state conclusions of law, no response is required.

30. Responding to Paragraph 30 of the 4AC, Ledger admits that it has sold Ledger Nano X and Ledger Nano S hardware wallets on the Internet, including to consumers located in California. The Ninth Circuit found that the Court has jurisdiction over Plaintiff's California consumer law claims. *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir.

Dec. 1, 2022). Ledger states that insofar as the allegations in Paragraph 30 state conclusions of law, no response is required.

31. Responding to Paragraph 31 of the 4AC, Ledger admits that it has advertised and sold Ledger Nano S and Ledger Nano X hardware wallets on the Internet, including to consumers located in California. The Ninth Circuit found that the Court has jurisdiction over Plaintiff's California consumer law claims. *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). Ledger further admits that customers who purchased the hardware wallets from Ledger provided their names, email addresses, delivery and billing addresses, and phone numbers to Ledger. Ledger admits that the names, email addresses, mailing addresses, telephone numbers, and/or product(s) ordered of certain Ledger customers may have been implicated in the TaskUs Incident. Ledger denies the remaining allegations in Paragraph 31.

32. Responding to Paragraph 32 of the 4AC, Ledger admits that it contracted with Shopify Inc. to use its ecommerce platform for sales of Ledger Nano S and Ledger Nano X hardware wallets and that Shopify International Limited contracted with TaskUs to provide certain services in connection to Ledger's ecommerce platform. The Ninth Circuit found that the Court has jurisdiction over Plaintiff's California consumer law claims. *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). Ledger states that insofar as the allegations in Paragraph 32 state conclusions of law, no response is required. Except as otherwise stated, Ledger denies the remaining allegations in Paragraph 32.

33. Responding to Paragraph 33 of the 4AC, the Ninth Circuit found that the Court has jurisdiction over Plaintiff's California consumer law claims. *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). To the extent Plaintiff purports to summarize, interpret, or quote from the Ninth Circuit's decision or *Doe I v. AOL LLC*, those decisions speak for themselves and Ledger denies any characterization of the decisions that is inconsistent with their content. Ledger states that insofar as the allegations in Paragraph 33 state conclusions of law, no response is required.

## IV. **FACTUAL ALLEGATIONS**

34. Responding to Paragraph 34 of the 4AC, to the extent Plaintiff purports to summarize, interpret, or quote from a website, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content.

35. Responding to Paragraph 35 of the 4AC, to the extent Plaintiff purports to summarize, interpret, or quote from a website, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and on that basis denies them.

36. Responding to Paragraph 36 of the 4AC, to the extent Plaintiff purports to summarize, interpret, or quote from a website or government study, the website and government study speak for themselves and Ledger denies any characterization of the website and government study that is inconsistent with their content.

37. Responding to Paragraph 37 of the 4AC, to the extent Plaintiff purports to summarize, interpret, or quote from a website or government study, the website and government study speak for themselves and Ledger denies any characterization of the website and government study that is inconsistent with their content.

38. Responding to Paragraph 38 of the 4AC, Ledger admits that transmitting information on the Internet is not entirely secure and that companies must implement necessary measures to safeguard consumer data at an appropriate level of security. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, and on that basis denies those allegations.

39. Responding to Paragraph 39 of the 4AC, Ledger admits that it is aware of malicious actors placing stolen information on the "dark web" for sale. To the extent Plaintiff purports to summarize, interpret, or quote from websites, the websites speak for themselves and Ledger denies any characterization of the websites that is inconsistent with their content. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39, and on that basis denies those allegations.

40.     Responding to Paragraph 40 of the 4AC, Ledger admits that a black market for personal information exists on the dark web.  Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and on that basis denies those allegations.

41.     Responding to Paragraph 41 of the 4AC, to the extent Plaintiff purports to summarize, interpret, or quote from a website, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content.  Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, and on that basis denies those allegations.

42.     Responding to Paragraph 42 of the 4AC, to the extent Plaintiff purports to summarize, interpret, or quote from a government study, the government study speaks for itself and Ledger denies any characterization of the government study that is inconsistent with its content.

43.     Responding to Paragraph 43 of the 4AC, to the extent Plaintiff purports to summarize, interpret, or quote from a website, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content.

44.     Responding to Paragraph 44 of the 4AC, Ledger admits that a black market for personal information exists on the dark web.  To the extent Plaintiff purports to summarize, interpret, or quote from a website, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content.  Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and on that basis denies those allegations.

45.     Responding to Paragraph 45 of the 4AC, Ledger states that insofar as the allegations in Paragraph 45 state conclusions of law, no response is required.  To the extent Plaintiff purports to summarize, interpret, or quote from a statute or judicial decision, the statute and judicial decision speak for themselves and Ledger denies any characterization of the statute and judicial decision that is inconsistent with their content.

46.     Responding to Paragraph 46 of the 4AC, to the extent Plaintiff purports to summarize, interpret, or quote from certain FTC guides, those guides speak for themselves and Ledger denies any characterization of the guides that is inconsistent with their content.

47.     Responding to Paragraph 47 of the 4AC, to the extent Plaintiff purports to summarize, interpret, or quote from an FTC guide, the guide speaks for itself and Ledger denies any characterization of the guide that is inconsistent with its content.

48.     Responding to Paragraph 48 of the 4AC, to the extent Plaintiff purports to summarize, interpret, or quote from certain FTC guides or recommendations, the guides and recommendations speak for themselves and Ledger denies any characterization of the guides and recommendations that is inconsistent with their content.

49.     Responding to Paragraph 49 of the 4AC, to the extent that Plaintiff purports to summarize, interpret, or quote from the contents of a statute or FTC enforcement actions, the statute and enforcement actions speak for themselves and Ledger denies any characterization of the statute or enforcement actions that is inconsistent with their content.

50.     Ledger denies the allegations in Paragraph 50 of the 4AC.

51.     Responding to Paragraph 51 of the 4AC, Ledger states to the extent Plaintiff purports to summarize, interpret, or quote from FTC guides or recommendations, the guides and recommendations speak for themselves and Ledger denies any characterization of the guides and recommendations that is inconsistent with their content.

52.     Responding to Paragraph 52 of the 4AC, to the extent Plaintiff purports to summarize, interpret, or quote from a website or FTC guide, the website or guide speak for themselves and Ledger denies any characterization of the website and guide that is inconsistent with their content.

53.     Ledger admits the allegations in paragraph 53 of the 4AC.

54.     Responding to Paragraph 54 of the 4AC, Ledger admits that Bitcoin is a cryptocurrency that operates on its own blockchain and functions as a digital currency that can be used for transactions.  Ledger states that to the extent Paragraph 54 purports to summarize,

interpret, or quote from a website, the website speaks for itself, and Ledger denies any characterization of the website that is inconsistent with its content.

55.     Ledger admits the allegations in Paragraph 55 of the 4AC.

56.     Ledger admits the allegations in Paragraph 56 of the 4AC.

57.     Responding to Paragraph 57 of the 4AC, to the extent Paragraph 57 purports to summarize, interpret, or quote websites, the websites speak for themselves, and Ledger denies any characterization of the websites that is inconsistent with their content.

58.     Ledger admits the allegations in Paragraph 58 of the 4AC.

59.     Ledger admits the allegations in Paragraph 59 of the 4AC.

60.     Responding to Paragraph 60 of the 4AC, Ledger admits that, once someone has access to a private key, they can effect transfers out of a cryptocurrency account.  Ledger also admits that certain cryptocurrency transactions, such as in Bitcoin,     are typically not reversible. Except as otherwise admitted, Ledger denies the allegations in Paragraph 60.

61.     Ledger admits the allegations in Paragraph 61 of the 4AC.

62.     Responding to Paragraph 62 of the 4AC, to the extent that Plaintiff purports to summarize, interpret, or describe an article or other public information regarding a Bitcoin hack, the article or information speaks for itself and Ledger denies any characterization of the article or information that is inconsistent with its content.  Ledger states that it is aware of hacks of cryptocurrency, including thefts from Bitcoin exchanges.  Ledger states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62, and on that basis denies those allegations.

63.     Responding to Paragraph 63 of the 4AC, Ledger admits that there is a risk of theft of cryptocurrency assets.  To the extent that Plaintiff purports to summarize, interpret, or quote from a website, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content.

64.     Responding to Paragraph 64 of the 4AC, Ledger admits that hackers may attempt to identify private cryptocurrency keys.  Ledger further admits that, once someone has access to a private key, they can effect transfers out of a cryptocurrency account.  Ledger admits that certain

cryptocurrency transactions, such as in Bitcoin, are typically not reversible. Ledger denies the remaining allegations in Paragraph 64.

65.     Ledger admits the allegations in Paragraph 65 of the 4AC.

66.     Responding to Paragraph 66 of the 4AC, Ledger admits that it has designed, created, sold, and distributed the Ledger Nano X and the Ledger Nano S hardware wallets as well as an app called Ledger Live, which allows users to manage their cryptocurrency. Ledger further admits that it has advertised the security of Ledger Nano X and Ledger Nano S wallets and Ledger Live on the Internet. Ledger states that to the extent Plaintiff purports to summarize, interpret, or quote from a website or advertisement, the website and advertisement speak for themselves and Ledger denies any characterization of the website and advertisement that is inconsistent with their content.

67.     Responding to Paragraph 67 of the 4AC, Ledger admits that it has designed, created, sold, and distributed Ledger Nano X and Ledger Nano S hardware wallets, which are designed to keep private keys secure. To the extent Plaintiff purports to summarize or depict a screen or page related to a Ledger hardware wallet, the screen or page speaks for itself and Ledger denies any characterization of the screen or page that is inconsistent with its content. Except as otherwise admitted, Ledger denies the remaining allegations in Paragraph 67.

68.     Responding to Paragraph 68 of the 4AC, Ledger admits that its Ledger Nano X and Ledger Nano S hardware wallets store only private keys. Ledger further admits that these wallets are never connected to the Internet. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding how all other cryptocurrency wallets operate, and on that basis denies those allegations.

69.     Responding to Paragraph 69 of the 4AC, Ledger admits that a PIN code is the first layer of security on Ledger Nano S and Ledger Nano X wallets. Ledger further admits that the wallets can only be accessed by entering a PIN code, which keeps them secure even if misplaced.

70.     Responding to Paragraph 70 of the 4AC, Ledger admits that it offers Ledger Live, an application designed to interface with Ledger hardware wallets and can be used to initialize the Ledger hardware wallets, install applications on the hardware wallets and, optionally to manage

digital assets (send/receive) as well as buy, sell and/or swap crypto-assets via third party services. To the extent Plaintiff purports to summarize, quote form, interpret, or depict a Ledger Live screen or page, the screen or page speaks for itself and Ledger denies any characterization of the screen or page that is inconsistent with its content.

71. Responding to Paragraph 71 of the 4AC, Ledger admits that it is a market leader for crypto-asset security and operates a successful business. Except as otherwise admitted, Ledger denies the allegations in Paragraph 71.

72. Responding to Paragraph 72 of the 4AC, Ledger admits that customers who purchased the hardware wallets from Ledger on https://shop.ledger.com/ provided their names, email addresses, delivery and billing addresses, and phone numbers to Ledger. Except as otherwise admitted, Ledger denies the allegations in Paragraph 72.

73. Responding to Paragraph 73 of the 4AC, Ledger admits that customers who purchased the hardware wallets from Ledger provided their names, email addresses, delivery and billing addresses, and phone numbers to Ledger. Ledger further admits that it updated its privacy policy on July 28, 2020. To the extent Plaintiff purports to quote, summarize, or interpret from Ledger's privacy policy, the policy speaks for itself and Ledger denies any characterization of the policy that is inconsistent with its content. Except as otherwise admitted, Ledger denies the allegations in Paragraph 73.

74. Responding to Paragraph 74 of the 4AC, Ledger admits that its Ledger Nano S and Ledger Nano X hardware wallets are never connected to the Internet, and, as a result, private keys have added protection from hackers. Ledger further admits that it is possible users might reveal information or pay money to malicious actors as a result of phishing or physical intimidation, but states that it is not aware of phishing attacks aimed at revealing a PIN code. Except as otherwise stated or admitted, Ledger denies the allegations in Paragraph 74.

75. Responding to Paragraph 75 of the 4AC, Ledger admits that phishing is a practice in which malicious actors attempt to deceive targets into revealing information through various means, including through spam emails with malicious links. Ledger states that the allegations of Paragraph 75 purport to provide an example of a phishing attack. Ledger states that it is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75, and on that basis denies those allegations.

76. Responding to Paragraph 76 of the 4AC, Ledger admits that it is aware of hackers' attempts to make increasingly sophisticated hacking attempts. Ledger states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76, and on that basis denies those allegations.

77. Responding to Paragraph 77 of the 4AC, Ledger admits that dual authentication is a method that requires multiple forms of identification to access a system or device. Ledger states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77, and on that basis denies those allegations.

78. Responding to Paragraph 78 of the 4AC, Ledger states that that a SIM swap attack may allow attackers to bypass dual-factor authentication on a mobile phone. Ledger admits the remaining allegations in Paragraph 78 insofar as they relate to SIM swap attacks on a mobile phone. Except as otherwise admitted, Ledger denies the remaining allegations in Paragraph 78.

79. Responding to Paragraph 79 of the 4AC, Baton's claims against Ledger have been dismissed. (November 8, 2021 Order, ECF No. 77); *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). As such, no response is required to Baton's allegations.

80. Responding to Paragraph 80 of the 4AC, Deeney's claims against Ledger have been dismissed. (November 8, 2021 Order, ECF No. 77); *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). As such, no response is required to Deeney's allegations.

81. Responding to Paragraph 81 of the 4AC, Ledger states that malicious actors can threaten crypto asset owners with physical intimidation or violence. Ledger admits that crypto asset owners do not need to visit any particular physical location to access, transfer, or use their crypto assets, but states that crypto-asset owners may choose to store their hardware wallet in a separate location. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations related to the modus operandi and abilities of unidentified

hackers in Paragraph 81, and on that basis denies those allegations. Except as otherwise stated or admitted, Ledger denies the remaining allegations in Paragraph 81.

82. Responding to Paragraph 82, Ledger states that malicious actors can target individuals using their personal information. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations related to the modus operandi and abilities of unidentified hackers, and on that basis denies those allegations. Except as otherwise stated, Ledger denies the remaining allegations in Paragraph 82.

83. Responding to Paragraph 83 of the 4AC, Ledger admits that its Ledger Nano S and Ledger Nano X are designed to keep crypto-assets secure, including against malicious actors. Except as otherwise admitted, Ledger denies the remaining allegations in Paragraph 83 of the 4AC.

84. Responding to Paragraph 84, Ledger states that malicious actors can use personal information as part of a phishing attack. Except as otherwise stated, Ledger denies the remaining allegations in Paragraph 84.

85. Responding to Paragraph 85, Ledger admits that it is aware of malicious actors placing stolen information on the "dark web" for sale. The Court dismissed all allegations related to any data security incident other than the TaskUs Incident. (ECF No. 167 at 4:26-4:28.) To the extent that Plaintiff's allegations relate to any other data security incident, no response is required. Ledger states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's and putative class members' data on the dark web due to the TaskUs Incident, and on that basis denies those allegations. Ledger denies the remaining allegations in Paragraph 85.

86. Responding to Paragraph 86, Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from a website, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content.

87. Responding to Paragraph 87 of the 4AC, the Court dismissed all allegations related to any data security incident other than the TaskUs Incident. (ECF No. 167 at 4:26-4:28.) Ledger admits that the names, email addresses, mailing addresses, telephone numbers, and/or product(s)

ordered of certain Ledger customers may have been implicated in the TaskUs Incident. Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from a website, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and on that basis denies those allegations.

88.     Responding to Paragraph 88 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from Ledger's advertisement, the advertisement speaks for itself and Ledger denies any characterization of the advertisement that is inconsistent with its content.

89.     Responding to Paragraph 89 of the 4AC, Ledger states that its Ledger Nano S or Nano X wallets are and have been secure. Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from Ledger's website or other public statements by Ledger, the website and public statements speak for themselves and Ledger denies any characterization of the website and public statements that is inconsistent with their content.

90.     Responding to Paragraph 90 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote one or more websites, the websites speak for themselves and Ledger denies any characterization of the websites that is inconsistent with their content.

91.     Responding to Paragraph 91 of the 4AC, to the extent that Plaintiff purports to summarize, interpret, or quote from Ledger advertisements, the advertisements speak for themselves and Ledger denies any characterization of the advertisements that is inconsistent with their content. Except as otherwise stated, Ledger denies the remaining allegations in Paragraph 91.

92.     Responding to Paragraph 92, Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from Ledger advertisements, the advertisements speak for themselves and Ledger denies any characterization of the advertisements that is inconsistent with their content. Ledger lacks knowledge or information sufficient to form a belief as to the truth of

the allegations as to consumer expectations or understandings, and on that basis denies those allegations.

93.     Responding to Paragraph 93 of the 4AC, Ledger admits that it has sold the Ledger Nano X wallet for $119 and Ledger Nano S wallet for $59.  Ledger states that to the extent that Paragraph 93 asserts conclusions of law, those conclusions require no response. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding putative class members' knowledge or consumer expectations or understandings, and on that basis denies those allegations.  Ledger denies the remaining allegations in Paragraph 93.

94.     Responding to Paragraph 94 of the 4AC, Ledger admits that it sells Ledger Nano S and Ledger Nano X hardware wallets directly via https://shop.ledger.com/ and indirectly through retailers like Amazon and Walmart.  Except as otherwise admitted, Ledger denies the remaining allegations in Paragraph 94.

95.     Responding to Paragraph 95 of the 4AC, Ledger admits that it contracted with Shopify Inc. to use its ecommerce platform for sales on https://shop.ledger.com/.  To the extent that Plaintiff purports to summarize, interpret, or quote from an article or website, the article or website speak for themselves and Ledger denies any characterization of the article or source that is inconsistent with their content.  Ledger states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95, and on that basis denies those allegations.

96.     Responding to Paragraph 96 of the 4AC, Ledger admits that it contracted with Shopify Inc. to use its ecommerce platform for sales on https://shop.ledger.com/.  To the extent that Plaintiff purports to summarize, interpret, or quote from an article or website, the article or website speak for themselves and Ledger denies any characterization of the article or source that is inconsistent with their content.  Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and on that basis denies those allegations.

97.     Responding to Paragraph 97 of the 4AC, Ledger admits that customers who purchased Ledger Nano S and Ledger Nano X hardware wallets from https://shop.ledger.com/ provided their names, email addresses, delivery and billing addresses, and phone numbers to

Ledger. Ledger admits that it contracted with Shopify Inc. to use its ecommerce platform for sales on https://shop.ledger.com/. Ledger states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97, and on that basis those allegations.

98. Responding to Paragraph 98 of the 4AC, Ledger admits that Shopify International Limited contracted with TaskUs to provide certain services in connection to Ledger's ecommerce platform. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98, and on that basis denies those allegations.

99. Responding to Paragraph 99 of the 4AC, Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 on that basis, denies those allegations.

100. Responding to Paragraph 100 of the 4AC, Ledger states that Shopify informed it of the TaskUs Incident on December 23, 2020. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100, and on that basis, denies those allegations.

101. Responding to Paragraph 101 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from Shopify's website, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 and on that basis denies those allegations.

102. Responding to Paragraph 102 of the 4AC, Ledger states that to the extent Plaintiff purports to summarize, interpret, or quote from a criminal indictment, the indictment speaks for itself and Ledger denies any characterization of the indictment that is inconsistent with its content Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 on that basis, denies them.

103. Responding to Paragraph 103 of the 4AC, Ledger admits that it has sold its Ledger Nano X and Ledger Nano S hardware wallets on the Internet, including to customers in the United States and other countries. Ledger further admits that it has advertised its Ledger Nano X

and Ledger Nano S hardware wallets on the Internet. Except as otherwise admitted, Ledger denies the remaining allegations in Paragraph 103.

104. Responding to Paragraph 104 of the 4AC, Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's exposure to and reliance on Ledger's representations and on that basis, denies those allegations. Ledger denies the remaining allegations in Paragraph 104.

105. Responding to Paragraph 105 of the 4AC, Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Shopify and TaskUs on that basis, denies those allegations. Ledger denies the remaining allegations in Paragraph 105.

106. Responding to Paragraph 106 of the 4AC, Ledger admits that in April 2020 two men hired by TaskUs stole the names, email addresses, mailing addresses, telephone numbers, and/or product(s) ordered of certain Ledger customers from Shopify Inc.'s database, and illegally exported this information in April 2020 and in June 2020. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Shopify's alleged "cover up," and on that basis, denies those allegations. Except as otherwise admitted, Ledger denies the remaining allegations in Paragraph 106.

107. Ledger denies the allegations in Paragraph 107 of the 4AC.

108. Responding to Paragraph 108 of the 4AC, Ledger admits that the names, email addresses, mailing addresses, telephone numbers, and/or product(s) ordered of certain Ledger customers may have been implicated in the TaskUs Incident. Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from websites, the websites speak for themselves and Ledger denies any characterization of the websites that is inconsistent with their content.

109. Responding to Paragraph 109 of the 4AC, Ledger states that Shopify informed it of the TaskUs Incident on December 23, 2020. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Shopify's alleged actions (or lack thereof) and on that basis, denies those allegations. Ledger denies the remaining allegations in Paragraph 109.

110.     Responding to Paragraph 110 of the 4AC, Ledger states that Shopify informed it of the TaskUs Incident on December 23, 2020.  Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from a website, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content.

111.     Responding to Paragraph 111 of the 4AC, Ledger states that Shopify informed it of the TaskUs Incident on December 23, 2020, and that Ledger disclosed the TaskUs Incident on or about January 13, 2021.  Ledger states that to the extent that Paragraph 111 asserts conclusions of law, those conclusions require no response.  Except as otherwise stated, Ledger denies the remaining allegations in Paragraph 111.

112.     Responding to Paragraph 112 of the 4AC, Ledger states that Shopify informed it of the TaskUs Incident on December 23, 2020.  Ledger states that to the extent that Paragraph 112 asserts conclusions of law, those conclusions require no response.  Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from a Ledger Tweet, the Tweet speaks for itself and Ledger denies any characterization of the Tweet that is inconsistent with its content.  Except as otherwise stated, Ledger denies the allegations in Paragraph 112.

113.     Responding to Paragraph 113 of the 4AC, the Court dismissed all allegations related to any data security incident other than the TaskUs Incident.  (ECF No. 167 at 4:26-4:28.)  As such, to the extent Paragraph 113 refers to any incident other than the TaskUs Incident, no response is required to those allegations.  Ledger states that Shopify informed it of the TaskUs Incident on December 23, 2020.  Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from a website or Ledger announcement, the website and announcement speak for themselves and Ledger denies any characterization of the website and announcement that is inconsistent with their content.  Except as otherwise stated, Ledger denies the remaining allegations in Paragraph 113.

114.     Ledger denies the allegations in Paragraph 114 of the 4AC.

115.     Responding to Paragraph 115 of the 4AC, Ledger states that Shopify informed it of the TaskUs Incident on December 23, 2020.  Ledger further states that to the extent that

Paragraph 115 asserts conclusions of law, those conclusions require no response.  Except as otherwise stated, Ledger denies the allegations in Paragraph 115.

116.    Responding to Paragraph 116 of the 4AC, the Court dismissed all allegations related to any data security incident other than the TaskUs Incident.  (ECF No. 167 at 4:26-4:28.)  As such, to the extent Paragraph 116 refers to any incident other than the TaskUs Incident, no response is required to those allegations.  Except as otherwise stated, Ledger denies the remaining allegations in Paragraph 116.

117.    Responding to Paragraph 117 of the 4AC, the Court dismissed all allegations related to any data security incident other than the TaskUs Incident.  (ECF No. 167 at 4:26-4:28.)  As such, to the extent Paragraph 117 refers to any incident other than the TaskUs Incident, no response is required to those allegations.

118.    Responding to Paragraph 118 of the 4AC, the Court dismissed all allegations related to any data security incident other than the TaskUs Incident.  (ECF No. 167 at 4:26-4:28.)  As such, to the extent Paragraph 118 refers to any incident other than the TaskUs Incident, no response is required to those allegations.

119.    Responding to Paragraph 119 of the 4AC, the Court dismissed all allegations related to any data security incident other than the TaskUs Incident.  (ECF No. 167 at 4:26-4:28.)  As such, to the extent Paragraph 119 refers to any incident other than the TaskUs Incident, no response is required to those allegations.

120.    Responding to Paragraph 120 of the 4AC, the Court dismissed all allegations related to any data security incident other than the TaskUs Incident.  (ECF No. 167 at 4:26-4:28.)  As such, to the extent Paragraph 120 refers to any incident other than the TaskUs Incident, no response is required to those allegations.  Ledger states that Shopify informed it of the TaskUs Incident on December 23, 2020.  Ledger states that insofar as the allegations in Paragraph 120 state conclusions of law, no response is required.  Except as otherwise stated, Ledger denies the remaining allegations in Paragraph 120.

121.    Responding to Paragraph 121 of the 4AC, the Court dismissed all allegations related to any data security incident other than the TaskUs Incident.  (ECF No. 167 at 4:26-4:28.)

As such, to the extent Paragraph 121 refers to any incident other than the TaskUs Incident, no response is required to those allegations.

122. Responding to Paragraph 122 of the 4AC, the Court dismissed all allegations related to any data security incident other than the TaskUs Incident. (ECF No. 167 at 4:26-4:28.) As such, to the extent Paragraph 122 refers to any incident other than the TaskUs Incident, no response is required to those allegations.

123. Responding to Paragraph 123 of the 4AC, Ledger states that Shopify informed it of the TaskUs Incident on December 23, 2020. The Court dismissed all allegations related to any data security incident other than the TaskUs Incident. (ECF No. 167 at 4:26-4:28.) As such, to the extent Paragraph 123 refers to any incident other than the TaskUs Incident, no response is required to those allegations. Ledger states that to the extent that Paragraph 123 asserts conclusions of law, those conclusions require no response. Except as otherwise stated, Ledger denies the allegations in Paragraph 123.

124. Responding to Paragraph 124 of the 4AC, Ledger states that Shopify informed it of the TaskUs Incident on December 23, 2020. Except as otherwise stated, Ledger denies the allegations in Paragraph 124.

125. Responding to Paragraph 125, Ledger states that malicious actors can target individuals' for their personal information using emails and text messages. Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from websites, the websites speak for themselves and Ledger denies any characterization of the websites that is inconsistent with their content. Ledger states it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125, and on that basis denies those allegations.

126. Responding to Paragraph 126 of the 4AC, Ledger admits that malicious actors may use phishing emails to acquire a target's personal information, and states that Ledger is aware of phishing attempts on the cryptocurrency asset ecosystem, including on Ledger customers. Ledger states that to the extent that Paragraph 126 asserts conclusions of law, those conclusions require no response. Ledger lacks knowledge or information sufficient to form a belief as to the truth of

the allegations regarding Plaintiff's and putative class members' personal encounters with phishing attempts, and on that basis denies those allegations. Except as otherwise stated or admitted, Ledger denies the remaining allegations in Paragraph 126.

127. Responding to Paragraph 127 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, quote from, or depict an email or letter in Paragraph 127, the email and letter speak for themselves and Ledger denies any characterization of the email and letter that is inconsistent with their content.

128. Responding to Paragraph 128 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from a website, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content.

129. Responding to Paragraph 129 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, quote from, or depict an email, the email speaks for itself and Ledger denies any characterization of the email that is inconsistent with its content.

130. Responding to Paragraph 130 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, quote from, or depict an email, the email speaks for itself and Ledger denies any characterization of the email that is inconsistent with its content.

131. Responding to Paragraph 131 of the 4AC, Ledger states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to attempts made by unidentified hackers, and on that basis denies those allegations. Ledger denies the remaining allegations in Paragraph 131.

132. Responding to Paragraph 132 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, quote from, or depict a text message, the text message speaks for itself and Ledger denies any characterization of the text message that is inconsistent with its content.

133. Responding to Paragraph 133 of the 4AC, Baton's claims against Ledger have been dismissed. (November 8, 2021 Order, ECF No. 77); *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). As such, no response is required to Baton's allegations. To the extent that Plaintiff makes any allegations in Paragraph 133, Ledger lacks

knowledge or information sufficient to form a belief as to the truth of the allegations related to attempts made by unidentified hackers posing as Stellar, and on that basis denies those allegations.

134. Responding to Paragraph 134 of the 4AC, Baton's claims against Ledger have been dismissed. (November 8, 2021 Order, ECF No. 77); *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). As such, no response is required to Baton's allegations. To the extent that Plaintiff makes any allegations in Paragraph 134, Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to attempts made by unidentified hackers posing as Stellar, and on that basis denies those allegations.

135. Responding to Paragraph 135 of the 4AC, Baton's claims against Ledger have been dismissed. (November 8, 2021 Order, ECF No. 77); *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). As such, no response is required to Baton's allegations. To the extent that Plaintiff makes any allegations in Paragraph 135, Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to attempts made by unidentified hackers posing as Stellar, and on that basis denies those allegations.

136. Responding to Paragraph 136 of the 4AC, Ledger admits that a SIM swap is a type of scam where a malicious actor takes control of a person's phone number by tricking a mobile carrier into transferring the number to a hacker's SIM card. Ledger states that that a SIM swap attack may allow attackers to bypass dual-factor authentication. Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from a website, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content. Except as otherwise admitted, Ledger denies the remaining allegations in Paragraph 136.

137. Ledger denies the allegations in Paragraph 137 of the 4AC.

138. Ledger denies the allegations in Paragraph 138 of the 4AC.

139. Responding to Paragraph 139 of the 4AC, the Court dismissed all allegations related to any data security incident other than the TaskUs Incident. (ECF No. 167 at 4:26-4:28.)

As such, to the extent Paragraph 139 refers to any incident other than the TaskUs Incident, no response is required to those allegations.  To the extent Paragraph 139 refers to the TaskUs Incident, Ledger states that to the extent that Plaintiff purports to summarize, interpret, quote from, or describe an article or website, the article and website speak for themselves and Ledger denies any characterization of the article and website that is inconsistent with their content. Ledger denies the remaining allegations in Paragraph 139.

140.    Ledger denies the allegations in Paragraph 140 of the 4AC.

141.    Responding to Paragraph 141 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, quote from, or depict a text message—or purports to summarize, interpret, quote from, or describe articles  or websites—the text message, articles, and websites speak for themselves and Ledger denies any characterization of the text message, articles and websites that is inconsistent with their content.

142.    Responding to Paragraph 142 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from a Ledger Tweet, that Tweet speaks for itself and Ledger denies any characterization of that Tweet that is inconsistent with its content. Ledger denies the remaining allegations in Paragraph 142.

143.    Responding to Paragraph 143 of the 4AC, to the extent that Plaintiff purports to summarize, interpret, quote from, or depict social media posts, the social media posts speak for themselves and Ledger denies any characterization of the social media posts that is inconsistent with their content.  Ledger denies the remaining allegations in Paragraph 143.

144.    Responding to Paragraph 144 of the 4AC, Ledger admits that the names, email addresses, mailing addresses, telephone numbers, and/or product(s) ordered of certain Ledger customers may have been implicated in the TaskUs Incident.  Ledger further admits that, once someone has access to a private key, they can effect transfers out of a cryptocurrency account. Except as otherwise admitted, Ledger denies the remaining allegations in Paragraph 144.

145.    Ledger denies the allegations in Paragraph 145 of the 4AC.

146.    Responding to Paragraph 146 of the 4AC, Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's counsel's call

with a Glendale police officer or threats received by unnamed putative class members and on that basis denies those allegations. Ledger further states that to the extent that Plaintiff purports to summarize, interpret, quote from, or describe a police report in Exhibit 1, the police report speaks for itself and Ledger denies any characterization of the police report that is inconsistent with its content.

147. Responding to Paragraph 147 of the 4AC, Ledger admits that it is aware of customers expressing concerns about their physical safety. To the extent that Plaintiff purports to summarize, interpret, or quote from a website, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147, and on that basis denies them.

148. Responding to Paragraph 148 of the 4AC, Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and on that basis denies those allegations.

149. Responding to Paragraph 149 of the 4AC, Deeney's claims against Ledger have been dismissed. (November 8, 2021 Order, ECF No. 77); *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). As such, no response is required to Deeney's allegations.

150. Responding to Paragraph 150 of the 4AC, Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and on that basis denies those allegations.

151. Responding to Paragraph 151 of the 4AC, to the extent that Plaintiff purports to summarize, interpret, quote from, or depict a social media post, the social media post speaks for itself and Ledger denies any characterization of the social media post that is inconsistent with its content.

152. Responding to Paragraph 152 of the 4AC, to the extent that Plaintiff purports to summarize, interpret, quote from, or depict a social media post, the social media post speaks for

itself and Ledger denies any characterization of the social media post that is inconsistent with its content.

153.    Responding to Paragraph 153 of the 4AC, to the extent that Plaintiff purports to summarize, interpret, quote from, or depict a social media post, the social media post speaks for itself and Ledger denies any characterization of the social media post that is inconsistent with its content.

154.    Ledger denies the allegations in Paragraph 154 of the 4AC.

155.    Responding to Paragraph 155 of the 4AC, Plaintiff's claims for emotional distress have been dismissed. (July 16, 2024 Order, ECF No. 148 at 20:8-25.) As such, no response is required to those allegations. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding scams or threats directed to him, and basis denies those allegations. Ledger denies the remaining allegations in Paragraph 155.

156.    Responding to Paragraph 156 of the 4AC, Ledger admits that phishing is a practice in which malicious actors attempt to deceive targets into revealing information through various means, including through spam emails with malicious links, and states that Ledger is aware of phishing attempts from malicious actors pretending to be Ledger. To the extent that Plaintiff purports to summarize, interpret, quote from, or depict a phishing letter, the letter speaks for itself and Ledger denies any characterization of the letter that is inconsistent with its content. Except as otherwise stated, Ledger denies the remaining allegations in Paragraph 156.

157.    Responding to Paragraph 157 of the 4AC, Baton's, Comilla's, Deeney's, and Vilinger's claims against Ledger have been dismissed. (November 8, 2021 Order, ECF No. 77); *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). As such, no response is required to their allegations. To the extent Paragraph 157 includes allegations about individuals other than Baton, Comilla, Deeney, and Vilinger, Ledger lacks knowledge or information sufficient to form a belief as to those allegations, and on that basis denies them.

158.    Responding to Paragraph 158 of the 4AC, Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations. To the extent that Plaintiff purports to summarize, interpret, quote from a Tweet, the

Tweet speaks for itself and Ledger denies any characterization of the Tweet that is inconsistent with their content.

159. Responding to Paragraph 159 of the 4AC, Ledger admits that the names, email addresses, mailing addresses, telephone numbers, and/or product(s) ordered of certain Ledger customers may have been implicated in the TaskUs Incident. The Court dismissed all allegations related to any data security incident other than the TaskUs Incident. (ECF No. 167 at 4:26-4:28.) As such, to the extent Paragraph 159 refers to any incident other than the TaskUs Incident, no response is required to those allegations.

160. Responding to Paragraph 160 of the 4AC, Ledger states that Shopify informed it of the TaskUs Incident on December 23, 2020. The Court dismissed all allegations related to any data security incident other than the TaskUs Incident. (ECF No. 167 at 4:26-4:28.) As such, to the extent Paragraph 160 refers to any incident other than the TaskUs Incident, no response is required to those allegations.

161. Responding to Paragraph 161 of the 4AC, Ledger admits that it is aware of reports from some Ledger customers that they received threats. Ledger states that to the extent that Plaintiff purports to summarize, interpret, quote from, or depict a social media post, the social media post speaks for itself and Ledger denies any characterization of the social media post that is inconsistent with its content. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 161 and on that basis, denies them.

162. Responding to Paragraph 162 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, quote from, or depict a forged letter—or purports to summarize, interpret, quote from, or describe a website—the forged letter and website speak for themselves and Ledger denies any characterization of the letter and website that is inconsistent with their content. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162, including attempts made by unidentified hackers, and on that basis denies those allegations.

163. Responding to Paragraph 163 of the 4AC, Baton's, Comilla's, Deeney's, and Vilinger's claims against Ledger have been dismissed. (November 8, 2021 Order, ECF No. 77);

*Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022). As such, no response is required to Baton's, Comilla's, Deeney's, and Vilinger's allegations. As to Plaintiff's allegations, Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163, and on that basis denies those allegations. Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from a government website in Paragraph 163, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content.

164. Responding to Paragraph 164 of the 4AC, Ledger admits that the names, email addresses, mailing addresses, telephone numbers, and/or product(s) ordered of certain Ledger customers may have been implicated in the TaskUs Incident. Ledger states that to the extent the allegations in Paragraph 164 state conclusions of law, no response is required. Except as otherwise admitted or stated, Ledger denies the remaining allegations in Paragraph 164.

165. Responding to Paragraph 165 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from a website, the website speaks for itself and Ledger denies any characterization of the website that is inconsistent with its content. Except as otherwise stated, Ledger denies the allegations in Paragraph 165.

166. Responding to Paragraph 166 of the 4AC, Ledger admits that transmitting information on the Internet is not entirely secure and that companies must implement necessary measures to safeguard consumer data at an appropriate level of security. Except as otherwise admitted, Ledger denies the allegations in Paragraph 166.

167. Responding to Paragraph 167 of the 4AC, the Court dismissed all allegations related to any data security incident other than the TaskUs Incident. (ECF No. 167 at 4:26-4:28.) As such, to the extent Paragraph 17 refers to any incident other than the TaskUs Incident, no response is required to those allegations. Ledger states that the TaskUs Incident did not involve Ledger's systems. Ledger admits that transmitting information on the Internet is not entirely secure and that companies must implement necessary measures to safeguard consumer data at an appropriate level of security. Except as otherwise stated or admitted, Ledger denies the remaining allegations in Paragraph 167.

168.     Responding to Paragraph 168 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from the contents of a website, the website speaks for itself, and Ledger denies any characterization of the website that is inconsistent with its content.

169.     Responding to Paragraph 169 of the 4AC, Ledger admits that transmitting information on the Internet is not entirely secure and that companies must implement necessary measures to safeguard consumer data at an appropriate level of security.  Ledger lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph 169, and on that basis denies those allegations.

170.     Responding to Paragraph 170 of the 4AC, Ledger states that to the extent the allegations in Paragraph 170 state conclusions of law, no response is required.  Ledger responds that to the extent that Plaintiff purports to summarize, interpret, or describe the contents of unidentified government warnings, the warnings speak for themselves, and Ledger denies any characterization of the warnings that is inconsistent with their content.

171.     Responding to Paragraph 171 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from a website, the website speaks for itself, and Ledger denies any characterization of the website that is inconsistent with its content.  Except as otherwise stated, Ledger denies the allegations in Paragraph 171.

172.     Responding to Paragraph 172 of the 4AC, to the extent that Plaintiff purports to summarize, interpret, or quote from the contents of websites, the websites speak for themselves, and Ledger denies any characterization of the websites that is inconsistent with their content.  Except as otherwise stated, Ledger denies the allegations of Paragraph 172.

173.     Responding to Paragraph 173 of the 4AC, Ledger admits that transmitting information on the Internet is not entirely secure and that companies must implement necessary measures to safeguard consumer data at an appropriate level of security.  Except as otherwise admitted, Ledger denies the remaining allegations in Paragraph 173.

174.     Responding to Paragraph 174 of the 4AC, Ledger admits that transmitting information on the Internet is not entirely secure and that companies must implement necessary

measures to safeguard consumer data at an appropriate level of security.  Ledger states that to the extent the allegations in Paragraph 174 state conclusions of law, no response is required.  Except as otherwise stated or admitted, Ledger denies the remaining allegations in Paragraph 174.

175.    Responding to Paragraph 175 of the 4AC, Ledger admits that customers who purchased the hardware wallets from Ledger provided their names, email addresses, delivery and billing addresses, and phone numbers to Ledger.  Ledger states that to the extent the allegations in Paragraph 175 state conclusions of law, no response is required.  Except as otherwise admitted or stated, Ledger denies the remaining allegations in Paragraph 175.

176.    Responding to Paragraph 176 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, quote from, or describe the contents of a website, the website speaks for itself, and Ledger denies any characterization of the website that is inconsistent with its content. Except as otherwise stated, Ledger denies the remaining allegations in Paragraph 176.

177.    Responding to Paragraph 177 of the 4AC, Baton's, Comilla's, Deeney's, and Vilinger's claims against Ledger have been dismissed.  (November 8, 2021 Order, ECF No. 77); *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022).  As such, no response is required to Baton's, Comilla's, Deeney's, and Vilinger's allegations.  As to Plaintiff's allegations, Ledger denies the allegations in Paragraph 177.

178.    Ledger denies the allegations in Paragraph 178 of the 4AC.

179.    Responding to Paragraph 179 of the 4AC, Baton's, Comilla's, Deeney's, and Vilinger's claims against Ledger have been dismissed.  (November 8, 2021 Order, ECF No. 77); *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022).  As such, no response is required to Baton's, Comilla's, Deeney's, and Vilinger's allegations.  As to Plaintiff's allegations, Ledger lacks knowledge or information sufficient to form a belief as to truth of the allegations related to Plaintiff's personal experiences, and on that basis denies those allegations.

180.    Responding to Paragraph 180 of the 4AC, Ledger lacks knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 180, including as to

Plaintiff's "technology background," and on that basis denies those allegations. Ledger denies the remaining allegations in Paragraph 180.

181.    Responding to Paragraph 181 of the 4AC, Ledger admits that the names, email addresses, mailing addresses, telephone numbers, and/or product(s) ordered of certain Ledger customers may have been implicated in the TaskUs Incident. Ledger denies the remaining allegations in Paragraph 181.

182.    Responding to Paragraph 182 of the 4AC, Ledger admits that the names, email addresses, mailing addresses, telephone numbers, and/or product(s) ordered of certain Ledger customers may have been implicated in the TaskUs Incident. Plaintiff's claims for emotional distress have been dismissed. (July 16, 2024, ECF No. 148 at 20:8-25.) Except as otherwise admitted, Ledger denies the allegations in Paragraph 182.

183.    Ledger denies the allegations in Paragraph 183 of the 4AC.

184.    Responding to Paragraph 184 of the 4AC, Ledger states that to the extent that Paragraph 93 asserts conclusions of law, those conclusions require no response. Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to consumer expectations or understandings, and on that basis denies those allegations. Except as otherwise, stated, Ledger denies the remaining allegations in Paragraph 184.

## V.    CLASS ALLEGATIONS

185.    Responding to Paragraph 185 of the 4AC, Ledger admits that Plaintiff purports to bring a class action lawsuit, intends to seek certification of the proposed class, and reserves the "right" to amend the proposed class definition. Ledger denies that class treatment is appropriate or warranted in this case.

186.    Responding to Paragraph 186 of the 4AC, Ledger admits that Plaintiff purports to bring a class action against Ledger. Ledger denies that class treatment is appropriate. Ledger states that to the extent the allegations in Paragraph 186 state conclusions of law, no response is required. Except as otherwise stated, Ledger denies the allegations in Paragraph 186.

187.    Responding to Paragraph 187 of the 4AC, Ledger admits that Plaintiff purports to bring a class action against Ledger. Ledger denies that class treatment is appropriate. Ledger

states that to the extent the allegations in Paragraph 187 state conclusions of law, no response is required. Except as otherwise stated, Ledger denies the allegations in Paragraph 187.

188. Responding to Paragraph 188 of the 4AC, Ledger admits that Plaintiff purports to bring a class action against Ledger. Ledger denies that class treatment is appropriate. Ledger states that to the extent the allegations in Paragraph 188 state conclusions of law, no response is required. Except as otherwise stated, Ledger denies the allegations in Paragraph 188.

189. Responding to Paragraph 189 of the 4AC, Ledger admits that Plaintiff purports to bring a class action against Ledger. Ledger denies that class treatment is appropriate. To the extent the allegations in Paragraph 189 state conclusions of law, no response is required. Except as otherwise stated or admitted, Ledger denies the remaining allegations in Paragraph 189.

190. Responding to Paragraph 190 of the 4AC, Ledger admits that Plaintiff purports to bring a class action against Ledger. Ledger denies that class treatment is appropriate. Ledger states that to the extent the allegations in Paragraph 190 state conclusions of law, no response is required. Except as otherwise stated, Ledger denies the allegations in Paragraph 190.

191. Responding to Paragraph 191 of the 4AC, Ledger admits that Plaintiff purports to bring a class action against Ledger. Ledger denies that class treatment is appropriate. Ledger states that to the extent the allegations in Paragraph 191 state conclusions of law, no response is required. Except as otherwise stated, Ledger denies the allegations in Paragraph 191.

## FIRST CAUSE OF ACTION

## CALIFORNIA UNFAIR COMPETITION LAW

192. Responding to Paragraph 192 of the 4AC, Ledger hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

193. Responding to Paragraph 193 of the 4AC, Ledger admits that it is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

194. Responding to Paragraph 194 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from the contents of a statute, the statute speaks for itself and Ledger denies any characterization of that statue that is inconsistent with its

content.  Ledger further states that to the extent the allegations in Paragraph 194 state conclusions of law, no response is required.  Except as otherwise stated, Ledger denies the remaining allegations in Paragraph 194.

### a.        "Unfair" Prong

195.        Responding to Paragraph 195 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from the contents of a statute or judicial decision, the statute and judicial decision speak for themselves, and Ledger denies any characterization of the statute and judicial decision that are inconsistent with their content.

196.        Ledger denies the allegations in Paragraph 196 of the 4AC.

197.        Ledger denies the allegations in Paragraph 197 of the 4AC.

198.        Ledger denies the allegations in Paragraph 198 of the 4AC.

199.        Ledger denies the allegations in Paragraph 199 of the 4AC.

200.        Ledger denies the allegations in Paragraph 200 of the 4AC.

201.        Responding to Paragraph 201 of the 4AC, Ledger denies that it furthered its legitimate business interests through unfair conduct.

202.        Ledger denies the allegations in Paragraph 202 of the 4AC.

203.        Ledger denies the allegations in Paragraph 203 of the 4AC.

204.        Ledger denies the allegations in Paragraph 204 of the 4AC.

205.        Ledger denies the allegations in Paragraph 205 of the 4AC.

206.        Ledger denies the allegations in Paragraph 206 of the 4AC.

207.        Responding to Paragraph 207 of the 4AC, Ledger admits that Plaintiff purports to seek restitution for himself and on behalf of a putative class, but denies that class treatment or the relief requested is appropriate or warranted.  Ledger lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 related to Plaintiff's expectations when purchasing the Ledger Nano X wallet in March 2019 or under what circumstances Plaintiff would or would not have made that purchase of a Ledger hardware wallet and on that basis, denies those allegations.  Ledger denies the remaining allegations in Paragraph 207.

### b. "Unlawful" Prong

208. Responding to Paragraph 208 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from a statute or judicial decision, the statute and judicial decision speak for themselves and Ledger denies any characterization of the state and judicial decision that is inconsistent with their content.

209. Ledger denies the allegations in Paragraph 209 of the 4AC.

210. Ledger denies the allegations in Paragraph 210 of the 4AC.

211. Ledger denies the allegations in Paragraph 211 of the 4AC.

212. Ledger denies the allegations in Paragraph 212 of the 4AC.

213. Responding to Paragraph 213 of the 4AC, Ledger states that to the extent that Plaintiff purports to summarize, interpret, or quote from statutes, the statutes speak for themselves and Ledger denies any characterization of the statutes that is inconsistent with their content. Ledger denies the remaining allegations in Paragraph 213.

214. Ledger denies the allegations in Paragraph 214 of the 4AC.

### PRAYER FOR RELIEF

Ledger denies that Plaintiff is entitled to any of the requested relief, including the relief requested in paragraphs (a) through (f) under the section entitled "Prayer for Relief."

### AFFIRMATIVE DEFENSES

As to affirmative defenses to the 4AC, Ledger does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion on any matters as to which Plaintiff has the burden of proof or persuasion. The following affirmative defenses are based on Ledger's knowledge, information, and belief at this time, and Ledger specifically reserves the right to modify, amend, or supplement any affirmative defense contained in this Answer. Ledger reserves the right to assert other defenses as information is gathered through discovery and investigation.

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Article III Standing)

Plaintiff and putative class members lack Article III standing because they have not suffered any injury-in-fact that can be fairly traced to the TaskUs Incident.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Statutory Standing)

Plaintiff and putative class members lack UCL statutory standing because they have not lost money or property as a result of the TaskUs Incident.

## THIRD AFFIRMATIVE DEFENSE

### (No Injury, Harm, or Damage)

The claims of Plaintiff and the claims of the putative class are barred, in whole or in part, because they have not sustained any injury, harm, or damage.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff and the putative class have failed to mitigate financial loss, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Offset)

Any claims for restitution or other monetary recovery by Plaintiff or the putative class must be offset and reduced by the value received.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Causation; Superseding or Intervening Third Party Conduct)

Plaintiff's claims are barred because Plaintiff's alleged harm, if any, was caused by the acts of third parties and Ledger was not responsible for their conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Causation; Superseding or Intervening Criminal Conduct)

Plaintiff's claims are barred because Plaintiff's alleged harm, if any, is the result of intervening criminal conduct of a third party.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff's claims are barred, in whole or in part, because at all times Ledger acted in good faith and in compliance with any applicable statutes and/or regulations.

## NINTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiff's claims are barred, in whole or in part, by assumption of risk in that the transmittal of data on the Internet is never entirely secure.

## TENTH AFFIRMATIVE DEFENSE

### (Adequate Legal Remedy)

Plaintiff cannot recover equitable relief because he does not lack an adequate legal remedy. *Sonner v. Premier Nutrition*, 971 F.3d 834 (9th Cir. 2020).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Improper Forum)

Plaintiff's claims are barred, in whole or in part, because they are subject to the exclusive jurisdiction of the French courts.

## <u>DEMAND FOR JURY TRIAL</u>

Ledger hereby demands a trial by jury on all issues upon which trial by jury may be had.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Ledger prays for the following relief:

1.     That judgment on the 4AC, and on each cause of action alleged in the 4AC, be entered in favor of Ledger;

2.     That this Court finds that this suit cannot be maintained as a class action;

3.     That this Court denies Plaintiff or the members of the purported class relief of any kind;

4.    That Ledger be awarded its costs incurred, including reasonable attorneys' fees; and

5.    For such other or further relief as this Court may deem just and proper.


Dated: April 4, 2025                              MORRISON & FOERSTER LLP


By: */s/ Purvi G. Patel*
Purvi G. Patel

***Attorney for Defendant Ledger SAS***