| | |
|---|---|
| Todd M. Schneider (SBN 158253)<br>Jason H. Kim (SBN 220279)<br>Matthew S. Weiler (SBN 236052)<br>**SCHNEIDER WALLACE**<br>**COTTRELL KONECKY LLP**<br>2000 Powell Street, Suite 1400<br>Emeryville, California 94608<br>Telephone: (415) 421-7100<br>Email: tschneider@schneiderwallace.com<br>Email: jkim@schneiderwallace.com<br>Email: mweiler@schneiderwallace.com<br><br>**CLARKSON LAW FIRM, P.C.**<br>Ryan J. Clarkson (SBN 257074)<br>Bahar Sodaify (SBN 289730)<br>Yana Hart (SBN 306499)<br>22525 Pacific Coast Highway<br>Malibu, CA 90265<br>Telephone: (213) 788-4050<br>Email: rclarkson@clarksonlawfirm.com<br>Email: bsodaify@clarksonlawfirm.com<br>Email: yhart@clarksonlawfirm.com | Richard Cipolla (*pro hac vice*)<br>**FREEDMAN NORMAND**<br>**FRIEDLAND LLP**<br>155 E. 44th, Suite 915<br>New York, NY 10017<br>Telephone: (646) 970-7509<br>Email: tnormand@fnf.law<br>Email: rcipolla@fnf.law<br><br>Velvel Freedman (*pro hac vice*)<br>**FREEDMAN NORMAND**<br>**FRIEDLAND LLP**<br>1 SE 3rd Ave, Suite 1240<br>Miami, FL 33131<br>Telephone: (305) 971-5943<br>Email: vel@fnf.law |

*Counsel for Plaintiffs and the Proposed Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAEEM SEIRAFI, EDWARD BATON, ANTHONY COMILLA, BRETT DEENEY, and ABRAHAM VILINGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEDGER SAS, and TASKUS, INC.,<br><br>Defendants. | Case No. 3:21-cv-02470-EMC<br><br>**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**<br><br>**Hearing Information**<br>Date:<br>Time: 1:30 p.m.<br>Courtroom: 5<br>Hon. Edward M. Chen<br><br>Complaint Filed: April 6, 2021<br>FAC Filed: June 9, 2021<br>SAC Filed: December 7, 2023<br>TAC Filed: August 22, 2024 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs respectfully submit this Reply in further support of their Motion for Entry of Final Judgment under Federal Rule of Civil Procedure 54(b) as to the dismissed California Consumers Legal Remedies Act (CLRA) claim against Defendant Ledger SAS ("Ledger").

Plaintiffs seek certification of a finally dismissed claim that is legally distinct from the one that remains, and whose early resolution will promote judicial efficiency. Because the CLRA and UCL claims are governed by different standards and forms of relief, and because resolution of the former could avoid future duplicative proceedings on reliance and damages, Rule 54(b) certification is warranted under the pragmatic approach applied by the Ninth Circuit.

Ledger does not dispute that the CLRA claim has been dismissed with prejudice, which satisfies the finality prong of Rule 54(b). Nor does Ledger dispute that the CLRA and UCL have differing legal standards: The CLRA provides for statutory damages and fees and imposes heightened reliance and intent requirements; the surviving UCL claim, by contrast, is limited to equitable relief under the "unlawful" and "unfair" prongs, and does not require a showing of reliance. This is sufficient for certification. *See* Plaintiffs' Reply Brief to TaskUs and Shopify's Opposition at 6-7 (explaining the relevance of different facts, legal issues, and remedies in determining whether Rule 54(b) certification is appropriate).

Ledger's opposition misconstrues the standard for Rule 54(b) certification and ignores the authorities Plaintiffs relied upon in favor of cherry-picked, older cases with outdated views. While Ledger puts substantial weight on the supposed factual overlap between the dismissed CLRA claim and the remaining UCL claim, Rule 54(b) does not require the claims to be factually separate. As Wright & Miller explain, "a separate claim for purposes of Rule 54(b) is [not] one that must be entirely distinct from all the other claims in the action and arise from a different occurrence or transaction." 10 Fed. Prac. & Proc. Civ. § 2657 (4th ed.). Legal separability, not factual isolation, is what matters. *See Cullen v. Margiotta,* 811 F.2d 698, 710 (2d Cir. 1987) (considering whether the relevant claims' "elements and the potential recoveries differ").

In fact, the Ninth Circuit's pragmatic approach in fact recognizes that factual overlap can *generate* efficiencies for separate claims to avoid a "second trial" with "much of the same evidence."

*E.g.*, *Crowe v. Cnty. of San Diego*, No. 99CV0241 R (RBB), 2005 WL 8156612, at *5 (S.D. Cal. July 25, 2005) (holding that while "both claims necessarily require" overlapping "proof of the evidence . . . , this factual overlap does not preclude application of Rule 54(b)" (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991)); *see also Leeper v. City of Tacoma*, No. 3:20-CV-5467-BHS-DWC, 2021 WL 8697897, at *3 (W.D. Wash. Dec. 10, 2021), *report and recommendation adopted*, 2022 WL 1801128 (W.D. Wash. June 2, 2022) ("While [it] may be true [that the remaining claims have distinct legal theories], holding two trials on the same set of facts . . . is judicially inefficient and financially burdensome to the parties."). Ledger basically ignores cases like *Leeper*, which Plaintiffs discussed extensively (Mot. at 11-12) giving them back of the hand treatment (Opp. at 8-9).

The efficiencies here similar to those in *Leeper* in and *Crowe*. An immediate appeal here could be coordinated with any appeal from final judgment entered as to the Shopify and TaskUs Defendants—ensuring a single appellate review of a unified record. If Plaintiffs prevail, that would avoid the need for a second trial focused solely on reliance or damages under the CLRA. This is precisely the sort of pragmatic judicial efficiency Rule 54(b) was designed to support. Contrary to Ledger's characterization, avoiding wasteful litigation in the trial court should be a shared goal given the case's complexity. This is a putative class action involving a multistage data breach, multiple actors with separate roles in the incident, and overlapping claims governed by different consumer protection statutes. The class nature of the case alone introduces complexity regarding certification, notice, and classwide relief. Immediate review of the threshold CLRA issue may help narrow the path forward and promote clarity in what is, by any measure, a procedurally demanding case.

In contrast, the *marginal* prejudice to Ledger from certification and immediate appeal is negligible—particularly given that Plaintiffs would likely appeal the CLRA dismissal at some point anyway. To the extent that appeal happens now rather than years from now, it promotes economy for both sides. The Ninth Circuit will have time to rule on the issue before trial, allowing the parties avoid duplicative proceedings on reliance, damages, and class certification down the line.

Conversely, withholding certification risks significant inefficiency. If Plaintiffs prevail later, the Court and parties would face another phase of litigation involving overlapping facts, witnesses, and evidence—all of which could be avoided by allowing narrow appellate review now. *Leeper*, 2021 WL 8697897, at *3 (certifying under Rule 54(b) to avoid risk of duplicative trials).

Ignoring the efficiencies, Ledger promotes an outdated and overly restrictive view of Rule 54(b). Ledger repeatedly cites *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962 (9th Cir. 1981) (Opp. at 9), despite the Ninth Circuit's express instruction in *Texaco*, 939 F.2d at that *Morrison-Knudsen* reflects an "outdated and overly restrictive view" of Rule 54(b). The equities that Plaintiffs lay out here, regarding the efficiencies for trial are sufficient even without different prejudice. The cases Ledger cites (Opp. at 10), finding the equities did not justify an immediate appeal, have no factual similarity to this one. *Baker v. Arkansas Blue Cross & Blue Shield*, No. CV 08-3974 SBA, 2010 WL 2228522, at *3 (N.D. Cal. June 1, 2010) (no need for immediate appeal when Plaintiff decided to start additional lawsuit against defendant in state court); *Moore v. Petsmart, Inc.*, No. 5:12-CV-03577-EJD, 2016 WL 771335, at *3 (N.D. Cal. Feb. 29, 2016) (denying immediate appeal to objector to class action settlement that would impact over 19,000 noticed class members from receiving compensation); *Abbit v. ING USA Annuity*, No. 313CV02310GPCWVG, 2017 WL 449149, at *4 (S.D. Cal. Feb. 2, 2017) (denying immediate appeal of class claims when named plaintiff had individual claims "central" to the class claims).

The CLRA claim has been finally dismissed, is legally distinct from the surviving UCL claim, and presents a threshold issue that, if resolved now, would generate efficiencies for the Court and all parties. Ledger identifies no meaningful marginal prejudice from immediate appeal and offers no compelling reason why Plaintiffs should be forced to proceed through trial without clarity on their statutory damages rights. The Court should grant Rule 54(b) certification.

| | |
|---|---|
| DATED: April 25, 2025 | Respectfully submitted, |
| | */s/ Richard Cipolla* |
| | Richard Cipolla (*pro hac vice*) <br> **FREEDMAN NORMAND** <br> **FRIEDLAND LLP** |

155 E. 44th, Suite 915
New York, NY 10017
Telephone: (646) 970-7509
Email: rcipolla@fnf.law

Velvel Freedman (*pro hac vice*)
**FREEDMAN NORMAND**
    **FRIEDLAND LLP**
1 SE 3rd Ave, Suite 1240
Miami, FL 33131
Telephone: (305) 971-5943
Email: vel@fnf.law

Ryan J. Clarkson (SBN 257074)
Bahar Sodaify (SBN 289730)
Yana Hart (SBN 306499)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: (213) 788-4050
Email: rclarkson@clarksonlawfirm.com
Email: bsodaify@clarksonlawfirm.com
Email: yhart@clarksonlawfirm.com

Todd M. Schneider (SBN 158253)
Jason H. Kim (SBN 220279)
Matthew S. Weiler (SBN 236052)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Email: tschneider@schneiderwallace.com
Email: jkim@schneiderwallace.com
Email: mweiler@schneiderwallace.com