| | |
|---|---|
| Todd M. Schneider (SBN 158253)<br>Jason H. Kim (SBN 220279)<br>Matthew S. Weiler (SBN 236052)<br>**SCHNEIDER WALLACE**<br>**COTTRELL KONECKY LLP**<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>Tel: (415) 421-7100<br>Email: tschneider@schneiderwallace.com<br>Email: jkim@schneiderwallace.com<br>Email: mweiler@schneiderwallace.com<br><br>**CLARKSON LAW FIRM, P.C.**<br>Ryan J. Clarkson (SBN 257074)<br>Bahar Sodaify (SBN 289730)<br>Yana Hart (SBN 306499)<br>Bryan P. Thompson (SBN 354683)<br>22525 Pacific Coast Highway<br>Malibu, CA 90265<br>Tel: (213) 788-4050<br>Email: rclarkson@clarksonlawfirm.com<br>Email: bsodaify@clarksonlawfirm.com<br>Email: yhart@clarksonlawfirm.com<br>Email: bthompson@clarksonlawfirm.com | Richard Cipolla (*pro hac vice*)<br>**FREEDMAN NORMAND**<br>**FRIEDLAND LLP**<br>155 E. 44th, Suite 915<br>New York, NY 10017<br>Tel: (646) 970-7509<br>Email: tnormand@fnf.law<br>Email: rcipolla@fnf.law<br><br>Velvel Freedman (*pro hac vice*)<br>**FREEDMAN NORMAND**<br>**FRIEDLAND LLP**<br>1 SE 3rd Ave, Suite 1240<br>Miami, FL 33131<br>Tel: (305) 971-5943<br>Email: vel@fnf.law |

*Counsel for Plaintiffs and the Proposed Classes*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAEEM SEIRAFI, EDWARD BATON, ANTHONY COMILLA, BRETT DEENEY, and ABRAHAM VILINGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEDGER SAS, and TASKUS, INC.,<br><br>Defendants. | Case No. 3:21-cv-02470-EMC<br><br>**PLAINTIFFS' REPLY BRIEF TO TASKUS AND SHOPIFY'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**<br><br>**Hearing Information**<br>Date: May 29, 2025<br>Time: 1:30 p.m.<br>Courtroom: 5<br>Hon. Edward M. Chen<br><br>Complaint Filed: April 6, 2021<br>FAC Filed: June 9, 2021<br>SAC Filed: December 7, 2023<br>TAC Filed: August 22, 2024 |

## **TABLE OF CONTENTS**

I.  INTRODUCTION ...............................................................................................................1

II. ARGUMENT ....................................................................................................................2

      A.  Certification Serves Judicial Economy by Allowing Timely Review of a Distinct Legal Issue Affecting Multiple Parties ......................................................................2

      B.  Plaintiffs Face Substantial Prejudice from Delay Because Practical and Legal Barriers to Relief in Europe Deprive Plaintiffs from Their Day in Court, and Thus, Do Not Negate the Need for Rule 54(b) Certification ................................................8

      C.  An Appeal Against TaskUs and Shopify is Warranted Because It Involves a Review of an Important and Novel Issue, and Would Not Be Duplicative of Any Prior Appeals ........................................................................................................................10

III.  CONCLUSION ................................................................................................................12

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

i

PLAINTIFFS' REPLY BRIEF TO TASKUS' AND SHOPIFY'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

# TABLE OF AUTHORITIES

**Cases**

*Amyndas Pharms., S.A. v. Zealand Pharma A/S,*
    48 F.4th 18 (1st Cir. 2022)...................................................................................3, 9

*Ayers v. Lee*,
    2020 U.S. Dist. LEXIS 244766 (S.D. Cal. Dec. 30, 2020).......................................7

*Bah v. Enterprise Rent-A-Car Company of Boston, LLC*
    2024 U.S. Dist. LEXIS 8320 (D. Mass. Jan. 17, 2024) ............................................4

*Cullen v. Margiotta,*
    811 F.2d 698 (2d Cir. 1987)......................................................................................6

*Floyd v. 24 Hour Fitness USA, LLC,*
    2025 U.S. Dist. LEXIS 37932 (N.D. Cal. Mar. 3, 2025)..........................................4

*Greenwood v. Mepamsa,*
    2012 U.S. Dist. LEXIS 131224 (D. Ariz. Sep. 14, 2012) ........................................3

*Holland America Line Inc. v. Wartsila North America, Inc.,*
    485 F.3d 450 (9th Cir. 2007)...................................................................................11

*In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.,*
    2010 U.S. Dist. LEXIS 5446 (W.D. Wash. Jan. 11, 2010)......................................6

*Isturiz v. Garland,*
    860 F. 489 (9th Cir. 2021).........................................................................................2

*Jennings v. City of New York,*
    2023 U.S. Dist. LEXIS 218290 (S.D.N.Y. Nov. 22, 2023) ......................................8

*Judd v. Weinstein*,
    2019 U.S. Dist. LEXIS 130902 (C.D. Cal. Apr. 2, 2019).......................................10

*King v. Equifax Info. Servs. LLC*,
    2024 U.S. Dist. LEXIS 105631 (N.D. Cal. June 13, 2024) ......................................5

ii

PLAINTIFFS' REPLY BRIEF TO TASKUS' AND SHOPIFY'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

*Lee v. Luxottica Retail N. Am., Inc.*,
  65 Cal.App.5th 793 (2021)..................................................................................................6

*Lockton Co., LLC v. Kaufman*,
  2023 U.S. Dist. LEXIS 233658 (W.D. Mo. Dec. 18, 2023) ..................................................3

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
  858 F.2d 509 (9th Cir. 1988)..............................................................................................11

*Maxwell v. Unilever United States, Inc.*,
  2018 U.S. Dist. LEXIS 127252 (N.D. Cal. July 30, 2018) ..................................................4

*Morgan v. Sundance, Inc.*,
  596 U.S. 411 (2022) ...........................................................................................................11

*Pakootas v. Teck Cominco Metals, Ltd.*,
  905 F.3d 565 (9th Cir. 2018)................................................................................................5

*Patton v. Experian Data Corp.*,
  2018 U.S. Dist. LEXIS 237235 (C.D. Cal. Mar. 28, 2018) ..................................................5

*Reetz-Laiolo v. Cline*,
  2019 U.S. Dist. LEXIS 225959 (N.D. Cal. Feb. 14, 2019)...................................................6

*Robinson v. De La Vega*,
  2008 U.S. Dist. LEXIS 86213 (S.D. Cal. Oct. 24, 2008)......................................................4

*San Bernardino Cnty. v. Ins. Co.*,
  2024 U.S. Dist. LEXIS 196748 (C.D. Cal. Oct. 25, 2024) ...................................................7

*Straight Path IP Grp., Inc. v. Apple Inc.*,
  2018 U.S. Dist. LEXIS 1833 (N.D. Cal. Jan. 4, 2018) .........................................................8

*TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*,
  915 F.2d 1351 (9th Cir. 1990)............................................................................................11

*Wood v. GCC Bend, LLC*,
  422 F.3d 873 (9th Cir. 2005)................................................................................................5

**Rules & Statutes**

Fed. R. Civ. P. 54(b) ...................................................................................................*Passim*

PLAINTIFFS' REPLY BRIEF TO TASKUS' AND SHOPIFY'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

## I. INTRODUCTION

Defendants TaskUs's and Shopify's opposition to Plaintiffs' Motion for Partial Judgment misapprehends the purpose of Federal Rule of Civil Procedure 54(b), overstates the potential for inefficiency, and ignores the substantial undue prejudice that Plaintiffs would face absent immediate appellate review. When viewed properly under the law and facts, Plaintiffs' motion for entry of judgment is both appropriate and necessary.

*First*, the prerequisites for Rule 54(b) have been met. Shopify and TaskUs do not dispute that all claims against them have been dismissed with prejudice, satisfying the first threshold requirement for finality. As to the final threshold for entry of judgment, Plaintiffs have also established that there is no just reason for delay. The issue on appeal is a distinct procedural question: whether TaskUs and Shopify, steps removed from Ledger, can enforce Ledger's forum selection clause. It is therefore irrelevant to what extent (if any) the underlying claims against these Defendants may overlap with the single remaining Unfair Competition claim against Ledger.

*Second*, Defendants' arguments that the Plaintiffs have an "alternative" to pursuing immediate appeal—i.e., to instead litigate their claims in France—ignores the severe legal and practical barriers, unique to European class actions, which effectively deprive Plaintiffs and the class from their ability to be heard in France. These domestic Plaintiffs have no connection with a French forum, they were injured in the United States, and as this Court previously recognized, "individual consumers do not have standing" to bring class actions in France where critical injunctive relief and punitive damages are also generally not available. *See* ECF 148, pg. 44-45.

*Finally*, TaskUs' argument that the Ninth Circuit has already resolved "the same or closely related issues of law or fact" in Plaintiffs' prior jurisdictional appeal misinterprets the Ninth Circuit's earlier decision. The Ninth Circuit did not address, much less decide, whether the "closely related" doctrine could extend to a vendor or a vendor of a vendor. The Ninth Circuit merely held that Ledger, a party to a contract, could enforce that contract. Whether Shopify or TaskUs can do so is a distinct and open question, wholly separate from the merits of the single claim against Ledger that remains before the Court.

For all of these reasons, this is precisely the type of case where the benefits of immediate appeal outweigh the general policy against piecemeal litigation. Immediate review would conserve judicial resources, prevent undue prejudice, and promote judicial economy and fairness, particularly in a complex data breach where individual damages are significant—hundreds of thousands of dollars for some individuals. No risk of subsequent appeals of the same issue exists because this issue has been already decided as to Ledger and will not be subject to a later review. Absent interlocutory review, the parties risk expending significant time and resources litigating the sole remaining claim against Ledger in a bench trial– only to face the possibility of litigating different claims based on similar but distinct facts against Shopify and TaskUs should Plaintiffs prevail on appeal. Such a scenario would undermine efficiency and frustrate the orderly administration of justice. Plaintiffs' Motion should therefore be granted.

## II. ARGUMENT[1]

### A. Certification Serves Judicial Economy by Allowing Timely Review of a Distinct Legal Issue Affecting Multiple Parties.

Defendants' argument that the contemplated appeal would result in a "piecemeal" litigation lacks merit. The sole question for immediate review — whether Shopify entities (collectively "Shopify") and TaskUs may enforce Ledger's contract under the "closely related" doctrine — is fundamentally different from any of the substantive claims alleged in this action against any defendant. This narrow novel question as to forum selection does not require consideration of the merits related to the underlying claims asserted against any of the Defendants. Defendants' argument that the underlying claims against Shopify and TaskUs and the UCL claim against Ledger may have some factual overlap is therefore irrelevant.

---

[1] Because neither Defendant developed an argument regarding finality of judgment, this issue is undisputed, and any undeveloped arguments are now waived. *See Isturiz v. Garland,* 860 F. App'x 489, 493 (9th Cir. 2021) (holding that undeveloped arguments [comprising of a single sentence unaccompanied by citations] are waived and [the court] need not address them.") In a few sentences, TaskUs mentions that the Court has not evaluated the "substantive claims," presumably contending that finality of these claims was not reached. (TaskUs Opp. at 2). However, this Court's prior order dismissing TaskUs is clear that the dismissal is with prejudice. Plaintiffs' purported ability to litigate claims in France and the severe barriers they would face there is discussed in more detail below.

PLAINTIFFS' REPLY BRIEF TO TASKUS' AND SHOPIFY'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

Defendants' argument also overlooks fundamental law—that is, "[w]here, as here, the appropriate forum is in legitimate dispute and consequences of forum selection are substantial, that circumstance weighs heavily in favor of accelerated review." *Amyndas Pharms., S.A. v. Zealand Pharma A/S,* 48 F.4th 18, 29 (1st Cir. 2022) (affirming the district court's grant of rule 54(b) judgment on the issues involving forum selection clause). This is true even where the dispute proceeding in litigation involves the underlying contract because "enforceability of . . . [a] forum-selection clause" and the "enforceability of the remaining contractual provisions are separate legal questions." *Lockton Co., LLC v. Kaufman,* 2023 U.S. Dist. LEXIS 233658, at *7 (W.D. Mo. Dec. 18, 2023). The reason for that is simple: a forum-selection clause determines *where* an action will be heard, and is separate and distinct from even other contractual provisions within the same contract that could be litigated separately. *Id.* (citation omitted). Other courts are in accord. *Greenwood v. Mepamsa,* 2012 U.S. Dist. LEXIS 131224, at *6 (D. Ariz. Sep. 14, 2012) (holding "no just reason for delay" exists under Rule 54(b) because "whether the Forum Selection Clause contained in the Policy obligated [p]laintiffs to pursue their claims against [a manufacturer's Insurance Carriers] in Switzerland, is distinct from the issue of whether Plaintiffs' indemnification claims against [a manufacturer] will be fully resolved by the ongoing [proceeding in arbitration].").

*Amyndas Pharms* is especially instructive. There, the district court granted Rule 54(b) judgment as to the defendants who, like here, were dismissed based on a forum selection clause designating a non-US forum. *Amyndas Pharms., S.A,* 48 F.4th 18, 24. On appeal, the First Circuit affirmed the Rule 54(b) judgment, explaining "the issues on appeal are ripe for review and distinct from the merits of the claims remaining [against the remaining defendant]" and there was no "just reason for delay." *Id.* at 29.

The same is true here, and given "consequences of forum selection are substantial, that circumstance weighs heavily in favor of accelerated review." *Id.* While Defendants object to the time required for an appeal, litigating this case through trial could take three to four years. Even if an appeal takes over a year, a successful appeal would allow all claims to be resolved within a single proceeding—contrary to Defendants' assertion. Any resulting adjustments to the case schedule or limited supplemental discovery would be minor compared to the prejudice Plaintiffs would suffer

3

if review of the forum selection clause issue is delayed for years. Without interlocutory review, Plaintiffs may be forced to conduct full discovery and trial, only to repeat that process after appeal, years later, effectively doubling the duration of this litigation.

This case is also analogous to *Bah v. Enterprise Rent-A-Car Company of Boston, LLC,* where the court granted a Rule 54(b) motion in an employment matter where the issue for an appeal involved whether the "putative FLSA opt-in plaintiffs' claims against [defendant] are time-barred," while the claims at the "heart of the issues still before [the] court [was] whether assistant branch managers were misclassified and entitled to overtime." 2024 U.S. Dist. LEXIS 8320, at *14 (D. Mass. Jan. 17, 2024). Although all claims at issue related to an employment dispute, involved similar facts, the same defendant, and overlapping plaintiffs, the issues on appeal were "analytically distinct." *Id.* The issue for appeal here—enforceability of a forum selection clause— is also "analytically distinct" from the substance of underlying claims, thus likewise favoring immediate appellate review.

What's more, as its co-defendant, Ledger highlights, Rule 54(b) is especially appropriate when all the claims against that party have been dismissed and can be appealed together. *See* ECF 175, Ledger Opp., at 6 (citing *Maxwell v. Unilever United States, Inc.*, No. 5:12-CV-01736-EJD, 2018 U.S. Dist. LEXIS 127252, at *7 (N.D. Cal. July 30, 2018) (ruling Rule 54(b) certification would not "create any savings for the parties. Even if only the tea product claims remain, PepsiCo will remain a party to the case . . . ."). Tellingly, Shopify and TaskUs cite almost no examples where a court has denied Rule 54(b) certification for claims concerning dismissed separate parties. The few examples that they rely on are inapposite, as discussed below.

Importantly, the forum selection clause's application *as to Ledger* has already been decided by the Ninth Circuit. As a result, immediate appellate review of this issue as to Shopify and TaskUs will not risk a future appeal on the same issue. Thus, the concern about piecemeals appeals – raised in *Floyd, Robinson* and all other cases cited by Defendants[2] - simply does not apply here. *See Baton*

---

[2] *See e.g. Floyd v. 24 Hour Fitness USA, LLC,* 2025 U.S. Dist. LEXIS 37932, at *5 (N.D. Cal. Mar. 3, 2025) (holding that based on the overlap in facts of claims, Rule 54(b) would "raise the prospect of piecemeal appeals."); *Robinson v. De La Vega,* 2008 U.S. Dist. LEXIS 86213, at *7 (S.D. Cal.

PLAINTIFFS' REPLY BRIEF TO TASKUS' AND SHOPIFY'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

*v. Ledger* SAS, et. al., 2022 U.S. App. LEXIS 33183 (9th Cir. Dec. 1, 2022). Therefore, given that "only a narrow set of claims [that] remain," Plaintiffs' motion for partial judgment under Rule 54(b) should be granted. *See King v. Equifax Info. Servs. LLC*, 2024 U.S.Dist.LEXIS 105631, at *6-7 (N.D.Cal. June 13, 2024, No. 22-07484 WHA) (granting 54(b) motion for partial judgment where three of the four original defendants had been dismissed and where the remaining "narrow set of claims" related to different causes of action than what was alleged against the defendant moving for partial judgment.).

Defendants' argument also fails for another reason: the underlying claims against them are also separate and distinct from the single UCL claim against Ledger brought under the "unfair" and "unlawful" prongs. Both Defendants misapply *Wood* to the facts of this case. The Ninth Circuit in *Wood* has made it clear that factual overlap ***does not*** prevent an order under Rule 54(b). As the Court explained, "[w]e do not mean to suggest that claims with overlapping facts are foreclosed from being separate for purposes of Rule 54(b). **Certainly, they are not."** *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir. 2005) (emphasis added). The Court went on to explain "[b]oth the Supreme Court and our court have upheld certification on one or more claims despite the presence of facts that overlap remaining claims when, for example. . . the case is complex and there is an important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims." *Id.* That is analogous to the situation here. *See also Patton v. Experian Data Corp.*, 2018 U.S. Dist. LEXIS 237235, at *4 (C.D. Cal. Mar. 28, 2018) (rejecting defendant's contention of overlapping factual and legal issues and granting Rule 54(b) motion of a claim brought under a violation of California data breach notification law even though other claims proceeded involving violations of the data breach notification laws of other states because "[t]hough all of the state laws require proof of common elements, [plaintiff's] appeal would not concern those facts.").

If factual overlap alone barred Rule 54(b) certification, such judgments would be virtually impossible; regardless of how distinct the legal issues, it would never be eligible for an immediate appeal. This would be inconsistent with the Ninth Circuit's "pragmatic approach." *Pakootas v. Teck*

---

Oct. 24, 2008) (holding the facts' overlap in a "[non-]complicated case" involving "routine" civil rights claims, did not "present[] circumstances which would justify a Rule 54(b) certification").

*Cominco Metals, Ltd.*, 905 F.3d 565, 575 (9th Cir. 2018) (holding that Rule 54(b) judgment could be entered not only in instances involving "overlapping facts," but also even "if it is not 'separate from and independent of the remaining claims.'") (citation omitted).

In addition, the Court should also consider whether "their elements and the potential recoveries differ." *Cullen v. Margiotta,* 811 F.2d 698, 710 (2d Cir. 1987), *cert. denied*, 483 U.S. 1021 (1987). Here, the facts, legal issues, and remedies all involve distinct issues. The UCL claim is premised on the unfair and unlawful conduct of *Ledger* leading to the breach, Ledger's advertising of their wallets, promises of their security, and *Ledger's* lack of oversight of its vendors. In other words, whether *Ledger* failed to act in accordance with its promises and oversee its vendors is different from whether Shopify or TaskUs failed in protecting Plaintiffs' information under negligence and other legal theories. *Compare* SAC ¶¶ 202-206, 231-250 *with id.* ¶¶ 207. Shopify's undeveloped and conclusory argument—that "If Plaintiffs cannot prove that Ledger . . . failed to implement and maintain reasonable security measures," then claims against Shopify must fail—is simply untrue. (Shopify Opp. at 4). Even if Ledger were to prevail in its defense under the "unfair" and "unlawful" prongs of the California UCL, Plaintiffs could proceed independently (after an appeal) proving that Shopify and TaskUs' failed to use reasonable care of the Plaintiffs PII independent of any failures by Ledger. These differences distinguish the cases on which Defendants rely where the dismissed claim still depended on proving "a key fact that remains pending." *Reetz-Laiolo v. Cline*, 2019 U.S. Dist. LEXIS 225959, at *5 (N.D. Cal. Feb. 14, 2019); *see also In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, 2010 U.S. Dist. LEXIS 5446, at *20 (W.D. Wash. Jan. 11, 2010) (claims against party dismissed on unsuccessful theory of "successorship liability" necessarily depended on "parallel arguments" for remaining defendant).

The UCL claim also involves vastly different elements and remedies, and is only brought on behalf of California consumers, could result only in equitable relief (such as restitution/price premium of the wallets), and is thus substantially different from the dismissed claims against TaskUs and Shopify brought on behalf of a class of nationwide consumers seeking different damages for lost time, diminished value, costs of credit monitoring, lost money, and other traditional money damages arising from Defendants' conduct. *See Lee v. Luxottica Retail N. Am., Inc.,* 65

Cal.App.5th 793, 800, (2021) (holding that "damages are not recoverable" under the UCL and that "under the UCL, prevailing plaintiffs are generally limited to injunctive relief and restitution.") (cleaned up).

In this regard, *San Bernardino* is on point. There, the court dismissed the plaintiff's claim for declaratory relief, but allowed its breach of contract claim to proceed, substantially reducing the plaintiff's potential recovery. *Id.* at *5. The court, however, subsequently granted a Rule 54(b) motion because appellate review "will eliminate the need for any further appellate review of the issues," and a trial on the remaining claim "would not moot the need for review of the [claim the court dismissed], and allowing immediate appeal "could hasten a settlement between the parties that would obviate the need for a trial or any further proceedings in this court." *See San Bernardino Cnty. v. Ins. Co.,* 2024 U.S. Dist. LEXIS 196748, *5-6 (C.D. Cal. Oct. 25, 2024). Thus, the court recognized that allowing immediate appeal under Rule 54(b) would expedite resolution of the case and actually avoid piecemeal litigation by eliminating the risk of multiple trials.

Here, delaying the appeal prejudices California and nationwide consumers by indefinitely denying review of the dismissal of the class members' ability to obtain monetary damages, and prejudices nationwide consumers by simply not allowing them to litigate in this court. The types of claims at issue and the questions on appeal would be so distinct that they could not result in piecemeal litigation – especially where the issue as to forum selection as it applies to Ledger has been already decided. Additionally, this is not a request to re-litigate the prior appeal; it is a request to review Shopify's and TaskUs' ability to enforce Ledger's clause through an expansion of the "closely related" doctrine.

Shopify's remaining authorities are likewise inapposite. Shopify cites *Ayers v. Lee* to argue that the "Law of the Case Doctrine" would preclude "all other codefendants from relitigating the legal issue" and that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Ayers v. Lee*, 2020 U.S. Dist. LEXIS 244766, *1 (S.D. Cal. Dec. 30, 2020) (internal quotation marks omitted). Ironically, this argument ***supports*** the need for an immediate appeal. *Ayers* did not involve Rule 54(b) judgment and omitted an important distinction. For this doctrine to apply, defendants must be the parties to litigation and

have the ability and the opportunity to litigate issues. *See Jennings v. City of New York,* 2023 U.S. Dist. LEXIS 218290, at *13-15 (S.D.N.Y. Nov. 22, 2023) (law of the case doctrine inapplicable to non-party, who lacked full and fair opportunity to litigate issue adjudicated prior to being added to the amended complaint). Because TaskUs and Shopify have been dismissed as parties here, they may not be bound by law of the case established in proceedings from which they are absent. Furthermore, as previously explained, independent factual and legal issues exist, and the remedies Plaintiffs seek are different.

Thus, resolving the threshold forum selection issue now promotes efficiency, and "permit[s] an efficient and cohesive appeal." *See Straight Path IP Grp., Inc. v. Apple Inc.*, 2018 U.S.Dist. LEXIS 1833, at *3-4 (N.D. Cal. Jan. 4, 2018) (court finding that where "issues remaining to be adjudicated are legally distinct and severable from those addressed by the summary judgment order," granting final judgment on the dismissed claims would "permit an efficient and cohesive appeal"). Here, the legal basis for dismissal is separable from the merits of the remaining California consumer UCL claim against Ledger. If the Plaintiffs are forced to wait until final judgment on the remaining narrow claim against Ledger, and only then appeal the dismissals of Shopify and TaskUs, and *prevail*, the case against Shopify and TaskUs would need to be restarted years down the line— and possibly yield inconsistent adjudications. This would necessitate entirely new discovery schedules, potential motion practice, and significantly delay in resolution of the case. This would result in substantial inefficiencies, duplication of the parties' and judicial resources, and undue prejudice to the nationwide victims of the data breach. Allowing a focused appeal now will prevent this, providing a streamlined, expedited, and efficient resolution of these issues and avoiding a years-long wait for the Plaintiffs and Class Members. Thus, the balance of equities favor entry of a Rule 54(b) Judgment.

**B.   Plaintiffs Face Substantial Prejudice from Delay Because Practical and Legal Barriers to Relief in Europe Deprive Plaintiffs from Their Day in Court, and Thus, Do Not Negate the Need for Rule 54(b) Certification.**

TaskUs and Shopify dismiss Plaintiffs' need for immediate appeal arguing Plaintiffs can simply sue in France – but that is disingenuous. The practical and legal barriers to pursuing relief in

8

PLAINTIFFS' REPLY BRIEF TO TASKUS' AND SHOPIFY'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

France are substantial and would essentially deprive Plaintiffs from their day in court. As this Court previously recognized, "Plaintiffs would face significant barriers in obtaining representation in France." And that "Plaintiffs have provided evidence that their rights cannot be vindicated in France." ECF 148, pg. 44-45. Furthermore, neither Plaintiffs nor any individual consumers have standing on their own to assert representative claims in a French Court.[3] Instead, all representative actions must be brought by qualified entities approved by the French government, who in turn must seek a contract with a litigation funder, in order to finance litigation.[4] Remedies are additionally more limited in French court, including the unavailability of punitive damages. Procedural protections are also lacking, as discovery is considerable curtailed in French courts, which also do not allow a jury in civil cases.[5]

Again, *Amyndas Pharms* is instructive. There, the First Circuit rejected similar arguments and held that it was proper for the district court to grant the plaintiff's Rule 54(b) motion because the potential alternative forum – Denmark, like France here, – "would [add] expense, inconvenience, and other disadvantages of following that path." *Amyndas Pharms., S.A,* 48 F.4th 18, 29. The court went on to state that, with regard to forum selection clauses, "[w]here, as here, the appropriate forum is in legitimate dispute and the consequences of forum selection are substantial, that circumstance weighs heavily in favor of accelerated review." *Id.* The situation is even worse here – litigation in France would be expensive, and uniquely complex, as Plaintiffs would need to find entities approved by the French government willing to pursue the matter, haentities which would takes years to form, if ever.

There is also no just reason for delay, and waiting would substantially prejudice the Plaintiffs' and the putative class. Delay would force Plaintiffs into an untenable position: either forgo claims against Shopify and TaskUs entirely in this forum, attempt to pursue costly and

---

[3] Chris Warren-Smith, Paul Mesquitta, and Keir Baker, *Class and Group Actions 2024*, at 120, INTERNATIONAL COMPARATIVE LEGAL GUIDES, https://iclg.com/practice-areas/class-and-group-actions-laws-and-regulations/france.
[4] *Id.* at 121-122.
[5] *Id*. at 125, 126.

PLAINTIFFS' REPLY BRIEF TO TASKUS' AND SHOPIFY'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

potentially parallel litigation in France,[6] or wait nearly half-a-decade for the Ledger claims to resolve before challenging the dismissals. This delay causes substantial prejudice, potentially hindering evidence gathering and denying timely relief for significant alleged harms. Whether or not France offers an adequate judicial system is irrelevant to whether this Court correctly applied the forum selection clause to non-signatories, in the facts of this case, thereby dismissing them from *this* action. Denying certification effectively insulates the dismissal orders from review for an indefinite period, contradicting the principles of fairness and efficiency Rule 54(b) is designed to uphold in appropriate cases.

In addition, Defendants' suggestion that Plaintiffs should wait to appeal from an ultimate final judgment, and in the meantime pursue their claims in French courts, flies in the face of comity. The district court exercised jurisdiction, and the extent of that jurisdiction should be resolved now, before the challenges of concurrent jurisdiction are implicated, by allowing the Plaintiffs to appeal the dismissal of TaskUs and Shopify to the Ninth Circuit. The alternative, should Plaintiffs eventually win a reversal of the forum selection issue as to Shopify and TaskUs after pursuing relief in France, would require this court to reassert jurisdiction while the matter were pending in France, and thereby risk disrupting any concurrent exercise of French jurisdiction and threatening the comity that presently exists between the courts of this nation and of France. Comity instead requires this Court to take measures to finally resolve its jurisdiction, and only then to finally yield jurisdiction over the claims of their citizens to the courts of France, as appropriate.

**C.  An Appeal Against TaskUs and Shopify is Warranted Because It Involves a Review of an Important and Novel Issue, and Would Not Be Duplicative of Any Prior Appeals.**

Importantly, when, as here, the issues involve consideration of novel and uncertain questions of law, judgment under Rule 54(b) is proper and "merits immediate review." *Judd v. Weinstein*, 2019 U.S. Dist. LEXIS 130902, at *12 (C.D. Cal. Apr. 2, 2019) (holding that the question of whether

---

[6] In reality, this is unlikely. As discussed in Plaintiffs' prior briefing, proceeding as a class action in France is not practicable any may not even be possible at all given uniquely burdensome prerequisites to filing there.

the 2019 amendment applied retroactively was "novel and uncertain question of law" warranting an immediate review). Here, like in *Judd,* the core question at the heart of this appeal – the proper reach of the closely related doctrine, including **whether a remote vendor and that vendor's vendor can step into Ledger's contract with consumers –** is unique, complex, and warrants review. The Ninth Circuit has never decided this novel issue.[7]

Furthermore, there is no reason to believe that any appeal against TaskUs or Shopify would be duplicative of the prior appeal. In the prior appeal, the Ninth Circuit found that this Court had personal jurisdiction over *Ledger* due to its sales of its wallets in California and that the Plaintiffs should have the opportunity to conduct jurisdictional discovery as to Shopify. *Baton*, 2022 U.S. App. LEXIS 33183. TaskUs was not a party at that time, and the Ninth Circuit did not address the issue of whether a vendor of a vendor could enforce a forum selection clause under the narrow "closely related" doctrine.

Furthermore, TaskUs had waived its ability to enforce the contract. *See Morgan v. Sundance, Inc.,* 596 U.S. 411, 415 (2022) (finding that a company waived its right to enforce forum selection clause by acting inconsistently to its contractual right by filing a motion to dismiss). Here, any appeal regarding TaskUs or Shopify would hinge on whether they, as Ledger's remote vendors and non-signatories to the forum selection clause, would be entitled to enforce it, and whether their litigation conduct waived any rights they may have had. The prior appeal did not address these issues. Therefore, this is not a "duplicative" appeal, and there is no ground on which to deny immediate review of these important and unsettled legal questions impacting the rights of class members who lost, in some case, hundreds of thousands of dollars due to Defendants' negligence.

---

[7] None of TaskUs's authorities have addressed this issue, and instead, all involve non-consumer contracts between sophisticated corporate entities. *See Manetti-Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 514 n.5 (9th Cir. 1988) (involving enforcement of a contract by Gucci families of a contract executed by a subsidiary, one of the Gucci companies, and plaintiff); *Holland America Line Inc. v. Wartsila North America, Inc.,* 485 F.3d 450 (9th Cir. 2007) (involving similar parent/subsidiary relationship, and also noting that contract was between "sophisticated corporations that freely contracted with each other"); *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.,* 915 F.2d 1351 (9th Cir. 1990) (enforcing forum selection clause between parties in a dispute over an air transport agreement under an inapplicable third party beneficiary doctrine).

### III. CONCLUSION

A compelling and supported basis exists for this Court to grant final judgment under Rule 54(b). First, the Plaintiffs' claims on appeal against TaskUs and Shopify are significantly different and independent from the remaining claim against Ledger. Second, allowing final judgment would save judicial resources and expedite the process for all parties by avoiding duplicative litigation. Finally, allowing Plaintiffs to appeal would grant them more definite and immediate relief, rather than requiring them to wait potentially years for the litigation against Ledger to conclude before they can appeal against TaskUs and Shopify. For these reasons, Plaintiffs respectfully submit that there is no just reason for delay in entering final judgment as to the dismissed claims against Defendants Shopify and TaskUs.

DATED: April 25, 2025

Respectfully submitted,

*/s/ Yana Hart*
Ryan J. Clarkson (SBN 257074)
Bahar Sodaify (SBN 289730)
Yana Hart (SBN 306499)
Bryan P. Thompson (SBN 354683)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: (213) 788-4050
Email: rclarkson@clarksonlawfirm.com
Email: bsodaify@clarksonlawfirm.com
Email: yhart@clarksonlawfirm.com
Email: bthompson@clarksonlawfirm.com

Todd M. Schneider (SBN 158253)
Jason H. Kim (SBN 220279)
Matthew S. Weiler (SBN 236052)
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Email: tschneider@schneiderwallace.com
Email: jkim@schneiderwallace.com
Email: mweiler@schneiderwallace.com

Richard Cipolla (*pro hac vice*)
**FREEDMAN NORMAND FRIEDLAND LLP**
155 E. 44th St. Suite 915
New York, NY 10017
Telephone: (646) 970-7509
Email: rcipolla@fnf.law

Velvel Freedman (*pro hac vice*)
**FREEDMAN NORMAND FRIEDLAND LLP**
1 SE 3rd Ave, Suite 1240
Miami, FL 33131
Telephone: (305) 971-5943
Email: vel@fnf.law

*Attorneys for Plaintiffs and
the Proposed Classes*