UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD BATON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LEDGER SAS, et al.,<br><br>    Defendants. | Case No. 21-cv-02470-EMC<br><br>**ORDER DENYING PARTIAL FINAL JUDGMENT; CERTIFYING FOR INTERLOCUTORY APPEAL**<br><br>Docket No. 170 |

Before the Court is Plaintiffs' Motion for Partial Final Judgment under Rule 54(b) as to (1) the dismissed Defendants Shopify and TaskUs pursuant to Ledger's forum-selection clause; and (2) the dismissed CLRA claim against Ledger. For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion, and instead, **CERTIFIES** its prior orders at Docket Nos. 148 and 167, specifically as to issue (1), whether Defendants Shopify and TaskUs may avail themselves of Ledger's forum-selection clause.

## I.    FACTS AND BACKGROUND

Plaintiffs are customers who purchased a Ledger SAS hardware wallet to protect their cryptocurrency assets. Ledger's hardware wallets store customer's "private keys" for their crypto-assets. TAC ¶ 2. The private keys are similar to a bank-account password in that the private key can be used to allow an individual to transfer their crypto-assets. *See id*. In 2020, Ledger's customer database was hacked, and Plaintiffs' personal identifying information ("PII") was accessed by hackers. Plaintiffs bring a putative class action seeking redress for harms they allegedly suffered stemming from the data breach. *See* Docket No. 151 (Third Amended

Complaint or "TAC"). The data breach occurred when two of TaskUs's "rogue" employees conspired with a "California man" who accessed and distributed Ledger users' PII.

Plaintiffs brought this action against Ledger, Shopify, and TaskUs. Shopify is Ledger's subcontractor who helps Ledger handle purchases over its website. As explained below, Shopify was dismissed from the case for forum *non conveniens* in the last round of briefing based on a forum-selection clause. Prior Order MTD ("Prior Order") re: Second Amended Complaint ("SAC"), Docket No. 148. TaskUs is Shopify's subcontractor who helps Shopify with Ledger's customer service operations. The alleged breach was instigated by employees or agents of TaskUs.

Previously, the Court dismissed Plaintiffs' First Amended Complaint ("FAC") against Ledger for lack of personal jurisdiction. *See* Amended Motion to Dismiss Order, Docket No. 79. Plaintiffs appealed and the Ninth Circuit affirmed in part and reversed and remanded in part. *Baton v. Ledger SAS*, 2022 WL 17352192, at *3 (9th Cir. 2022). The Ninth Circuit explained that Ledger's forum selection clause was enforceable and that Plaintiffs remaining claims against Ledger should be sent to France, "except with respect to Plaintiffs who are 'California resident plaintiffs bringing class action claims under California consumer law.'" *Baton v. Ledger SAS*, No. 21-17036, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022) (quoting *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1084 (9th Cir. 2009)). Those limited claims against Ledger remain in this Court.

Upon remand, Plaintiffs filed a SAC. In this Court's Order re: the Motion to Dismiss the SAC ("Prior Order SAC"), the Court found "Plaintiffs have standing except with respect to Mr. Seirafi's injunctive relief claim against Ledger, the California Consumer Subclass is stricken with leave to amend, the Court has personal jurisdiction over Shopify and TaskUs, Ledger's forum selection clause does not apply to Plaintiffs' Unfair Competition Law ("UCL") claim against Ledger, and Shopify may avail itself of Ledger's forum selection clause." Further "[w]ith respect to Ledger's Rule 12(b)(6) motion, Plaintiffs have plausibly pled a UCL claim under the "unfair" and "unlawful" prongs, but Plaintiffs' CRLA and "fraudulent" UCL claim is dismissed. *See* Cal. Bus. & Prof. Code § 17200. With respect to TaskUs's Rule 12(b)(6) motion, Plaintiffs have plausibly pled a negligence claim and a New York Deceptive Trade Practices Act claim, but

Plaintiff's negligence *per se* claim is dismissed." Prior Order SAC, Docket No. 148. This effectively removed Shopify from this case (based on enforceability of the forum selection clause), left only UCL and CLRA claims against Ledger, and left unresolved several claims against TaskUs.

Defendant TaskUs then brought a motion to dismiss for forum *non conveniens*, Docket No. 153, arguing it is similarly situated to and is as "closely related" as Shopify for purposes of enforceability of the forum selection clause. It thus argued should it similarly be dismissed.

Defendant Ledger also brought another motion to dismiss the TAC, Docket No. 154, arguing Plaintiff Seirafi (a) lacks Article III standing for injunctive relief; (b) Seirafi fails to satisfy basic pleading standards and the heightened pleading standard for his UCL and CLRA claims, which sound in fraud; (c) Seirafi fails to state a claim for relief under the UCL or CLRA; and (d) Seirafi's California Consumer Subclass allegations are facially overbroad. *Id*. at 1.

The Court granted Defendant TaskUs's Motion and granted in part and denied in part Defendant Ledger's Motion. ("Prior Order TAC" at Docket No. 167). Specifically, the Court concluded TaskUs may avail itself of Ledger's forum selection clause as an agent (or sub-agent) or third-party vendor to the Ledger contract. TaskUs was thus dismissed from the case. Plaintiff's CLRA claim and UCL claim under the "fraudulent" prong of the UCL were dismissed as inadequately pled in the THIRD amended complaint. Plaintiffs' third cause of action against Ledger under the "unjust" and "unlawful" prongs of the UCL is all that remains in this Court.

Plaintiffs now ask the Court to enter partial final judgment pursuant to Rule 54(b) as to (1) the dismissed Defendants Shopify and TaskUs pursuant to Ledger's forum-selection clause; and (2) the dismissed CLRA claim against Ledger. As an alternative to entry of partial judgment under Rule 54(b), Plaintiffs ask for certification of the questions under 28 U.S.C. §1292(b). Because certification under §1292(b) affords the circuit court discretion to accept the appeal, the Court addresses certification thereunder.

3

## II.    LEGAL STANDARD

A.    Interlocutory Appeal

The governing statute for an interlocutory appeal is 28 U.S.C. § 1292(b). Section 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [1] a controlling question of law as to which [2] there is substantial ground for difference of opinion and that an immediate appeal from the order may [3] materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

## III.    DISCUSSION

A.    Issue 1: Dismissing Defendants Shopify and TaskUs pursuant to Ledger's forum-selection clause

The Ninth Circuit has already considered Plaintiffs' agreement to Ledger's forum selection clause, affirming dismissal of all but the California consumer claims against Ledger based on that clause:

> Plaintiffs' claims arise out of their purchase of Ledger wallets. To buy a wallet, a purchaser must agree to the Sales Terms and Conditions, which acknowledge that Ledger may collect personal data and which refer in turn to the Privacy Policy for details regarding Ledger's use of those data. In addition, users must agree to the Ledger Live Terms of Use when they begin to use the Ledger Live software. All three documents contain extremely broad forum selection clauses providing that covered disputes will be subject to the exclusive jurisdiction of the French courts. The forum-selection clause in the Ledger Live Terms of Use, for example, covers "[a]ny dispute, controversy, difference or claim arising out of or relating to" the agreement. The broad scope of that clause encompasses this lawsuit. *See Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086–87 (9th Cir. 2018) (concluding that a forum-selection clause encompassing disputes "arising out of or related to" the agreement covered the suit because the dispute had a logical or causal connection to the agreement).

4

*Baton*, 2022 WL 17352192, at *2 (emphasis added).

The Ninth Circuit has reviewed the contracts between Ledger and Plaintiffs and determined that the forum selection clauses broadly include most of the claims in asserted in this lawsuit. However, the Ninth Circuit has not weighed in on whether parties in the positions of Shopify and TakUs as contractors and subcontractors to Ledger may avail themselves of a forum-selection clause to which they were not signatories. This issue is ripe for certification of interlocutory appeal as the elements for certification are satisfied.

First, the issue above is a controlling question of law. *See* 19 Moore's Fed. Prac. – Civ. § 203.31[2] (noting that one example of a controlling question of law is "questions as to" "proper venue"). Whether Shopify and TaskUs remain in this case turns on enforceability of the forum selection clause.

Second, Ninth Circuit precedent establishes that "[a] range of transaction participants, parties and nonparties, should benefit from and be subject to forum selection clauses." *Manetti-Farrow, Inc. v. Gucci America, Inc*., 858 F.2d 509, 514 n.5 (9th Cir. 1988). But the precise parameters of that range remain nebulous. Though this Court found Shopify and TaskUs could enforce the forum selection clause as non-signatories, it did so not on the basis of the direct benefits estoppel rationale that obtains in the more typical case where the non-signatory seeks to enforce rights grounded in the contract containing the disputed clause, *see e.g*., *Walters v. Famous Transports, Inc.*, 488 F. Supp. 3d 930, 936 (N.D. Cal. 2020)[1]. Instead, it was based on the theory that the parties were closely related. The law is more sparse in this area. Neither party cites a case where the Ninth Circuit has squarely addressed this issue in the context of this fact pattern.

Finally, an interlocutory appeal would materially advance the litigation. Defendants TaskUs and Shopify would be back in this suit if the Ninth Circuit were to disagree with this Court on its ruling that TaskUs and Shopify could avail themselves of Ledger's forum-selection clause. The case would proceed to one trial on all remaining claims against all the defendants. In

---

[1] "Under this theory, a non-signatory to a contract may be bound by that contract's forum selection clause if the non-signatory seeks to enforce terms of the contract, asserts claims that must be determined by reference to that contract, or knowingly seeks and obtains direct benefits from the contract."

the absence of an interlocutory appeal, if the Ninth Circuit were to hold on appeal from the trial against Ledger that the trial should have included TaskUs and Shopify, this court would have to try the case over again, or at least a substantial portion of it. On the other hand, if the Ninth Circuit were to agree with this Court's prior orders, Defendants TaskUs and Shopify would be dismissed fully and the case could proceed with the remaining UCL claims against Defendant Ledger without a danger of remand and retrial on the basis that those two defendants were improperly dismissed.

The Court therefore concludes that certification of an interlocutory appeal is appropriate. It acknowledges, however, that § 1292(b) provides for an interlocutory appeal of "an order," and not, *e.g.*, an issue within that order. 28 U.S.C. § 1292(b). The Court's two 12(b)(6) orders addressed not only whether non-parties to a contract may enforce a forum-selection clause, but the sustainability of a number of other substantive claims brought by Plaintiffs.

For the foregoing reasons, the Court certifies its prior two order on motions to dismiss for an interlocutory appeal, but it does so only because such is warranted by reason of the issue whether Shopify and TaskUs may invoke the forum selection clause.

B.  Issue 2: Dismissing Ledger's CLRA claim as inadequately pled

As to Issue 2, the Court finds it does not meet the requisites for either Section 1292(b) certification or entry of partial judgment under Rule 54(b). As to the former, Plaintiffs fails after multiple amended complaints to adequately plead fraud under the CLRA. There is no substantial ground for difference of opinion here.

As to Rule 54(b), Plaintiff's CLRA and UCL claims significantly overlap, both factually and legally. This is because both claims arise out of the TaskUs incident, and the core of each claim is Seirafi's allegation that Ledger failed to adequately oversee TaskUs's handling of customer data. The similarity of factual issues weighs heavily against 54(b) certification, even if two claims are based on different legal theories that have different elements. *See Hasbrouck v. Sheet Metal Workers Loc. 232*, 586 F.2d 691, 694 (9th Cir. 1978) ("alternate legal theories based on [common] facts" were not "separate 'claims' for which certification under [Rule 54(b)] is

6

1  appropriate"). Thus, the Court **DENIES** Plaintiff's motion as to the dismissed CLRA claim.

### IV.     CONCLUSION

The Court **DENIES** to motion for entry of partial judgment under Rule 54(b) but **GRANTS** certification under Section 1292(b) as to issue (1), whether Defendants Shopify and TaskUs may avail themselves of Ledger's forum-selection clause. It **STAYS** proceedings in this case pending a decision from the Ninth Circuit as to whether it will accept the case for an interlocutory appeal. The Parties are ordered to file a status report within one week after the Ninth Circuit issues its decision on whether to accept the interlocutory appeal.

This order disposes of Docket No. 170.

**IT IS SO ORDERED**.

Dated: July 7, 2025

_____
EDWARD M. CHEN
United States District Judge